```
 1  LAWRENCE G. BROWN
    United States Attorney
 2  E. ROBERT WRIGHT (SBN 51861)
    CATHERINE SWANN
 3  Assistant United States Attorneys
    United States Courthouse
 4  501 "I" Street, Suite 10-100
    Sacramento, California 95814
 5  Telephone: (916) 554-2700
    Facsimile: (916) 554-2900
 6
    Of Counsel:
 7
    JEFF MOULTON
 8  Regional Attorney
    RACHEL A. BIRKEY
 9  Attorney
    Office of the General Counsel
10  United States Department of Agriculture
    33 New Montgomery Street, 17th Floor
11  San Francisco, California 94105
    Telephone: (415) 744-3011
12  Facsimile: (415) 744-3170

13  Attorneys for Plaintiff United States of America
```

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. |
| Plaintiff, | **COMPLAINT;** |
| v. | **DEMAND FOR JURY TRIAL** |
| SIERRA PACIFIC INDUSTRIES; W.M. BEATY AND ASSOCIATES, INC.; EUNICE E. HOWELL, INDIVIDUALLY AND DOING BUSINESS AS HOWELL'S FOREST HARVESTING COMPANY; BROOKS WALKER III, INDIVIDUALLY AND AS TRUSTEE OF THE CLAYTON BROOKS DANIELSEN, THE MYLES WALKER DANIELSEN, AND THE BENJAMIN WALKER BURLOCK TRUSTS; LESLIE WALKER, INDIVIDUALLY AND AS TRUSTEE OF THE BROOKS THOMAS WALKER AND DELLA GRACE WALKER TRUSTS; CAPTION CONTINUED ON THE NEXT PAGE | |

| | |
|---|---|
| ANN MCKEEVER HATCH, AS TRUSTEE OF THE HATCH 1987 REVOCABLE TRUST; WELLINGTON SMITH HENDERSON, JR., INDIVIDUALLY AND AS GUARDIAN FOR ELENA D. HENDERSON AND MARK W. HENDERSON; JOHN C. WALKER, INDIVIDUALLY AND AS TRUSTEE OF THE DELLA WALKER VAN LOBEN SELS TRUST FOR JOHN C. WALKER; JAMES A. HENDERSON; CHARLES C. HENDERSON; JOAN H. HENDERSON; JENNIFER WALKER, INDIVIDUALLY AND AS TRUSTEE OF THE EMMA WALKER SILVERMAN TRUST; KIRBY WALKER; and LINDSEY WALKER, INDIVIDUALLY AND AS TRUSTEE OF THE REILLY HUDSON KEENAN AND MADISON FLANDERS KEENAN TRUSTS,<br><br>           Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Plaintiff United States of America ("United States"), by and through its undersigned counsel, alleges as follows:

## JURISDICTION AND VENUE

1.  This civil action arises under federal and California law, including federal and California common law, California Health and Safety Code §§ 13007-13009.1, California Public Resources Code §§ 4421, 4422, and 4435, California Civil Code §§ 1714(a), 3287, 3288, 3333, and 3346, 14 Code Cal. Regs. § 938.8, 36 C.F.R. § 261.5(c), and 31 U.S.C. §§ 3711 and 3717. This action is for monetary damages incurred by the United States in connection with the "Moonlight Fire," which ignited on or about September 3, 2007, on private property in close proximity to the Plumas National Forest, Plumas County, California. The Forest Service named this fire the "Moonlight Fire" based on its

proximity to Moonlight Peak.

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1345.

3. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b), because the acts, omissions, and violations alleged herein occurred in Plumas County, which is within the Eastern District of California.

PARTIES

4. Plaintiff United States, as sovereign, owns National Forest System lands in Plumas County that are under the supervision, control, administration, and protection of the United States Department of Agriculture, Forest Service ("Forest Service").

5. Defendant Sierra Pacific Industries ("SPI") is, and at all times material to this action was, a California Corporation, with its principal place of business in Redding, California doing business in the county of Plumas, California.

6. Defendant W.M. Beaty and Associates, Inc. ("Beaty") is, and at all times material to this action was, a California Corporation, with its principal place of business in Redding, California doing business in the county of Plumas, California.

7. Defendant Howell's Forest Harvesting Company is, and at all times material to this action was, a company doing business in the State of California. Defendant Eunice E. Howell is, and at all times material to this action was, an individual residing in Shasta County, California, doing business as Howell's Forest Harvesting Company, and the owner of Howell's Forest Harvesting Company. Defendants Eunice E. Howell and Howell's Forest

Harvesting Company are collectively referred to as "Howell."

8. All allegations in this paragraph are made on information and belief. The following Defendants owned, in whole or in part, the subject 520 acre parcel, Plumas County APN number 004-020-005, where the Moonlight Fire originated. Brooks Walker III is, and at all times material to this action was, an individual maintaining numerous residences throughout various counties in California. Leslie Walker is, and at all times material to this action was, an individual residing in San Francisco County, California. Wellington Smith Henderson, Jr. is, and at all times material to this action was, an individual maintaining numerous residences throughout various counties in California, and is the guardian of Elena D. Henderson and Mark W. Henderson. John C. Walker is, and at all times material to this action was, an individual maintaining numerous residences throughout various counties in California. James A. Henderson is, and at all times material to this action was, an individual residing in San Francisco County, California and Maricopa County, Arizona. Charles C. Henderson is, and at all times material to this action was, an individual residing in San Mateo County, California. Joan H. Henderson is, and at all times material to this action was, an individual residing in Napa and Marin counties in California. Jennifer Walker is, and at all times material to this action was, an individual residing in Alameda and Shasta counties in California. Kirby Walker is, and at all times material to this action was, an individual residing in San Francisco and Shasta counties in California. Lindsey Walker is, and at all times material to this action was, an individual

residing in San Francisco County, California and San Miguel County, Colorado. In addition, the following Defendant trusts held a percentage interest in the subject parcel: (1) the Myles Walker Danielsen Trust; (2) the Clayton Brooks Danielsen Trust; (3) the Benjamin Walker Burlock Trust; (4) the Brooks Thomas Walker Trust; (5) the Della Grace Walker Trust; (6) the Hatch 1987 Revocable Trust; (7) the Della Walker Van Loben Sels Trust for John C. Walker; (8) the Emma Walker Silverman Trust; (9) the Reilly Hudson Keenan Trust; and (10) the Madison Flanders Keenan Trust.  Brooks Walker III is the trustee of trusts 1, 2, and 3; Leslie Walker is the trustee of trusts 4 and 5; Ann McKeever Hatch is the trustee of trust 6; John C. Walker is the trustee of trust 7; Jennifer Walker is the trustee of trust 8; and Lindsey Walker is trustee of trusts 9 and 10.  The Cooks Creek Timber Harvest Plan identified Red River Forests Partnership and Brooks Walker et al. as the owners of record.  All Defendants in this paragraph are collectively referred to as "Landowner Defendants."

GENERAL ALLEGATIONS

9. At all pertinent times, Beaty was managing the subject property for Landowner Defendants.  Landowner Defendants, through Beaty, filed the Cooks Creek Timber Harvest Plan ("THP") for the property with the California Department of Forestry and Fire Protection ("Cal Fire") and Cal Fire approved the THP in February of 2007.  All activities performed pursuant to the THP were publicly licenced activities.  Beaty also provided a Registered Professional Forester ("RPF"), a Beaty employee, to provide professional advice to the Licensed Timber Operator ("LTO") and the Landowner Defendants regarding the THP, forest practices

rules, and other regulations pertaining to timber operations. Beaty opened a timber project to bid ("the timber project"). SPI won the bid and was hired by the Landowner Defendants to conduct the timber project. SPI hired Howell as the LTO to work on the timber harvest on the property. The purpose of the timber harvest was to generate income for the Landowner Defendants.

10. At all pertinent times, each Defendant was the agent, employee, or partner of each of the other Defendants, and was at all times acting within the purpose and scope of such employment, agency or partnership, or at the direction of the other Defendants. At all times material to this action, Howell employees acted within the course and scope of their employment and were the agents, employees, and servants of Howell, SPI, Beaty, and the Landowner Defendants.

11. On or about September 3, 2007, before about 2:30 p.m., the Moonlight Fire ignited in the Cook's Creek drainage in Plumas County, southeast of the town of Westwood and Northeast of the town of Greenville. The origin area was within the Congressional Boundary of the Plumas National Forest, on private property owned by Landowner Defendants, within about 1.5 miles of the closest National Forest land.

12. On September 3, 2007, the Labor Day Holiday, two Howell employees were working on the timber project operating two bulldozers in the area where the fire ignited. Due to hazardous conditions in terms of fire danger; including heat, low humidity, and wind; September 3, 2007 was a "Red Flag" warning day pursuant to law and governing Fire Plans, requiring a 1:00 p.m. halt to operations. The operators ceased operations at about 1:00 p.m.

because of the fire hazard.

13. On September 3, 2007, due to the hazardous conditions in terms of fire danger, the probability of ignition was 100%, meaning that 100 out of 100 firebrands landing in a receptive fuel bed would be expected to ignite a fire. Instead of staying and inspecting the area to ensure their operations had not caused a fire, the operators left the area, and the fire ignited where one of the operators had been operating a bulldozer.

14. Vehicles including bulldozers can cause wildland fires in a number of ways, including bulldozer grouser bars, tracks, and/or blades striking rocks creating friction, heat, and sparks; operating failures; overheating; burning carbon; and fuel leaks and spills. The Industrial Operations Fire Prevention Field Guide (State of California, July 1999) states: "Blade and track sparks are difficult to prevent, thus, require vigilance and rapid suppression action" (p. 66). Consequently, Title 14 of California Code of Regulations § 938.8 requires a timber operator to "conduct a diligent aerial or ground inspection within the first two hours after cessation of felling, yarding, or loading operations each day during the dry period when fire is likely to spread." The section also requires that "the person conducting the inspection shall have adequate communication available for prompt reporting of any fire that may be detected."

15. Howell's Fire Protection Plan of May 10, 2007, approved by Cal Fire for the timber project, required Howell to have a specific named "Side Rod" employee present "responsible for detection, control & suppression of fire in logging areas," and required the Side Rod or another specific named employee to

conduct fire inspections after stopping each day's operations.

16. Howell employees had already been determined to have caused three other fires during the summer of 2007, before the Moonlight Fire.

    A.    The June 21, 2007 Greens Fire in the Moonville Timber sale on land managed by Beaty was determined by the Forest Service to have been caused by Howell's human/mechanical logging activity and failure to have a fire patrol (also referred to as "fire watch") in the area to check for possible fire starts.

    B.    The August 17, 2007 Lyman Fire within a timber harvest area on SPI lands was determined by Cal Fire to have been started by rock strike by Howell employees operating a bulldozer and failure to conduct diligent fire patrol.

    C.    The August 18, 2007 Sheep Fire within a timber harvest area on SPI lands was determined by Cal Fire to have been started by rock strike by Howell employees operating a bulldozer and failure to conduct diligent fire patrol.

Because of the rock strike fires during the summer of 2007, by the time of the Moonlight Fire, Defendants Howell, SPI, Beaty, and the Landowner Defendants by actual or imputed knowledge through Beaty, were already well-aware of the fire danger posed by Howell's operations including bulldozer operations and the absence of diligent fire patrol.

///

17. The risk of fire from logging area operations during the dry period when fire is likely to ignite and spread is a "peculiar" or "special" risk, and is inherently dangerous. SPI negligently hired and negligently retained Howell to work on the timber project. SPI, Beaty, and the Landowner Defendants negligently supervised, inspected, and exercised control over the fire protection activities of Howell.

18. SPI, Beaty, and the Landowner Defendants, hirers of contractors who perform logging-area work with mechanical tracked equipment, are vicariously liable for the negligent acts and omissions of Howell in protecting or failing to protect against igniting fires and failing to detect, control, or suppress fires. As landowner and property manager, Landowner Defendants and Beaty are vicariously liable for the negligent acts and omissions of Howell operations on the Landowner Defendants' property.

19. Defendants had nondelegable statutory, regulatory, and Fire Protection Plan duties to have specific named employees present on site responsible for detection, control, and suppression of fire in the area of operations and to carry out diligent inspection for fire during the two hours after cessation of operations.

20. The Defendants' negligent activities and omissions include, but are not limited to: igniting the Moonlight Fire; failing to take reasonable precautions to be able to detect and suppress a fire; failing to have the specific named employees responsible for detecting, controlling, and suppressing fire, on site during and after operations; leaving the area after ceasing operations on a high fire hazard day; failing to have adequate

communication available for prompt reporting of any fire that may be detected; and failing to maintain a diligent fire watch during the first two hours after ceasing operations, so as to be able to promptly detect, suppress, and report any fire.

21. Beaty, SPI, and Landowner Defendants negligently failed to adequately supervise and inspect Howell's fire detection and prevention measures including, but not limited to, ensuring compliance with Title 14 of California Code Regulations § 938.8 and the Fire Protection Plan.

22. The bulldozer that ignited the Moonlight Fire is a "device which may kindle a fire" within the meaning of California Public Resources Code § 4435.

23. Pursuant to California Public Resources Code § 4435, the ignition of the Moonlight Fire is prima facie evidence of Defendants' negligence in the maintenance, operation, and/or use of the bulldozer.

24. The ignition of the Moonlight Fire was an incident of the kind that ordinarily does not occur in the absence of someone's negligence; it was caused by activity within the exclusive control of Defendants and in an area within the exclusive control of Defendants; and was not due to any act on the part of Plaintiff. Therefore, res ipsa loquitur applies in this case.

25. Causing timber, trees, brush, or grass to burn except as authorized by permit is prohibited by law, including Title 36 of the Code of Federal Regulations § 261.5(c) and California Public Resources Code § 4421. The ignition of the Moonlight fire was not authorized by permit or by the United States. Allowing

fire to spread to the lands of others is prohibited by Public Resources Code § 4422.

26. After learning of the Moonlight Fire ignited by Defendants, the Forest Service and other agencies including Cal Fire suppressed the fire at great cost to the United States. The fire spread to about 65,000 acres, damaging about 46,000 acres of National Forest System lands in the Plumas and Lassen National Forests, before it could be suppressed.

27. The United States' damages include, but are not limited to: the costs of fire suppression; the cost and future costs of mitigation, rehabilitation, and restoration of the burned areas; and loss of timber, habitat, wildlife, watershed and earth protection, scenic and environmental values, and structures. The amount of these damages will be proved at trial.

## FIRST CLAIM FOR RELIEF
### (Negligence)

28. Plaintiff re-alleges paragraphs 1 through 27, inclusive, as though fully and completely set forth here.

29. Defendants are responsible for all costs and damages caused by their negligence and the negligence of their contractors under common law and California Civil Code §§ 1714 and 3333.

30. Defendants were negligent in causing and failing to prevent, detect, suppress, and report the Moonlight Fire.

31. Defendants' negligence was the proximate cause of the ignition and spread of the Moonlight Fire.

///

///

1  32. As a result of Defendants' negligence, the United States incurred damages in an amount to be established at trial. The liability of Defendants is joint and several.

### SECOND CLAIM FOR RELIEF

(Liability under the Fire Liability Law,
California Health and Safety Code §§ 13007-13009.1,
and Civil Code §§ 3287 and 3288)

33. Plaintiff re-alleges paragraphs 1 through 32, inclusive, as though fully and completely set forth here.

34. On or about September 3, 2007, Defendants negligently, and/or in violation of law, ignited the Moonlight Fire, thereby setting and/or allowing a fire to be set and/or spread to National Forest System lands within the Plumas and Lassen National Forests.

35. The Moonlight Fire destroyed property of the United States and caused the United States to incur fire suppression costs resulting in damages in an amount to be established at trial. Defendants are liable for all damages to the United States resulting from the Moonlight Fire, including without limitation the United States' fire suppression, administrative, investigative, accounting, and collection costs; damages for injury to federal property; and interest under the Fire Liability Law, California Health and Safety Code §§ 13007, 13008, 13009, and 13009.1; and California Civil Code §§ 3287 and 3288, in an amount to be proved at trial.

////
///
///
///

12
COMPLAINT; DEMAND FOR JURY TRIAL

## THIRD CLAIM FOR RELIEF

(Negligence and Negligence Per Se under
14 Cal. Code Regs. § 938.8 and the Fire Protection Plan)

36. The United States re-alleges paragraphs 1 through 35, inclusive, as though fully and completely set forth here.

37. Defendants acted negligently, and also in violation of law, specifically in violation of Title 14 of California Code of Regulations § 938.8 and the Fire Protection Plan; by failing to have the specific named employees responsible for detection, control, and suppression of fire on site during and after operations; and by failing to conduct a diligent fire watch within the first two hours after cessation of operations on September 3, 2007.

38. The Defendants' negligent acts, omissions, and violations of law caused the failure to detect, control, and suppress the Moonlight Fire before it spread to National Forest System lands proximately causing the damages sustained by the United States.

39. Plaintiff's damages resulted from an occurrence of the nature which the statutes, regulations, and Fire Protection Plan were designed to prevent.

40. The United States is one of the classes of persons or entities for whose protection the statutes, regulations, and Fire Protection Plan were adopted.

41. As a result of Defendants' negligence the United States incurred damages in an amount to be proved at trial.

///

///

## FOURTH CLAIM FOR RELIEF

### (Trespass by Fire)

42. Plaintiff re-alleges paragraphs 1 through 41, inclusive, as though fully and completely set forth here.

43. On or about September 3, 2007, Defendants negligently, and/or in violation of law, allowed a fire ignited by them or their employees, agents, or contractor to escape to the surrounding National Forest System lands within the Plumas and Lassen National Forests.

44. As a result of Defendants' trespass by fire upon the surrounding National Forest System lands within the Plumas and Lassen National Forests, the United States incurred damages in an amount to be proved at trial.

45. Plaintiff seeks double damages under California law including Civil Code § 3346 for this trespass by fire.

## FIFTH CLAIM FOR RELIEF

### (Claim for Interest and Penalties)

46. Plaintiff re-alleges paragraphs 1 through 45, inclusive, as though fully and completely set forth here.

47. The United States is entitled to recover interest and penalties under federal and state law, including without limitation under the Federal Debt Collection Act, 31 U.S.C. § 3717.

WHEREFORE, the United States prays for judgment against Defendants as follows:

1. For payment of fire suppression costs and resource damages arising from the Moonlight Fire including, but not limited to, the costs of fire suppression, the costs of

14
COMPLAINT; DEMAND FOR JURY TRIAL

rehabilitation and restoration of the burned areas, loss of timber, and loss of habitat and environmental values, facilities, and structures, plus interest, penalties, and double damages, in an amount to be determined at trial;

2. For recovery of the United States' investigative, accounting, collection and administrative costs arising from the Moonlight Fire;

3. For other costs and fees; and

4. For such other and further relief as the Court deems just and proper, together with interest, costs, and disbursements in this action.

Respectfully submitted,

Dated: August 31, 2009.  LAWRENCE G. BROWN
United States Attorney

By: /s/ E. Robert Wright
E. ROBERT WRIGHT
Assistant U.S. Attorney

Attorneys for Plaintiff
United States of America

**DEMAND FOR JURY TRIAL**

The United States hereby demands a jury trial as provided by Rule 38 of the Federal Rules of Civil Procedure.

```
                                   Respectfully submitted,

Dated: August 31, 2009.            LAWRENCE G. BROWN
                                   United States Attorney


                              By:  /s/ E. Robert Wright
                                   E. ROBERT WRIGHT
                                   Assistant U.S. Attorney

                                   Attorneys for Plaintiff
                                   United States of America
```