Law Offices of
**MATHENY SEARS LINKERT & JAIME, LLP**
RICHARD S. LINKERT, ESQ. (SBN 88756)
KATHERINE E. UNDERWOOD, ESQ. (SBN 249308)
3638 American River Drive
Sacramento, CA 95864
Telephone:      (916) 978-3434
Facsimile:      (916) 978-3430

Attorneys for Defendants and Third-Party Plaintiffs, ANN
MCKEEVER HATCH, AS TRUSTEE OF THE HATCH
1987 REVOCABLE TRUST, et al.

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:09-CV-02445-JAM-EFB |
| Plaintiff, | **THIRD PARTY COMPLAINT AGAINST CATERPILLAR, INC. FOR TOTAL AND PARTIAL EQUITABLE INDEMNITY AND CONTRIBUTION; NEGLIGENCE; AND DECLARATORY RELIEF; DEMAND FOR JURY TRIAL.** |
| v. | |
| SIERRA PACIFIC INDUSTRIES; W.M. BEATY AND ASSOCIATES, INC.; EUNICE E. HOWELL, INDIVIDUALLY AND DOING BUSINESS AS HOWELL'S FOREST HARVESTING COMPANY; ANN MCKEEVER HATCH, AS TRUSTEE OF THE HATCH 1987 REVOCABLE TRUST; RICHARD L. GREENE, AS TRUSTEE OF THE HATCH IRREVOCABLE TRUST; BROOKS WALKER, JR., AS TRUSTEE OF THE BROOKS WALKER, JR. REVOCABLE TRUST AND THE DELLA WALKER VAN LOBEN SELS TRUST FOR THE ISSUE OF BROOKS WALKER, JR.; BROOKS WALKER III, INDIVIDUALLY AND AS TRUSTEE OF THE CLAYTON BROOKS DANIELSEN TRUST, THE MYLES WALKER DANIELSEN TRUST, THE MARGARET CHARLOTTE BURLOCK TRUST, AND THE BENJAMIN WALKER BURLOCK TRUST; CAPTION CONTINUED ON THE NEXT PAGE | |

1

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME, LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

1  LESLIE WALKER, INDIVIDUALLY
   AND AS TRUSTEE OF THE BROOKS
2  THOMAS WALKER TRUST, THE
   SUSIE KATE WALKER TRUST AND
3  THE DELL GRACE WALKER TRUST;
   WELLINGTON SMITH HENDERSON,
4  JR., AS TRUSTEE OF THE
   HENDERSON REVOCABLE TRUST;
5  ELENA D. HENDERSON; MARK W.
   HENDERSON, AS TRUSTEE OF THE
6  MARK W. HENDERSON REVOCABLE
   TRUST; JOHN C. WALKER,
7  INDIVIDUALLY AND AS TRUSTEE OF
   THE DELLA WALKER VAN LOBEN
8  SELS FOR THE ISSUE OF JOHN C.
   WALKER; JAMES A. HENDERSON;
9  CHARLES C. HENDERSON AS
   TRUSTEE OF THE CHARLES C. AND
10 KIRSTEN HENDERSON REVOCABLE
   TRUST; JOAN H. HENDERSON;
11 JENNIFER WALKER, INDIVIDUALLY
   AND AS TRUSTEE OF THE EMMA
12 WALKER SILVERMAN TRUST AND
   THE MAX WALKER SILVERMAN
13 TRUST; KIRBY WALKER; AND
   LINDSEY WALKER, a.k.a. LINDSEY
14 WALKER-SILVERMAN,
   INDIVIDUALLY AND AS TRUSTEE OF
15 THE REILLY HUDSON KEENAN
   TRUST AND THE MADISON
16 FLANDERS KEENAN TRUST,

17            Defendants.

18  _____

19 ANN MCKEEVER HATCH, AS
   TRUSTEE OF THE HATCH 1987
20 REVOCABLE TRUST; RICHARD L.
   GREENE, AS TRUSTEE OF THE
21 HATCH IRREVOCABLE TRUST;
   BROOKS WALKER, JR., AS TRUSTEE
22 OF THE BROOKS WALKER, JR.
   REVOCABLE TRUST AND THE
23 DELLA WALKER VAN LOBEN SELS
   TRUST FOR THE ISSUE OF BROOKS
24 WALKER, JR.; BROOKS WALKER III,
   INDIVIDUALLY AND AS TRUSTEE OF
25 THE CLAYTON BROOKS DANIELSEN
   TRUST, THE MYLES WALKER
26 DANIELSEN TRUST, THE MARGARET
   CHARLOTTE BURLOCK TRUST, AND
27 THE BENJAMIN WALKER BURLOCK
   TRUST; LESLIE WALKER,
28 INDIVIDUALLY AND AS TRUSTEE OF

                    2

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

1 THE BROOKS THOMAS WALKER
2 TRUST, THE SUSIE KATE WALKER
TRUST AND THE DELL GRACE
3 WALKER TRUST; WELLINGTON
SMITH HENDERSON, JR., AS
4 TRUSTEE OF THE HENDERSON
REVOCABLE TRUST;  ELENA D.
5 HENDERSON; MARK W.
HENDERSON, AS TRUSTEE OF THE
6 MARK W. HENDERSON REVOCABLE
TRUST; JOHN C. WALKER,
7 INDIVIDUALLY AND AS TRUSTEE OF
THE DELLA WALKER VAN LOBEN
8 SELS FOR THE ISSUE OF JOHN C.
WALKER; JAMES A. HENDERSON;
9 CHARLES C. HENDERSON AS
TRUSTEE OF THE CHARLES C. AND
10 KIRSTEN HENDERSON REVOCABLE
TRUST; JOAN H. HENDERSON;
11 JENNIFER WALKER, INDIVIDUALLY
AND AS TRUSTEE OF THE EMMA
12 WALKER SILVERMAN TRUST AND
THE MAX WALKER SILVERMAN
13 TRUST; KIRBY WALKER; CAPTION
CONTINUED ON THE NEXT PAGE
14 AND LINDSEY WALKER, a.k.a.
LINDSEY WALKER-SILVERMAN,
15 INDIVIDUALLY AND AS TRUSTEE OF
THE REILLY HUDSON KEENAN
16 TRUST AND THE MADISON
FLANDERS KEENAN TRUST,

17                 Third-Party Plaintiffs,

18        v.

19 CATERPILLAR, INC.,

20                 Third-Party Defendant.

21

22        Defendants and Third-Party Plaintiffs ANN MCKEEVER HATCH, AS TRUSTEE OF

23 THE HATCH 1987 REVOCABLE TRUST; RICHARD L. GREENE, AS TRUSTEE OF THE

24 HATCH IRREVOCABLE TRUST; BROOKS WALKER, JR., AS TRUSTEE OF THE

25 BROOKS WALKER, JR. REVOCABLE TRUST AND THE DELLA WALKER VAN LOBEN

26 SELS TRUST FOR THE ISSUE OF BROOKS WALKER, JR.; BROOKS WALKER III,

27 INDIVIDUALLY AND AS TRUSTEE OF THE CLAYTON BROOKS DANIELSEN TRUST,

28

3

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

THE MYLES WALKER DANIELSEN TRUST, THE MARGARET CHARLOTTE BURLOCK TRUST, AND THE BENJAMIN WALKER BURLOCK TRUST; LESLIE WALKER, INDIVIDUALLY AND AS TRUSTEE OF THE BROOKS THOMAS WALKER TRUST, THE SUSIE KATE WALKER TRUST AND THE DELL GRACE WALKER TRUST; WELLINGTON SMITH HENDERSON, JR., AS TRUSTEE OF THE HENDERSON REVOCABLE TRUST; ELENA D. HENDERSON; MARK W. HENDERSON, AS TRUSTEE OF THE MARK W. HENDERSON REVOCABLE TRUST; JOHN C. WALKER, INDIVIDUALLY AND AS TRUSTEE OF THE DELLA WALKER VAN LOBEN SELS FOR THE ISSUE OF JOHN C. WALKER; JAMES A. HENDERSON; CHARLES C. HENDERSON AS TRUSTEE OF THE CHARLES C. AND KIRSTEN HENDERSON REVOCABLE TRUST; JOAN H. HENDERSON; JENNIFER WALKER, INDIVIDUALLY AND AS TRUSTEE OF THE EMMA WALKER SILVERMAN TRUST AND THE MAX WALKER SILVERMAN TRUST; KIRBY WALKER; AND LINDSEY WALKER, a.k.a. LINDSEY WALKER-SILVERMAN, INDIVIDUALLY AND AS TRUSTEE OF THE REILLY HUDSON KEENAN TRUST AND THE MADISON FLANDERS KEENAN TRUST, allege as follows:

## PARTIES

1.      Third-Party Plaintiffs owned, in whole or in part, the subject 520 acre parcel, Plumas County SPN number 004-020-005, in Plumas County, State of California, where the Moonlight Fire is alleged to have originated.

2.      Third-Party Plaintiffs are informed and believe and thereon allege that Third-Party Defendant Caterpillar, Inc. is, and at all times mentioned herein was, a Delaware Corporation involved in the production, manufacture, sale, and/or distribution of equipment designed and used for foresting/logging activities and authorized to do business, and doing business, in the State of California.

4

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME, LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1345.

4.     Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

5.     On or about June 7, 2007, Third-Party Plaintiffs entered into a "Timber Sales Agreement of June 7, 2007" with Defendant Sierra Pacific Industries for the logging and removal of merchantable timber.  Defendant Sierra Pacific Industries hired Defendants Eunice E. Howell, individually and doing business as Howell's Harvesting Company ("Howell") as its Licensed Timber Operator under the Cooks Creek Timber Harvesting Plan.

6.     The "Moonlight Fire" ignited on or about September 3, 2007.

7.     On September 3, 2007, two Howell employees were working on the timber project and were operating two bulldozers in the area where the fire ignited.

8.     The bulldozers operated by Howell employees on September 3, 2007, were Caterpillar Model 527 bulldozers with grapple attachment.  The treads of a bulldozer are commonly referred to as grousers.

9.     Based upon information and belief, Third-Party Plaintiffs allege that the "Moonlight Fire" was started by superheated metal fragments separating from the grousers during normal operation.

10.     Third-Party Plaintiffs have been sued and served with the First Amended Complaint of the United States of America, in the case of <u>United States of America v. Sierra Pacific Industries, et al.</u>, United States District Court for the Eastern District of California No. 2:09-cv-02445-JAM-EFB, on file herein.  Plaintiff's First Amended Complaint is hereby referred

5

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME, LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

to for the limited purpose of setting forth the nature of the claims herein against Third-Party Plaintiffs and Third-Party Defendant, and is incorporated by reference as though set forth in full hereinafter.

11.     The United States of America has claimed damages including:  the cost of fire suppression; the cost and future costs of mitigation, rehabilitation, and restoration of the burned areas; loss of timber, habitat, wildlife, watershed  and earth protection, scenic and environmental values, and structures; and damages for injury to federal property.

12.     Third-Party Plaintiffs are informed and believe, and thereon allege, that Third-Party Defendant is legally responsible and liable in some manner for the events and happenings alleged in Plaintiff's First Amended Complaint and herein, and that Third-Party Defendant is responsible for, liable for, and proximately caused the injuries and damages herein set forth.

## FIRST CAUSE OF ACTION
### (Total and Partial Equitable Indemnity and Contribution)

13.     Third-Party Plaintiffs incorporate herein by reference paragraphs 1 through 12 as if set forth completely herein.

14.     Third-Party Plaintiffs deny that they were or are in any way responsible for the events, happenings, injuries, or damages alleged in Plaintiff's First Amended Complaint. However, if Third-Party Plaintiffs are held responsible to Plaintiffs, or any other party in this action, for any of the matters alleged in the First Amended Complaint, then Third-Party Plaintiffs are entitled to be held harmless and to total or partial equitable indemnity and contribution from Third-Party Defendant for any loss Third-Party Plaintiffs may sustain in this matter, including all costs, attorneys' fees, expert fees and costs, damages and/or judgments which might be rendered against Third-Party Plaintiffs because Third-Party Plaintiffs' liability, if any, would be based either on its passive or secondarily negligent conduct or vicarious liability and would not arise as a proximate result of sole, primary, or active negligence of Third-Party Plaintiffs.

6

15.     Third-Party Plaintiffs have incurred costs, expenses, expert fees and costs, and attorneys' fees in the investigation and defense of Plaintiff's First Amended Complaint, and additional costs, expenses, and attorneys' fees will necessarily be incurred in the future. Third-Party Plaintiffs may suffer liability for damages herein for the acts or the failure to act of Third-Party Defendant, as aforesaid. Third-Party Plaintiffs are entitled to recover all such fees, costs, and expenses pursuant to California Code of Civil Procedure sections 128.5, 128.7 and 1021.6, as well as tort of another. Third-Party Plaintiffs pray for leave of Court to amend this Third-Party Complaint to allege the correct amounts upon ascertainment of said costs, expenses, attorneys' fees, expert fees and costs, and of such possible liabilities.

16.     An actual controversy has arisen now and exists between Third-Party Plaintiffs and Third-Party Defendant concerning their respective rights and duties. Third-Party Plaintiffs contend, and Third-Party Defendants deny, that in the event Third-Party Plaintiffs are subject to liability to any party in this action, Third-Party Plaintiffs are entitled to be indemnified by Third-Party Defendant for the full amount of or a part of any loss suffered or judgment paid by Third-Party Plaintiffs to any such party and for such costs, reasonable attorneys' fees, expert fees and costs, and other expenses which have and in the future may be incurred in Third-Party Plaintiffs defense of this action.

17.     Adjudication of this Third-Party Complaint in conjunction with Plaintiff's action will prevent a multiplicity of trials and will be in furtherance of the interest of justice and expedition of the business of this Court.

WHEREFORE, Third-Party Plaintiffs pray for relief as hereinafter set forth.

///

///

///

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

7

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

## SECOND CAUSE OF ACTION
### (Negligence)

18.    Third-Party Plaintiffs incorporate herein by reference paragraphs 1 through 17 as if set forth completely herein.

19.    Third-Party Defendant owed Third-Party Plaintiffs a duty to exercise reasonable skill, care, and diligence in the design and manufacturing of their bulldozers so that superheated metal fragments would not separate from the grousers or other parts during normal operation and cause forest fires.

20.    Should Plaintiff or any other party succeed in proving the truth of their allegations, or any of them, and should they further succeed in proving that they are entitled to damages of any kind and in any amount against Third-Party Plaintiffs by reason of such allegations, or any of them, then such injuries, defects, and damages were due to the tort of another and a breach of the aforementioned duties of care by Third-Party Defendant.

21.    As a proximate result of the breach of the aforementioned duty of care by Third-Party Defendant, Third-Party Plaintiffs have suffered damages, which include, but are not limited to, a potential proportionate share of Plaintiff's damages, attorneys' fees, investigative expenses, expert fees and costs, court costs, and other anticipated expenses.

WHEREFORE, Third-Party Plaintiffs pray for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
### (Declaratory Relief)

22.    Third-Party Plaintiffs incorporate herein by reference paragraphs 1 through 21 as if set forth completely herein.

23.    A dispute has arisen and an actual controversy now exists between Third-Party Plaintiffs and Third-Party Defendant in that Third-Party Plaintiffs contend that they are entitled to recover damages pursuant to the causes of action alleged herein, total indemnity, partial

8

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

indemnity, apportionment and contribution, and negligence while Third-Party Defendant denies such obligations.

24.     Third-Party Plaintiffs desire a judicial determination of their respective rights and Third-Party Defendant's duties in connection with the matters herein alleged, and a judgment in Third-Party Plaintiffs favor as to any obligations by Third-Party Defendant to Third-Party Plaintiffs herein.

WHEREFORE, Third-Party Plaintiffs pray for relief as hereinafter set forth.

## **PRAYER**

WHEREFORE, Third-Party Plaintiffs pray for relief as hereinafter set forth.

1.     For a declaration of the rights and duties of Third-Party Plaintiffs and Third-Party Defendant with regard to the matters described herein;

2.     For a declaration that Third-Party Defendant is obligated to pay any judgment awarded Plaintiff against Third-Party Plaintiffs herein or to reimburse Third-Party Plaintiffs in the amount of such judgment;

3.     For a declaration that Third-Party Defendant is obligated to reimburse Third-Party Plaintiffs for attorneys fees, costs and all other expenses incurred and to be incurred by Third-Party Plaintiffs in investigating Plaintiff's claim and in preparing to defend and defending against Plaintiff's action against Third-Party Plaintiffs;

4.     For a declaration of relief and damages otherwise in accordance with the contentions of Third-Party Plaintiffs as alleged in this Third-Party Complaint;

5.     For a judgment declaring the respective responsibility and liability of the parties hereto for Plaintiff's damages, if any;

6.     For a judgment against Third-Party Defendant of partial equitable indemnity for any sum Third-Party Plaintiffs must pay to Plaintiff or any other party herein;

9

7.     For a judgment against Third-Party Defendant for damages in accordance with allegations contained in Third-Party Plaintiffs' cause of action for negligence, including but not limited to, general damages, special damages, attorneys fees, Court costs, investigative costs, and expert fee and costs, according to proof;

8.     For a judgment against Third-Party Defendant for Third-Party Plaintiffs attorneys' fees, Court costs, investigative costs, expert fees and costs, and any and all other costs incurred in defending this action according to proof;

9.     For a judgment against Third-Party Defendant by way of contribution for any sum adjudged against Third-Party Plaintiffs, if any, in favor of Plaintiffs or any other party herein;

10.    For Third-Party Plaintiffs' costs of suit incurred herein;

11.    For all attorney fees and interest as allowed by law; and

12.    For such other and further relief as the Court may deem just and proper.

Dated:  January 15, 2010                    **MATHENY SEARS LINKERT & JAIME, LLP**

By: /s/ Richard S. Linkert
RICHARD S. LINKERT
Attorneys for Above Names Defendants
and Third-Party Plaintiffs

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME, LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

10

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

1

## DEMAND FOR JURY TRIAL

2  Defendants and Third-Party Plaintiffs ANN MCKEEVER HATCH, AS TRUSTEE OF THE

3  HATCH 1987 REVOCABLE TRUST; RICHARD L. GREENE, AS TRUSTEE OF THE

4  HATCH IRREVOCABLE TRUST; BROOKS WALKER, JR., AS TRUSTEE OF THE

5  BROOKS WALKER, JR. REVOCABLE TRUST AND THE DELLA WALKER VAN LOBEN

6  SELS TRUST FOR THE ISSUE OF BROOKS WALKER, JR.; BROOKS WALKER III,

7  INDIVIDUALLY AND AS TRUSTEE OF THE CLAYTON BROOKS DANIELSEN TRUST,

8  THE MYLES WALKER DANIELSEN TRUST, THE MARGARET CHARLOTTE BURLOCK

9  TRUST, AND THE BENJAMIN WALKER BURLOCK TRUST; LESLIE WALKER,

10  INDIVIDUALLY AND AS TRUSTEE OF THE BROOKS THOMAS WALKER TRUST, THE

11  SUSIE KATE WALKER TRUST AND THE DELL GRACE WALKER TRUST;

12  WELLINGTON SMITH HENDERSON, JR., AS TRUSTEE OF THE HENDERSON

13  REVOCABLE TRUST; ELENA D. HENDERSON; MARK W. HENDERSON, AS TRUSTEE

14  OF THE MARK W. HENDERSON REVOCABLE TRUST; JOHN C. WALKER,

15  INDIVIDUALLY AND AS TRUSTEE OF THE DELLA WALKER VAN LOBEN SELS FOR

16  THE ISSUE OF JOHN C. WALKER; JAMES A. HENDERSON; CHARLES C. HENDERSON

17  AS TRUSTEE OF THE CHARLES C. AND KIRSTEN HENDERSON REVOCABLE TRUST;

18  JOAN H. HENDERSON; JENNIFER WALKER, INDIVIDUALLY AND AS TRUSTEE OF

19  THE EMMA WALKER SILVERMAN TRUST AND THE MAX WALKER SILVERMAN

20  TRUST; KIRBY WALKER; AND LINDSEY WALKER, a.k.a. LINDSEY WALKER-

21  SILVERMAN, INDIVIDUALLY AND AS TRUSTEE OF THE REILLY HUDSON KEENAN

22  TRUST AND THE MADISON FLANDERS KEENAN TRUST hereby demands a jury trial on

23  claims alleged triable to a jury as provided by Rule 38 of the Federal Rules of Civil Procedure.

Dated:  January 15, 2010                    **MATHENY SEARS LINKERT & JAIME, LLP**

24

25

26  By: /s/ Richard S. Linkert

27  RICHARD S. LINKERT
Attorneys for Above Named Defendants
and Third-Party Plaintiffs

28

11

*Third-Party Complaint Against Caterpillar, Inc.; Demand for Jury Trial*