DOWNEY BRAND LLP
WILLIAM R. WARNE (Bar No. 141280)
MICHAEL J. THOMAS (Bar No. 172326
ANNIE S. AMARAL (Bar No. 238189)
621 Capitol Mall, 18th Floor
Sacramento, CA  95814-4731
Telephone:     (916) 444-1000
Facsimile:     (916) 444-2100
bwarne@downeybrand.com
mthomas@downeybrand.com
aamaral@downeybrand.com

Attorneys for Defendant/Cross-Defendant
SIERRA PACIFIC INDUSTRIES

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  2:09-CV-02445-JAM-EFB |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| SIERRA PACIFIC INDUSTRIES, ET AL. | |
| Defendants. | |
| AND RELATED CROSS-ACTIONS | |

WHEREAS disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting litigation related to the Moonlight Fire would be warranted.

WHEREAS the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

WHEREAS the Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

WHEREAS the Parties further acknowledge that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and reflects the standards that will be applied when a Party seeks permission from the court to file material under seal;

WHEREAS the Parties, by and through their respective undersigned counsel, HEREBY STIPULATE, AGREE, and REQUEST that the Court enter the following Order with respect to this Action:

1.    Proceedings and Information Governed.

This Stipulated Protective Order shall govern any document, information or other thing furnished by any Party, or any person, including third persons, to any other Party in connection with the consolidated discovery and pretrial phase of the Action.  The information protected includes, but is not limited to, responses to requests to produce documents or other things, responses to interrogatories, responses to requests for admissions, deposition testimony and all copies, extracts, summaries, compilations, designations and portions thereof.

This Stipulated Protective Order does not govern proceedings during trial nor does it prohibit any Party from seeking a protective order to govern proceedings during trial.  The Parties reserve for future agreement the procedure to be followed in using "Confidential Information" (defined below) at trial.

2.    Definitions.

2.1    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel (and their support staff) (more than one Party collectively referred to as "Parties").

2.2    Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

STIPULATED PROTECTIVE ORDER

2.4     Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this Action.

2.5     Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.6     Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this Action.

2.7     House Counsel: attorneys who are employees of a Party.

2.8     Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.9     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an Expert witness or as a consultant in this Action and who is not a past or current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.10     Action:  the above-captioned case and any cross-actions, designated as *United States of America v. Sierra Pacific Industries, et al.*, Case No. 2:09-cv-02445-JAM-EFB.

3.     Designation of Information for Protection Under This Stipulated Protective Order.

Any Disclosure or Discovery Material produced in this Action that is reasonably believed by any party to be nonpublic and/or proprietary and/or confidential and/or contain/constitute trade secrets may be designated as "Confidential Information" as described more fully in paragraph 4, below.  Such designation may be made by labeling or otherwise clearly marking the material as "Confidential" in such a manner as will not interfere with the legibility thereof.  Any report or other multi-page document considered "Confidential" shall be marked "Confidential in its Entirety" or "Confidential Per Pages Marked."  In the case of written material, documents or tangible items, the designation shall be made, to the extent possible, at the time the copy of the writing or thing is produced.  In the case of materials produced by a non-party or any other Party, the designation may be made by any Party within ninety (90) days following the date the

Designating Party receives a copy of the documents so produced.  In the case of deposition testimony, a Party seeking to invoke the protections of this Stipulated Protective Order shall give notice thereof as set forth in paragraph 11, below.

4.    Disclosure of Confidential Information.

Confidential Information may be disclosed and disseminated by the Receiving Party only to:

(a)    The Parties and their officers, directors and employees;

(b)    The attorneys of record in the Action, and their respective associates, clerks and legal assistants, and any organizations retained by such attorneys to provide litigation support services in the Action and the employees of said organizations;

(c)    Independent consultants and Expert witnesses retained in the Action by the attorneys of record, and the employees of such consultants and Expert witnesses who are assisting them;

(d)    The Court and its administrative staff, including law clerks and the jury at trial (if any);

(e)    Stenographic reporters engaged in deposition proceedings; and

(f)    Such other persons as hereafter may be designated by written agreement of all Parties in the Action or by order of the Court, such order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure.

5.    Unauthorized Disclosure of Confidential Information.

If a Party learns that, by inadvertence of otherwise, it or another Party has disclosed Confidential Information to any person or in any circumstance not authorized under this Stipulated Protective Order, that Party must immediately (a) notify in writing the Producing and/or Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and, if appropriate, (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

6.      Agreement To Comply with Stipulated Protective Order.

Each person referred to in paragraph 4 hereof to whom Confidential Information is to be given, shown, disclosed, made available or communicated in any way, except personnel falling within paragraphs 4(b), 4(d) or 4(e) above, shall execute an agreement, in the form attached hereto as Exhibit A, before said disclosure or communication of Confidential Information is made, stating that he or she agrees to be bound by and fully comply with the terms of this Stipulated Protective Order.  Said declarations shall be retained by the attorney who procured the agreement and, upon request by a Party, be made available for inspection.

7.      Use.

Except as otherwise provided by this Stipulated Protective Order or by further order of the Court, documents or testimony designated as Confidential Information, and all information contained therein, shall not be used for any purpose other than in connection with prosecution of the Action or any other action arising out of the Moonlight Fire, and any appellate proceeding concerning the same.[1]  No person who is furnished Confidential Information shall disclose or disseminate it to any person not entitled under this Stipulated Protective Order to receive and review it.

To the extent Confidential Information is used in an action arising out of the Moonlight Fire other than this Action, the parties shall follow the procedures that have been agreed upon or are otherwise required in such other actions for filing such materials.

No duplicates, copies, reproductions, or reprints of any Confidential Information, or any parts thereof, shall be made unless reasonably necessary.

If there is a disclosure or utilization of Confidential Information in violation of the terms of this Stipulated Protective Order, the Party who becomes aware of such disclosure or utilization shall promptly notify the attorneys of record for the other Parties.  In addition to any other remedy the Court may order, the Party making the disclosure shall be obligated to take all

---

[1] In the event a party attempts to use Confidential Information in litigation arising out of the Moonlight Fire other than the Action, the provisions set forth in paragraph 7 shall not be construed as a waiver or admission that said Confidential Information is legally admissible in that litigation.

reasonable steps to limit further utilization or dissemination of Confidential Information in violation of this Stipulated Protective Order.

8.      Challenging Confidentiality Designations.

        8.1      Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

        8.2      Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

        8.3      Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Local Rules 230 and 251 (and in compliance with Civil Local Rule 141, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

9.      Procedures for Filing Confidential Information with the Court.

        Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this

Action any Confidential Information.  A Party that seeks to file under seal any Confidential

Information must comply with Local Rule 141.

10.     Disclosure to Author or Addressee.

Nothing herein shall prohibit a Party or Party's attorney from disclosing a document

which has been designated as Confidential Information to the person the document identifies as

an author or addressee of such document.

11.     Party's Own Information:

The restrictions on the use of Confidential Information established herein are applicable

only to the use by a Party of Confidential Information received from another Party or any non-

party.  This Stipulated Protective Order shall not restrict a Party's use of such documents,

information and other things which that Party possessed before the commencement of this Action

or acquired after the commencement of this Action through informal means not involving

discovery or other compulsory process.

12.     Depositions.

Any stenographer or reporter who takes down testimony in the Action at a deposition

shall be given a copy of this Stipulated Protective Order and shall be required to agree, before

taking down any such testimony, that all testimony and information revealed at the deposition

shall not be disclosed by such reporter or any person who transcribed such testimony except to

the attorneys of record for the Parties in the Action and the deponent.  All deposition testimony

and exhibits designated as Confidential Information shall be bound in a separate transcript, and

clearly marked on each page with the notation "Confidential Information."  All other copies of

such transcripts and exhibits, to the extent they pertain to or contain Confidential Information or

summaries or extracts thereof, shall themselves be treated as Confidential Information pursuant

to the terms of this Stipulated Protective Order.

At the time of the taking of the deposition, any Party, Party's attorney or third-party

deponent or his or her attorney may designate any portion of the testimony as Confidential

Information.  Additionally, Counsel may also designate the testimony as Confidential

Information within ten (10) business days of the date that the transcript becomes available, by

providing the reporter in writing with specific page and line citations for any portion of the testimony to be marked as Confidential Information.

If any deposition is recorded via videotape, Counsel accepts responsibility for insuring that Confidential Information is not disclosed to any person not entitled under this Stipulated Protective Order to receive it.

During the deposition of a third-party witness, any Party to this proceeding may disclose Confidential Information to such deponent provided that said deponent is not given a copy of any document designated as Confidential Information to be taken from the place of the deposition, and provided further that said deponent is advised that he or she is subject to and bound by the provisions of this Stipulated Protective Order, and agrees to be so bound by executing a copy of Exhibit A. attached hereto.

13.    Interrogatories and Requests for Admissions.

Any response to an interrogatory or request for admission that contains Confidential Information shall be clearly designated in the response in which the Confidential Information appears, and responses bearing such designations shall be segregated from non-confidential responses.

14.    No Waiver.

Neither the taking of nor the failure to take any Action to enforce the provisions of this Protective Order, nor the failure to object to any designation or any such Action or omission, shall constitute a waiver of any right to seek and obtain protection or relief other than as specified herein of any claim or defense in the Action or any other Action including, but not limited to, the claim or defense that any information is or is not proprietary to any Party, is or is not entitled to particular protections or that such information embodies trade secrets of any Party. The procedures set forth herein shall not affect the rights of the Parties to object to discovery on grounds other than those related to trade secrets or proprietary information claims, nor shall it relieve a Party of the necessity of proper response to discovery devices.

15.    No Probative Value.

This Stipulated Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any Party or person with respect to any Confidential Information.  The fact that information is designated "Confidential Information" under this Stipulated Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary.  This Stipulated Protective Order shall be without prejudice to the right of any Party to bring before the Court the question of: (i) whether any particular material is or is not confidential; (ii) whether any particular information or material is or is not entitled to a greater or lesser degree of protection than provided hereunder; (iii) whether any particular information or material is or is not relevant to any issue of this case, or (iv) how to provide reasonable protection for Confidential Information during any trial or other public legal proceeding in this matter, provided that in doing so the Party complies with the foregoing procedures.

Absent a stipulation of all Parties, the fact that information has been designated Confidential under this Stipulated Protective Order shall not be admissible during the trial of the Action, nor shall the jury be advised of such designation.  The fact that any information is disclosed, used or produced in discovery or trial herein shall not be construed admissible, or offered in any Action or proceeding before any court, agency or tribunal as evidence of or concerning whether or not such information is confidential or proprietary.

16.     Return of Confidential Information.

At the conclusion of the Action, all Confidential Information and all documents which repeat such information, including all copies, extracts and summaries thereof, shall, upon the request of the Party furnishing such Confidential Information, be delivered to that Party. Alternatively, Counsel may certify in writing to the Party furnishing the Confidential Information that all such Confidential Information, together with all copies, extracts and summaries thereof, have been destroyed and that no additional copies are known to exist.

17.     Court's Jurisdiction.

The Court retains jurisdiction to make such amendments, modifications, deletions and additions to this Stipulated Protective Order as the Court may from time to time deem

STIPULATED PROTECTIVE ORDER

appropriate.  This Stipulated Protective Order shall remain in effect for the duration of the

litigation unless terminated by agreement executed by Counsel of record for the Parties or

pursuant to an order of the Court.  The provisions of this Stipulated Protective Order regarding

the use and/or disclosure of Confidential Information shall survive the termination of the Action,

and the Court shall retain jurisdiction with respect to this Stipulated Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED:  July 27, 2010                         U.S. ATTORNEY'S OFFICE


                                              By     /s/  Kelli Taylor
                                                     KELLI TAYLOR
                                                  Attorneys for Plaintiff
                                                UNITED STATES OF AMERICA


DATED:  August 11, 2010                       DOWNEY BRAND LLP


                                              By:    /s/ William R. Warne
                                                     WILLIAM R. WARNE
                                              Attorneys for Defendant/Cross-Defendant
                                                 SIERRA PACIFIC INDUSTRIES


DATED:  July 31, 2010                         RUSHFORD & BONOTTO, LLP


                                              By:    /s/ Phil Bonotto
                                                     PHIL BONOTTO
                                              Attorneys for Defendants/Cross-Defendants
                                              EUNICE HOWELL, INDIVIDUALLY and d/b/a
                                                 HOWELL'S FOREST HARVESTING

1   DATED:  August 4, 2010                     MATHENY SEARS LINKERT & JAIME, LLP

2

3                                              By:    /s/ Richard S. Linkert
                                                      RICHARD S. LINKERT
4                                              Attorneys for Defendants/Cross-Claimants
                                               W.M. BEATY & ASSOCIATES and
5                                              LANDOWNER DEFENDANTS
                                               (Brooks Walker et al.)
6

7   DATED:  August 10, 2010                    SEDGWICK, DETERT, MORAN, & ARNOLD LLP

8

9                                              By:    /s/ Frederic Grannis
                                                      FREDERIC GRANNIS
10                                             Attorneys for Cross-Defendant
                                               CATERPILLAR, INC.
11

12

13  SO ORDERED.

14  Dated:  August 11, 2010.

15                                             EDMUND F. BRENNAN
                                               UNITED STATES MAGISTRATE JUDGE
16

17

18

19

20

21

22

23

24

25

26

27

28

                                   STIPULATED PROTECTIVE ORDER

1

2

<u>EXHIBIT A</u>

3

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

4

I, _____ [print or type full name], of _____

5

[print or type full address], declare under penalty of perjury that I have read in its entirety and

6

understand the Stipulated Protective Order that was issued by the United States District Court for

7

the Eastern District of California on _____ in the case of *United States of America*

8

*v. Sierra Pacific Industries, et al.*, Case No. 2:09-CV-02445-JAM-EFB.  I agree to comply with

9

and to be bound by all the terms of this Stipulated Protective Order and I understand and

10

acknowledge that failure to so comply could expose me to sanctions and punishment in the nature

11

of contempt.  I solemnly promise that I will not disclose in any manner any information or item

12

that is subject to this Stipulated Protective Order to any person or entity except in strict

13

compliance with the provisions of this Stipulated Protective Order.

14

I further agree to submit to the jurisdiction of the United States District Court for the

15

Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective

16

Order, even if such enforcement proceedings occur after termination of this Action.

17

I hereby appoint _____ [print or type full name] of

18

_____ [print or type full address and telephone number]

19

as my California agent for service of process in connection with this Action or any proceedings

20

related to enforcement of this Stipulated Protective Order.

21

22

Date: _____

23

City and State where sworn and signed: _____

24

Printed name: _____

25

Signature: _____

26

27

28

STIPULATED PROTECTIVE ORDER