1

2

3

4

5

6

7

8                 IN THE UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,

11          Plaintiff,                    No. CIV S-09-2445 JAM EFB

12      vs.

13   SIERRA PACIFIC INDUSTRIES, et al.,

14          Defendants.                   ORDER
                                    /
15

16          Defendant Sierra Pacific Industries (SPI) seeks a stay of this court's order of November

17   16, 2010, which partially granted the United States' motion for a protective order and directed

18   SPI to turn over certain documents within seven days.  Dckt. No. 92 at 12.  On Friday,

19   November 19, 2010, at 4:15 p.m., SPI filed a request for a partial stay of the order.  Dckt. No. 96.

20   SPI asserts that it is planning to seek reconsideration of the undersigned's order by Judge

21   Mendez,[1] and requests that the court rule on its stay request by close of business today, Monday,

22   November 22, 2010, the following business day, so that SPI would be relieved of its obligation

23   to produce the documents on Tuesday.  *Id.*  The United States filed an opposition to the stay

24   request on Monday morning.  Dckt. No. 97.  SPI filed a reply on Monday at noon.  Dckt. No. 98.

25   _____

26          [1] SPI has not yet actually filed a motion for reconsideration.

                                    1

1    SPI has not filed an application to shorten time to hear the instant motion.  Nor has SPI

2  submitted an affidavit complying with Local Rule 144(e) ("Ex parte applications to shorten time

3  will not be granted except upon affidavit of counsel showing a satisfactory explanation for the

4  need for the issuance of such an order and for the failure of counsel to obtain a stipulation for the

5  issuance of such an order from other counsel or parties in the action.").  Thus, SPI's motion is

6  procedurally deficient.

7    Moreover, SPI's request has no merit.  SPI cites no authority in its request for a stay or in

8  its reply brief.  Rather, it contends that "a stay is so manifestly appropriate under the

9  circumstances that little should need to be said."  Dckt. No. 98 at 1.  The court applies the

10  standard for a stay sought in a district court pending an appeal in the Ninth Circuit, which is

11  essentially the same as the preliminary injunction standard.  *See Golden Gate Restaurant Ass'n*

12  *v. City and County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008).  To be entitled to

13  preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits,

14  that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

15  equities tips in his favor, and that an injunction is in the public interest."  *Stormans, Inc. v.*

16  *Selecky*, 586 F.3d 1109, 1127 (9th Cir.2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, __

17  U.S. __, 129 S.Ct. 365, 374, (2008)).  Thus, SPI must demonstrate a probability of success on the

18  motion for reconsideration, and that the balance of relative equities and the public interest tip in

19  favor of staying the protective order.  The Ninth Circuit has also held that the "sliding scale"

20  approach it applies to preliminary injunctions--that is, balancing the elements of the preliminary

21  injunction test, so that a stronger showing of one element may offset a weaker showing of

22  another--survives *Winter* and continues to be valid.  *Alliance for Wild Rockies v. Cottrell*, __

23  F.3d __, 2010 WL 2926463, *3-4 (filed July 28, 2010).

24    SPI has not shown that it is likely to succeed on the merits on its motion for

25  reconsideration.  Its motion simply does not address the merits prong of the standard.  Indeed, its

26  only attempt at showing why a stay is appropriate is a cursory argument that a "stay will not

2

1 prejudice the United States, and it will prevent severe prejudice to Sierra Pacific." Dckt. No. 96

2 at 1-2. SPI argues for the first time in its reply brief that the protective order "applies Rule 2-100

3 in a fashion contrary to its plain meaning and contrary to the sole previous authority interpreting

4 that rule." Dckt. No. 98 at 1. For the reasons set forth in the court's order partially granting the

5 United States' motion for a protective order, this argument lacks merit. As SPI is not likely to

6 succeed on the merits of its reconsideration motion, its request for a stay must be denied.

7      Although SPI has failed to demonstrate either probable success on the still unfiled motion

8 for reconsideration, or that the relative hardships and/or equities tip in favor of a stay, this court

9 is mindful of the time constraints SPI's motion might impose on the assigned district judge.

10 Accordingly, as there are no pressing discovery deadlines in this case, and the United States will

11 not be significantly prejudiced by a brief seven-day delay in producing the documents, the court

12 will extend the deadline for compliance with the order by seven days. SPI is cautioned that the

13 purpose for the extension is to alleviate the time pressure on the district judge to rule on the

14 motion for reconsideration, and further delay in presenting the actual motion for reconsideration

15 undermines that goal.[2]

16      Accordingly, it is hereby ORDERED that:

17      1. SPI's request for a stay is denied as procedurally defective and meritless; and

18      2. SPI has an additional seven days from the date of this order to comply with the

19 obligations laid out in the undersigned's November 16 order partially granting the United States'

20 motion for a protective order.

21 DATED: November 22, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

22

23

24

25

---

26 [2] SPI has had since November 16, 2010 to file a motion for reconsideration by the district judge.

3