UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:09-CV-02445 JAM-EFB |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING SIERRA PACIFIC |
| v. | ) | INDUSTRIES' MOTION FOR |
| | ) | RECONSIDERATION OF DISCOVERY |
| | ) | ORDER |
| SIERRA PACIFIC INDUSTRIES, et | ) | |
| al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court on Defendant Sierra Pacific Industries' ("SPI") Motion for Reconsideration of Discovery Order (Doc. #107).  Plaintiff United States of America opposes the motion (Doc. #111).

I.      FACTUAL AND PROCEDURAL BACKGROUND

On August 10, 2010, the United States Forest Service invited the public to a series of seven tours of a Forest Service Project on the Plumas National Forest.  Michael Schaps ("Schaps"), an associate attorney with Downey, Brand, counsel of record for SPI, attended the public tour, along with other

1

1    members of the public.  During the tour, Schaps communicated

2    with a number of Forest Service employees.  At no time did

3    Schaps inform those employees that he was an attorney with the

4    law firm representing SPI in this pending litigation.

5        Upon learning that Schaps attended the tour and asked

6    questions to Forest Service employees, the United States filed a

7    Motion for Protective Order to Bar Improper *Ex Parte* Contacts

8    and Produce Evidence of *Ex Parte* Contracts; And Prohibit Use of

9    Evidence Obtained From *Ex Parte* Contacts (Doc. #68) before the

10   Honorable Edmund F. Brennan, Magistrate Judge.  After extensive

11   briefing and a hearing, Magistrate Judge Brennan granted the

12   United States' Motion for a Protective Order (Doc. #92).  SPI

13   now asks this Court to reconsider and set aside Magistrate Judge

14   Brennan's Order.

15                  II.    OPINION

16       A.   Legal Standard

17       28 U.S.C. § 636(b) and E.D. Cal. Local Rule 303 govern the

18   standard for a Motion for Reconsideration.  The district court

19   "may reconsider any pretrial matter . . . where it has been

20   shown that the magistrate judge's order is clearly erroneous or

21   contrary to law."  28 U.S.C. § 363(b)(1)(A); E.D. Cal. Local

22   Rule 303(f).  The standard of review under § 636(b)(1)(A) is

23   highly deferential; see United States v. Abonce-Barrera, 257

24   F.3d 959, 968-69 (9th Cir. 2001), and does not permit the

25   reviewing court to substitute its own judgment for that of the

26   magistrate judge's.  Grimes v. City & County of San Francisco,

27   951 F.2d 236, 241 (9th Cir. 1991).

28

1      B.    Magistrate Judge's Opinion

2      Magistrate Judge Brennan held that Rule 2-100 of the Rules

3 of Professional Conduct of the State Bar of California

4 ("California Rules") was violated by SPI's counsel's

5 communication with Forest Service employees during the August

6 10, 2010 public tour.

7           1.    Legal Standard

8      Rule 2-100 is a "no contact rule" which states that

9 "[w]hile representing a client, a member shall not communicate

10 directly or indirectly about the subject of the representation

11 with a party the member knows to be represented by another

12 lawyer in the matter, unless the member has the consent of the

13 other lawyer."

14      Rule 2-100 contains a "public body"/"public officer"

15 exception to the no contact rule.  Subsection (C)(1) states that

16 "[t]his rule shall not prohibit communications with a public

17 officer, board, committee, or body."  According to a proposed,

18 but not formally adopted, opinion by the California state bar,

19 the public officer exception allows for contact with a

20 represented party or employee if the communication is with:

21           a person to whom a communication would be
           constitutionally protected by the First Amendment
22         right to petition the government.  Such a person would
           be one who, for example, has the authority to address,
23         clarify or alter governmental policy; to correct a
           particular grievance; or to address or grant an
24         exemption from regulation.

25

26 Proposed Formal Opinion Interim No. 98-0002.  Thus, the Proposed

27 Formal Opinion focuses primarily on the level of the public

28 official's authority to determine whether the public official

1   exception applies.  The public officials at issue in the

2   unadopted opinion were line police officers, and they were

3   determined not to be of the requisite level of authority to be

4   covered by the public officer exception.

5               2.   Magistrate Court's Analysis

6        Magistrate Judge Brennan found that the public officer

7   exception of subsection (C)(1) does not apply to the instant

8   case.  "Schaps' actions were not an exercise of a First

9   Amendment right to seek redress of a particular grievance, but

10  were rather an attempt to obtain evidence from these employees."

11  Doc. #92 at 10.  Schaps asked questions that went well beyond

12  attending a public information tour of a project site.  "[T]he

13  facts show and the court finds that he was attempting to obtain

14  information for use in the litigation that should have been

15  pursued through counsel and through the Federal Rules of Civil

16  Procedure governing discovery."  Id.  Additionally, the court

17  found no evidence to support a conclusion that Schaps was

18  communicating with a policy-making official or persons with

19  authority to change a policy or grant some specific request for

20  redress that Schaps was presenting.  Id. at 11.

21       Accordingly, the court found that the "public officer"

22  exception of Rule 2-100 (C)(1) has no application in this case

23  and granted the government's motion for a protective order and

24  discovery sanctions.  The court ordered SPI to identify all

25  federal employees contacted without knowledge of counsel for the

26  United States in this matter to date, as well as the dates and

27  circumstances of each contact, and to produce originals and

28  copies of all recordings or documents relating to such

1  communications.

2          C.    Analysis

3          Magistrate Judge Brennan's decision is not clearly erroneous

4  or contrary to law.  Magistrate Judge Brennan found that the Forest

5  Service workers with whom SPI's counsel communicated, do not have

6  decision-making powers and have no authority to redress a

7  grievance.  He also found that Schaps was not exercising his First

8  Amendment right to petition the government, but was instead engaged

9  in an attempt to discover and gather evidence and statements from

10  those employees for use in litigation.  This Court finds that

11  Magistrate Judge Brennan's factual findings and application of the

12  law to be supported by the record and proper analysis.  SPI argues

13  that Magistrate Judge Brennan failed to acknowledge and/or address

14  the actual text of Rule 2-100.  In particular, SPI argues that the

15  Forest Service is a "public body" under 2-100(c)(1) and its

16  counsel's communications with any employee of the Forest Service is

17  permitted.  This argument is without merit.  Magistrate Judge

18  Brennan's Order is fully consistent with the plain meaning of the

19  terms "public officer" and "public body."  These terms clearly

20  denote something more than any and all government employees.

21          This Court agrees with Magistrate Judge Brennan's conclusion

22  that SPI's interpretation of Rule 2-100 would carry the "public-

23  official" exception to Rule 2-100 too far.  If the State Bar had

24  intended "public officer" or "public body" to mean all government

25  employees it would have said as much.  The term "public body" does

26  not mean an individual and SPI's argument that the Forest Service

27  is a "public body" is irrelevant given the undisputed fact that all

28  of Schaps' communications were with individual employees of the

1  Forest Service.  As the government argues, in common usage, "public

2  body" implies a multi-member group of individuals who derive

3  authority from their collective action, such as a city council or

4  Congress.  It is impossible for this Court, as it was for

5  Magistrate Judge Brennan, to reconcile SPI's argument for

6  "unfettered access" to all government employees with the

7  unpublished state bar opinion.  Holding otherwise would create the

8  unprecedented situation where attorneys for private litigants would

9  be permitted to speak to any government employee about any subject

10  for the purpose of obtaining information to be used against the

11  government in litigation.

12      Finally, this Court believes it is important to make clear

13  that it is troubled by SPI's counsel's behavior and decisions

14  with respect to this particular incident.  Such conduct is out

15  of the ordinary and the Court takes SPI's counsel at its word

16  that it will not occur again.  Local Rule 180 explicitly

17  prohibits "any conduct that degrades or impugns the integrity of

18  the Court or in any manner interferes with the administration of

19  justice."  E.D. Cal. Local Rule 180(e).  The ABA Model Rules

20  forbid all "conduct involving dishonesty, fraud, deceit, or

21  misrepresentation."  Model Rule of Professional Conduct R.

22  8.4(c).  These rules not only forbid affirmative false

23  statements of fact, but misleading omissions.

24  "Misrepresentations can also occur by partially true but

25  misleading statements or omissions that are the equivalent of

26  affirmative statements."  Model Rule of Professional Conduct

27  4.1, Comment 1.  Here, Schaps was instructed to "attempt to stay

28  confidential" (Schaps' Decl. (Doc. #107-1) ¶ 5).  Such an

instruction is difficult to reconcile with SPI's position that
it had nothing to hide and did nothing wrong.  Instead of
identifying himself as counsel for SPI, Schaps stated only his
full name and that he was a member of the public.  Schaps' Decl.
¶ 17.  Even if Schaps did not make an affirmative false
statement, omitting that he represents SPI is an ethical lapse
because Schaps was not at the Forest Service tour simply as an
interested citizen, but as an attorney gathering evidence to be
used in litigation.  While Schaps had an absolute right to
attend the tour, as a practicing attorney he is held to a higher
standard of ethical behavior than a general member of the
public, particularly when he is intimately involved in
litigation against the tour's sponsor.  Such is clearly the
intent behind Local Rule 180(e) and Rule 2-100.  Zealous
advocacy overcame professional responsibility in this particular
instance.  It should not, and, the Court is certain, will not
happen again.


                        III.     ORDER

     For the reasons set forth above,

     SPI's Motion for Reconsideration is DENIED.  SPI shall
comply with Magistrate Judge Brennan's Order (Doc. #92) within
seven (7) days from the date of this Order.

     IT IS SO ORDERED.

Dated: January 10, 2011

                              _____
                              JOHN A. MENDEZ,
                              UNITED STATES DISTRICT JUDGE


                                7