IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

     Plaintiff,                                No. CIV S-09-2445 KJM EFB

     vs.

SIERRA PACIFIC INDUSTRIES, et al.,

     Defendants.                        <u>ORDER</u>

/

        On January 21, 2011, the undersigned held a hearing on Sierra Pacific Industries' Motion to Compel Compliance with Court Order and Production of Documents, and for Sanctions.

        SPI moved to compel two categories of documents.  The first category consisted of documents the United States had withheld from its production of Karen Juska and Caleb Lief's personnel files on the basis of attorney-client privilege and work product doctrine.  Dckt. No. 119 at 2-3.  After SPI filed the motion, the United States withdrew its privilege and work product objections and produced the documents.  *See* Taylor Decl., Dckt. No. 125 at 8.  Although the privilege was recently withdrawn as to these documents the court finds that the United States properly preserved its privilege objections in its initial response to the request.  However, as SPI has now been provided these documents, the motion to compel is denied as moot.

////

////

1

The second category of documents consisted of documents responsive to SPI's Requests for Production Nos, 9, 36-67, and 70-84. Dckt. No. 119 at 3. The United States represents that it has conducted a reasonable search and made diligent inquiries to locate and produce responsive documents. Dckt. No. 131 at 30-31. That representation is properly verified in the Taylor declaration which describes in detail the search that was conducted. The court finds those efforts to be diligent and in compliance with the plaintiff's discovery obligations. Accordingly, the motion to compel must be denied as to these documents as well.

SPI requests that the court order the United States not to withhold any responsive documents that may be located in the future on the basis of privilege because 1) the United States has waived its privileges, and 2) the crime-fraud exception applies. The court finds that privileges have not yet been waived as to documents that the United States has not yet located. Moreover, SPI has not established the necessary two elements to invoke the crime-fraud exception: 1) that the United States Forest Service was engaged in or planning a criminal or fraudulent scheme when it sought the advice of the United States Attorney to further the scheme and 2) that the documents sought are sufficiently related to and were made in furtherance of the intended, or present, continuing illegality.

For these reasons, as well as the reasons stated on the record, it is hereby ORDERED that:

1. Sierra Pacific Industries' Motion to Compel Compliance with Court Order and Production of Documents, and for Sanctions is denied. *See* Dckt. No. 119.

2. The parties' requests to Seal Documents Pursuant to L.R. 141 are granted. The Clerk of the Court is directed to seal the following documents pursuant to Local Rule 141: Exhibits 10, 11, 16, 19, 26, 27 and 34-44 to the Declaration of William R. Warne; an unredacted version of the Joint Statement Re Discovery Dispute; Exhibits 5A, 5B, 6, 25, and 26 to the Declaration of Kelli Taylor; and unredacted versions of the declarations of Alice Carlton and Kelli Taylor.

////

1  The parties are permitted to file redacted versions of these documents in the public docket.

2  DATED: January 24, 2011.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3