IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,                                  No. CIV S-09-2445 KJM-EFB

    vs.

SIERRA PACIFIC INDUSTRIES, et al.,

    Defendants.                           <u>ORDER</u>

                                      /

AND RELATED CROSS-ACTIONS.

                                      /

         This matter comes before the court upon defendant Sierra Pacific Industries' ("SPI") request for reconsideration. (ECF 142.) In reaching the decision set forth below, the court has carefully reviewed the parties' briefing and supporting exhibits, and the record related to the discovery motion heard by the magistrate judge on January 21, 2011 and resolved by an order issued on January 25, 2011. Because the court has determined oral argument is not necessary for the fair resolution of the request for reconsideration, SPI's request for oral argument is denied. (ECF 160.)

I.    PROCEDURAL HISTORY

         On November 24, 2010, the magistrate judge issued an order granting in part SPI's motion to compel filed October 27, 2010 (ECF 86). (ECF 101.) On December 20, 2010,

1

1  SPI filed a motion to compel compliance with the court's November order.  (ECF 119.)  The
2  magistrate judge held a hearing on this motion on January 21, 2011 (ECF 136) and thereafter
3  issued an order denying the motion on January 25, 2011.  (ECF 138.)
4        SPI filed the present request for reconsideration on February 8, 2011.  (ECF 142.)
5  SPI specifically asks the court to issue an order: "(1) requiring the United States to produce by a
6  date certain all documents responsive to Requests for Production Nos. 9, 36-67, and 70-84,
7  regardless of any claim of privilege or protection; (2) allowing Sierra Pacific to conduct a
8  forensic examination of any computers used by [United States Forest Service ("USFS")]
9  employees who likely have documents responsive to these critical discovery requests . . . ."
10  (SPI's Mot. at 4, 17.)  On February 28, 2011, the government plaintiff filed its opposition and
11  notice of the lodging of the transcript of the hearing held on January 21, 2011.  (ECF 152, 156,
12  158.)

13  II.   ANALYSIS
14      A.   Standard
15        Federal Rule of Civil Procedure 72(a) directs district judges to consider timely
16  objections to nondispositive pretrial orders issued by magistrate judges and to "modify or set
17  aside any part of the order that is clearly erroneous or is contrary to law."  *See also* Local Rule
18  303(f) & 28 U.S.C. § 636(b)(1)(A).  "'A finding is 'clearly erroneous' when although there is
19  evidence to support it, the reviewing [body] on the entire evidence is left with the definite and
20  firm conviction that a mistake has been committed.'"  *Concrete Pipe and Prods. v. Constr.*
21  *Laborers Pension Trust*, 508 U.S. 602, 622 (1993) (quoting *United States v. United States*
22  *Gypsum Co.*, 333 U.S. 364, 395 (1948)).  "[R]eview under the 'clearly erroneous' standard is
23  significantly deferential . . . ."  *Id.* at 623.  "To succeed [on a motion for reconsideration], a party
24  must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior
25  decision."  *Enriquez v. City of Fresno*, 2011 U.S. Dist. LEXIS 29998, at *3 (E.D. Cal. Mar. 23,
26  2011).  Furthermore, when filing a motion for reconsideration, a party must show "what new or

different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." E.D. Cal. Local Rule 230(j)(3). However, "[a] motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

B.  Application

    i.  Magistrate Judge's Order

In its December 20 motion to compel, SPI moved the court for an order compelling the government to comply with the court's November 24, 2010 order to produce allegedly withheld personnel records. Specifically, SPI sought a finding that the government had waived attorney-client privilege and work product doctrine or that these privileges do not apply to the documents in question or, if they do apply, that the crime-fraud exception is applicable; SPI also sought an order that the government produce documents responsive to SPI's requests for production. (SPI's Mot. to Compel at 2-3, ECF 119.) SPI further sought a court order "allow[ing SPI] to conduct a forensic examination of the laptops and desktops and other computer systems belonging to the individuals that engaged in [concealing facts]." (Jan. 21, 2011 Hearing Transcript at 6:18-25, ECF 152.) The magistrate judge denied the motion to compel personnel records as moot, while finding that the government had properly preserved its privilege objections with respect to those records; the judge also found that the government had "conducted a reasonable search and made diligent inquiries to locate and produce responsive documents," and that SPI had not established the necessary elements of the crime-fraud exception. (Order, Jan. 24, 2011, ECF 138.)

/////
/////
/////

     ii.  Request for Reconsideration

    In accordance with Local Rule 303, SPI indicates the following as the specific part of the magistrate judge's ruling to which it objects:

> The United States represents that it has conducted a reasonable search and made diligent inquiries to locate and produce responsive documents. [] That representation is properly verified in the Taylor declaration which describes in detail the search that was conducted. The court finds those efforts to be diligent and in compliance with the plaintiff's discovery obligations. Accordingly, the motion to compel must be denied as to these documents as well.
>
> SPI requests that the court order the United States not to withhold any responsive documents that may be located in the future on the basis of privilege because . . . the crime-fraud exception applies. The court finds that . . . SPI has not established the necessary two elements to invoke the crime-fraud exception: 1) that the United States Forest Service was engaged in or planning a criminal or fraudulent scheme when it sought the advice of the United States Attorney to further the scheme and 2) that the documents sought are sufficiently related to and were made in furtherance of the intended, or present, continuing illegality.

(SPI's Mot. at 11 (quoting ECF 138).)

    The government argues that SPI does not explain how the magistrate judge's order is clearly erroneous or contrary to law. (Pl.'s Opp'n at 7.) It also maintains that the request for reconsideration improperly relies on material not previously presented to the magistrate judge, including events that did not occur until after the January 21, 2011 hearing. (*Id*. at 8.) The government characterizes SPI's crime-fraud argument as "frivolous." (*Id*.)

    Fundamentally, SPI's request is based on a belief that the government is concealing information in some sort of cover up scheme, but the only evidence it offers in support is the timing of disclosures made by the government, in conjunction with an analysis of the contents of produced documents compared to earlier responses to interrogatories and requests for admission. For example, SPI is concerned that "[o]ne day after the Court issued [the January 2011 order], the USFS produced more Red Rock documents even though everything had supposedly been produced. Today, on the date of this filing, the USFS produced yet another

4

round of responsive documents." (SPI's Mot. at 3.) Yet the record before the court demonstrates that the productions of which SPI complains are but a few productions in the context of at least ten serial, supplemental productions. (*See, e.g.*, Warne Decl. at ¶¶ 4-7, 9, 12, 16-17, 22-24, 29-31, ECF 133.) The record is not inconsistent with the magistrate judge's conclusion, that based on the productions to date, "the rolling production that both parties have been using to conduct discovery in this case [is] a very reasonable and efficient approach to use." (ECF 152 at 14:6-10.)

Regarding SPI's arguments that documents produced by the government more recently expose contradictions when compared with prior responses to interrogatories and requests for production (*see, e.g.,* ECF 152 at 21:22 - 22:17) , these asserted contradictions are based on the production of responsive documents, albeit on a "rolling basis," and so do not support a conclusion that the magistrate judge's denial of a motion to compel production of documents is clearly erroneous. While the contradictions may well provide grist for the mill at trial, they also are not sufficient to meet SPI's burden of establishing that the crime-fraud exception should apply in this case. To invoke the crime-fraud exception, "the party who seeks to invade the privilege 'must first make a prima facie showing of a violation sufficiently serious to defeat the privilege, and second, establish some relationship between the communication at issue and the prima facie violation.'" *In re Grand Jury Proceedings (Corporation)*, 87 F.3d 377, 380 n.4 (9th Cir. 1996) (quoting *In re Sealed Case*, 754 F.2d 395, 399 (D.C. Cir. 1985)). SPI has failed to make such a showing.

Finally, regarding SPI's challenge to the magistrate judge's conclusion that the government's document search was "diligent and in compliance with the plaintiff's discovery obligations," the record reflects government counsel's detailed written and oral descriptions of the searches conducted in response to discovery responses; the searches are represented to include searches of electronic material that would be responsive. (*See, e.g.,* ECF 125 at 13-22;
/////

ECF 152 at 18:10-19:19.) Here too, the magistrate judge's order was not contrary to law or clearly erroneous.

III.     CONCLUSION

For the foregoing reasons, SPI's requests for reconsideration and for oral argument are hereby DENIED.

IT IS SO ORDERED.

DATED: May 19, 2011.

_____
UNITED STATES DISTRICT JUDGE