Kamala D. Harris, State Bar No. 146672
Attorney General of California
Denise Ferkich Hoffman, State Bar No. 101671
Supervising Deputy Attorney General
Daniel M. Fuchs, State Bar No. 179033
Deputy Attorneys General
G. Lynn Thorpe, State Bar No. 112122
Deputy Attorneys General
Tracy L. Winsor, State Bar No. 186164
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-5372
 Fax: (916) 327-2319
 E-mail: tracy.winsor@doj.ca.gov
*Attorneys for third parties
California Department of Forestry and Fire
Protection (CAL FIRE) and California Attorney
General's Office*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**SIERRA PACIFIC INDUSTRIES, et al.,**<br><br>Defendant,<br><br>**AND RELATED CROSS-ACTIONS.** | Case No. 2:09-CV-02445-KJM-EFB<br><br>**DECLARATION OF TRACY L. WINSOR IN SUPPORT OF STATE THIRD PARTIES' MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER; AND REGARDING MEET AND CONFER**<br><br>Date: August 31, 2011<br>Time: 10 a.m.<br>Courtroom: 24<br>Judge: Honorable Magistrate<br> J. Edmund F. Brennan |

///

///

///

I, TRACY L. WINSOR, declare:

I am a Deputy Attorney General and the California Attorney General is counsel of record for Plaintiff California Department of Forestry and Fire Protection (CAL FIRE) in Plumas County Superior Court No. CV09-00205, a fire suppression cost recovery action arising from the September 3, 2007, Moonlight Fire. I have personal knowledge of the facts set forth in this declaration, and as to those facts, I believe them to be true. If called as a witness, I could and would testify competently to the matters set forth in this declaration. I submit this declaration in support of the California Attorney General and CAL FIRE's Motion to Quash Subpoena and for Protective Order.

1.      Attached hereto as Exhibit A is a true and correct copy from my file of the Court's Order Re Motion to Compel Documents and Testimony dated May 26, 2011.

2.      Attached hereto as Exhibit B is a true and correct copy from my file of Sierra Pacific Industries' ("SPI") Subpoena for documents directed to the California Attorney General's Office.

3.      Attached hereto as Exhibit C is a true and correct copy from my file of CAL FIRE's Second Amended Complaint for fire suppression and related costs arising from the Moonlight Fire filed in Plumas County Superior Court.

4.      Attached hereto as Exhibit D is a true and correct copy from my file of SPI's Memorandum of Points and Authorities in Opposition to CAL Fire's Motion for a Protective Order regarding the deposition of CAL FIRE Deputy Chief Joshua White.

5.      Attached hereto as Exhibit E is a true and correct copy from my file of the Plumas County Superior Court, Judge Ira Kaufman's Ruling after hearing on CAL FIRE's Motion for Protective Order regarding the deposition of Chief Josh White.

6.      Attached hereto as Exhibit F is a true and correct copy from my file of SPI's Memorandum of Points and Authorities in Support of Motion to Compel Production of Documents and Reply Memorandum of Points and Authorities to Compel Production of Documents.

///

7. Attached hereto as Exhibit G is a true and correct copy from my file of CAL FIRE's Memorandum of Points and Authorities Regarding Non-Waiver in Opposition to Motion to Compel Production of Documents.

8. Attached hereto as Exhibit H is a true and correct copy from my file of the Plumas County Superior Court, Judge Ira Kaufman's Ruling After Hearing on SPI's Motion to Compel Production of Documents.

9. Attached hereto as Exhibit I are true and correct copies of emails regarding the meet and confer for these motions. On June 8, 2011, by electronic mail, I contacted counsel for Sierra Pacific to schedule a meet and confer telephone call regarding this anticipated motion. On June 10, 2011, counsel for Sierra Pacific provided a time for the call and we had a meet-and-confer telephone call wherein I told Sierra Pacific's counsel, Annie Amaral and Tom Marrs, that the California Attorney General anticipated filing this motion for a protective order and to quash, explained the grounds for the motion, and discussed a hearing date and briefing schedule. Meet and confer regarding the hearing date and briefing schedule continued to the following week and on May 17-18, 2011, I confirmed the briefing schedule by phone and email with Tom Marrs of Downey Brand. After this preliminary exchange, the parties engaged in further meet and confer efforts that included an exchange of more detailed privilege logs and a discussion of each individual document. Without waiving any of their arguments, the parties reached an agreement resulting in some documents being produced and other documents no longer being sought. The parties were unable to reach an agreement regarding all documents and issues. The remaining, approximately twenty documents are now the subject of this motion.

10. Attached hereto as Exhibit J is a true and correct copy from my file of the Notice of Motion and Defendants' Joint Motion to Compel Production of Documents and Answers to Deposition Questions.

11. Attached hereto as Exhibit K is a true and correct copy from my file of the Memorandum of Points and Authorities in Support of Defendants' Joint Motion to Compel Production of Documents and Answers to Deposition Questions.

///

2

12. Attached hereto as Exhibit L is a true and correct copy from my file of a letter from counsel for Sierra Pacific, dated July 29, 2011, to counsel for the United States.

13. In late March 2011, Sierra Pacific hand-delivered opening papers for the Motion to Compel Production of Documents and Answers to Deposition Questions to me at a deposition. The papers did not contain a hearing date. To the best of my knowledge, none of the subsequent papers regarding the motion were served on the California Attorney General and I was not notified of or asked to participate in any of the meet-and-confer communications regarding the briefing schedule or hearing on this motion.

14. There is no agreement between the United States and the California Attorney General's Office, or CAL FIRE, that requires the sharing of any particular piece of information or document. The California Attorney General has possession, custody, and control of the documents on its privilege logs and it has not given and does not intend to give them to the United States.

15. There is no agreement between the United States and the Office of the Attorney General, or CAL FIRE, to share the services of CAL FIRE'S Chief White. Chief White is an employee of CAL FIRE. CAL FIRE is represented by the California Attorney General's Office regarding the Moonlight Fire litigation. The California Attorney General expects that any attempted contact with Chief White or any other CAL FIRE employee regarding the Moonlight Fire, whether the request is made by the United States or defense counsel, will be made only by first seeking permission from the California Attorney General's Office.

16. The California Attorney General's Office retained Dave Reynolds as a consultant in or about August 2010, for the purpose of the separate state-court litigation. There is no agreement between the United States and the Office of the Attorney General, or CAL FIRE, to share the consulting services of Dave Reynolds.

17. To the best of my knowledge based on the information available to me, the California Attorney General, on behalf of CAL FIRE, has already attempted, in good faith, to produce all documents identified by Chief White that he generated, read, reviewed, used, considered, relied upon, etc., in his origin and cause analysis of the Moonlight Fire.

3

18. Chief White has served as a case manager and discovery consultant to the California Attorney General in regards to the state court Moonlight Fire state case. In that capacity, he has undertaken tasks including but not limited to obtaining documents requested by the California Attorney General, facilitating contact by this office with various CAL FIRE employees, assisting with drafting and responding to written discovery, assisting with preparing for and taking of depositions, and other discovery-related assignments. It is my understanding that his role as a case manager and discovery consultant is separate from his role as a fire investigator.

19. To the best of my knowledge based on the information available to me, (and except for any documents that the California Attorney General received from the United States in the ordinary course of discovery served upon all parties), the California Attorney General, on behalf of CAL FIRE, has already produced any documents in its possession, custody, or control, relating to Dave Reynolds' origin and cause analysis of the Moonlight Fire. Regarding the Reynolds documents withheld, I am only aware of contract documents, invoices, and a scheduling/logistics email relating to his consulting work.

20. Defendants were asked and refused to combine the state and federal depositions of Chief White. Chief White was noticed by defendants for nine days of state deposition testimony on November 15-19, 22, 2010, and February 7-9, 2011. He then gave three days of federal deposition testimony on March 7-9, 2011. Defendants then noticed his deposition for four more days of state deposition testimony, on May 11-12, 17-18, 2011, plaintiff asked five hours of questions during the last round of state-court testimony. As of the time of this declaration, Chief White has given a total of sixteen days of deposition testimony.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 10, 2011, at Sacramento, California

*/S/ Tracy L. Winsor*
TRACY L. WINSOR
Deputy Attorney General

SA2009309552 / 31281444.docx

4