IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>SIERRA PACIFIC INDUSTRIES, et al.,<br><br>    Defendants.<br>_____/<br><br>AND RELATED CROSS-ACTIONS. | CASE NO. 2:09-cv-02445-KJM-EFB<br><br>**ORDER GRANTING THE UNITED STATES' MOTION TO COMPEL AND DENYING SIERRA PACIFIC INDUSTRIES MOTION TO COMPEL** |

This matter came before the Court on August 10, 2011, on dual motions to compel discovery responses filed by the United States and Sierra Pacific Industries. The parties submitted Stipulations for Partial Resolution on some of the disputes, which have been will be entered separately. This Order deals only with the remaining unresolved issues.

After consideration of the motions, the joint statements regarding the discovery disputes, the declarations and exhibits submitted by all parties, and oral argument, the Court ruled from the bench orders as follows:

The Court hereby grantsed the United States' motion to compel as follows:

1.    Sierra Pacific Industries was ordered to produce will produce non-privileged documents

responsive to the United States' requests for production ## 235 through 240, regarding damages Sierra Pacific sustained in the Fred's fire. To the extent Sierra Pacific claims that documents are protected by the work product doctrine, it was ordered to ~~shall~~ identify those documents on a privilege log and file that log on Wednesday, August 10, 2011. ~~Upon receipt of that log, the Court will determine whether the asserted protections exist and, if so, whether they have been waived.~~ Sierra Pacific has complied and filed the required privilege log. Upon further consideration and review of the privilege log, the court finds that the privileges were not waived. The United States represents~~ed~~ that it is not seeking attorney-client communications between Sierra Pacific and Downey Brand and those documents need not be logged or produced. After the hearing, the parties subsequently agreed that communications involving Downey Brand and its consultants would be logged categorically, and that Sierra Pacific would provide the United States with a supplemental privilege log that identifies these categories of communications and provides an estimate of the volume of documents fitting within these categories.

2. In response to requests for production ## 137 and 491, Sierra Pacific Industries w~~ill~~as ordered to make John Forno's personnel file and mill forester application available for inspection at the law offices of Downey Brand LLP at (or before) 8:30 a.m. on Friday, August 12, 2011. The United States was to ~~will~~ identify what portions of the file it wants~~ed~~ produced and only those portions were to ~~will~~ be marked confidential and produced subject to the stipulated protective order. (Docket Entry #101). The United States has represented that it only seeks those documents relating to Mr. Forno's performance as an employee of Sierra Pacific Industries and is not seeking any financial, health, or otherwise private information, relating to Mr. Forno.

3. On or before Friday, August 12, 2011, Sierra Pacific Industries was to ~~will~~ provide supplemental responses to the United States' requests ## 77 and 443 regarding the methodologies and calculation of damages it has sustained from any other fires occurring on Sierra Pacific owned or managed land in the last ten years and where Sierra Pacific Industries has made a claim, filed a lawsuit, calculated damages, or otherwise sought to collect monies as a result thereof. Sierra Pacific represents~~ed~~ that it will make all reasonable efforts to produce responsive documents as soon as reasonably possible. Sierra Pacific was to ~~will~~ make rolling productions as responsive documents are reviewed and processed. Sierra Pacific was to ~~will~~ promptly provide the United States a privilege log

1 | for any documents being withheld on the grounds of work product or privilege.
2 |     4. On or before Friday, August 12, 2011, Sierra Pacific Industries was to ~~will~~ provide a
3 | supplemental response to the United States' request # 441, regarding fires occurring in the last ten years
4 | on Sierra Pacific owned or managed land where the fire was determined, believed, suspected, or
5 | alleged to have been caused by metal parts on equipment striking rocks. To the extent responsive
6 | documents exist, Sierra Pacific Industries was to ~~will~~ make all reasonable efforts to produce them to
7 | the United States prior to Friday, August 12, 2011.
8 |     The Court ~~hereby~~ denied~~s~~ Sierra Pacific Industries' Motion to Compel against the United States
9 | without prejudice based on a failure to meet and confer.
10 |     Those rulings are hereby confirmed with this written order.
11 |     IT IS SO ORDERED.
12 | Date: August 24, 2011

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

Order on US and SPI Motions to Compel     -3-