IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|     Plaintiff, | No. CIV S-09-2445 KJM-EFB |
| vs. | |
| SIERRA PACIFIC INDUSTRIES, et al., | |
|     Defendants. | ORDER |
| AND RELATED CROSS-ACTIONS. | |

        This matter comes before the court upon the ex parte application of defendant Sierra Pacific Industries ("defendant" or "SPI") for an order shortening time for hearing on defendant's motion to amend the Status (Pretrial Scheduling) Order. (ECF 337.) Defendant's application is DENIED, as explained below.

        Local Rule 144 provides that "[a]pplications to shorten time shall set forth by affidavit of counsel the circumstances claimed to justify the issuance of an order shortening time. Ex parte applications to shorten time will not be granted except upon affidavit of counsel showing a satisfactory explanation for the need for the issuance of such an order and for the failure of counsel to obtain a stipulation for the issuance of such an order from other counsel or parties in the action." The court may grant an application for an order shortening time "for good

cause." FED. R. CIV. P. 6(c)(1)(C); *see, e.g., Fausto v. Credigy Servs. Corp.*, 2009 U.S. Dist. LEXIS 51079, *3 (N.D. Cal. Mar. 11, 2009); *see also Faulkner v. County of Kern*, 2006 U.S. Dist. LEXIS 3410, *5 (E.D. Cal. Jan. 17, 2006). At the same time, "a fundamental purpose of the adversary system [is] to give the court the best possible presentation of the merits and demerits of the case on each side. The opposing party can rarely make its best presentation on such short notice." *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F.Supp. 488, 491 (C.D. Cal. 1995). "[C]ourts generally require that the applicant demonstrate circumstances showing that (1) the applicant is not the cause of its own predicament, and (2) the order is 'needed' to avoid some type of harm." *Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc*., 2007 U.S. Dist. LEXIS 85849, *2 (E.D. Cal. Nov. 9, 2007).

Defendant supports its present request by arguing that "[i]f the Court does not hear the motion on shortened time, Sierra Pacific will be denied relief as the next Civil Law and Motion hearing date available on the Court's calendar is February 10, 2012." (Warne Decl. at ¶ 2, ECF 337-1.)

Defendant has failed to show good cause, and has not shown "it is without fault in creating the crisis that requires ex parte relief." *Mission Power*, 883 F. Supp. at 492. Most recently, parties filed a stipulation to extend expert discovery on the day of the expert discovery deadline; this was the fifth such request. As the court noted in its order denying this stipulation, "[t]he parties have had more than a year, since at least February 11, 2010 . . . to conduct expert discovery." (ECF 327.) In the stipulation, the parties maintained that there were over thirty expert depositions for them to conduct, yet requested only a three week extension. (*See* Stip., ECF 325.) Although the court granted the parties fourteen days to file an amended stipulation (ECF 327), no such stipulation followed, nor was the present underlying motion to modify Status (Pretrial Scheduling) Order filed within the fourteen day period. *Cf. Mission Power*, 883 F. Supp. at 493 ("To show that the moving party is without fault, or guilty only of excusable

/////

1 neglect, requires more than a showing that the other party is the sole wrongdoer. It is the creation
2 of the crisis–the necessity for bypassing regular motion procedures–that requires explanation.").
3      Defendant also has failed to demonstrate it will be "irreparably prejudiced if its
4 motion is heard on the regular motion calendar." *Mission Power*, 883 F. Supp. at 493.
5 Defendant has already filed one motion for summary judgment. If the court denies the pending
6 motion to amend the scheduling order, defendant has not demonstrated there will be any more
7 harm regardless of when the court hears the motion. If the court grants the motion, then it will
8 consider the reasonable time needed to conduct additional expert discovery, and the
9 corresponding need to reopen and extend discovery, and the reasonable additional time required
10 to file or supplement dispositive motions.
11      For the foregoing reasons, defendant's application is DENIED. Defendant is
12 instructed to notice its motion to modify Status (Pretrial Scheduling) Order on the court's regular
13 motion calendar.
14      IT IS SO ORDERED.
15 DATED: December 19, 2011.

UNITED STATES DISTRICT JUDGE