```
 1
 2
 3
 4
 5
 6
 7
 8                    IN THE UNITED STATES DISTRICT COURT
 9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10   UNITED STATES OF AMERICA,
11           Plaintiff,                    NO. CIV S-09-2445 KJM-EFB
12      v.
13   SIERRA PACIFIC INDUSTRIES; et al.,    ORDER
14           Defendants.
15   _____/
```

16         Defendants Sierra Pacific Industries ("SPI") and Eunice Howell, individually and
17 doing business as Howell's Forest Harvesting Company (hereinafter, "Howell"), have together
18 filed six motions for summary judgment (ECF 358, 362, 363, 365, 366 and 367), while SPI has
19 individually filed two additional motions for summary judgment (ECF 329 and 361), one of
20 which (ECF 329) Howell has joined (ECF 357).  Plaintiff has filed a request to strike defendants'
21 motions for summary judgment.  (ECF 370.)  SPI and Howell have filed an opposition to
22 plaintiff's request to strike.  (ECF 371.)
23         The scheduling order for this case, issued on February 11, 2010, instructed parties
24 that "**[u]nless permission has been granted, memoranda of law in support of and in**
25 **opposition to motions are limited to twenty-five (25) pages, and reply memoranda are**
26 **limited to ten (10) pages. The parties are also cautioned against filing multiple briefs to**

1

**circumvent this rule.**" (ECF 39 at 3 (emphasis in original).)  This court's standing order, available under "More Calendaring Information" at the court's public calendar posted on the court's website, states that dispositive motion moving papers and oppositions are not to exceed twenty (20) pages and replies are not to exceed ten (10) pages.  It further states: "The parties are not to file multiple or supplemental briefs to circumvent this rule."[1]  In its December 19, 2011 order denying SPI's ex parte application for an order shortening time, the court stated, "Defendant has already filed one motion for summary judgment. If the court denies the pending motion to amend the scheduling order, defendant has not demonstrated there will be any more harm regardless of when the court hears the motion. If the court grants the motion, then it will consider the reasonable time needed to conduct additional expert discovery, and the corresponding need to reopen and extend discovery, and the reasonable additional time required to file or supplement dispositive motions."  (ECF 342.)

As is well known, "[t]he court's caseload is substantial and judicial resources are limited;" the court should not be tasked with resolving a dispute "in which [a party] intentionally and casually breaches court rules." *Whitsitt v. Vinotheque Wine Cellars*, 2007 U.S. Dist. LEXIS 59997, at *4 (E.D. Cal. Aug. 7, 2007).  "Every paper filed with the [court], no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interest of justice." *In re McDonald*, 489 U.S. 180, 184 (1989).  It is within the court's discretion to "fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991).  Local Rule 110 states: "Failure of

---

[1] The above-captioned matter was reassigned to the undersigned on January 21, 2011. (ECF 137.)  While some confusion regarding page limits may have been created by the reassignment, the proper method for addressing any confusion would have been to seek clarification from the court.  Notably however, both the prior judge's order and this judge's order cautions parties against the filing of multiple briefs to circumvent the page limit.  To the extent clarification is needed at this late date, this judge's standing order governs the proceedings at this time.

2

counsel or a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

The court cannot help but conclude that SPI's and Howell's filing of multiple briefs circumvents the court's orders. Even if there were a plausible case for different readings of the court's orders, the failure to seek clarification from the court in advance is inexplicable.[2] Accordingly, SPI and Howell's motions, both joint and individual (ECF 329, 357, 358, 361, 362, 363, 365, 366 and 367), are STRICKEN. *See Leong v. Potter*, 347 F.3d 1117, 1125 (9th Cir. 2003) (finding district court did not abuse discretion by striking the plaintiff's request made in an untimely and over-long supplemental brief); *see also Lopez v. Potter*, 370 Fed. Appx. 840 (9th Cir. Mar. 11, 2010). Plaintiff's request is DENIED as moot.

Counsel for SPI and Howell are hereby ORDERED to show cause, within five (5) days, why sanctions should not be imposed against them in the amount of $1,000 each for the actions described above. Should SPI or Howell wish to refile individual motions or one joint motion for summary judgment, such motion(s) must be filed by January 27, 2012, noticed for the court's February 24, 2012 civil law and motion calendar, and comply with the page limits set by the court's standing order. SPI and Howell may still seek relief from the court's standing page

/////

/////

/////

---

[2] The attempt by SPI and Howell to distinguish between the filing of multiple briefs and multiple motions strains credulity. Their attempt to hang their hat on the court's minute order reconciling the dispositive motion filing deadline with the court's calendar is also misplaced. In an ex parte application, counsel for SPI, Howell, W.M. Beaty & Associates and the Landowner defendants indicated they were working to finalize dispositive motions by the January 4, 2012 filing deadline and asked the court to reconcile the conflict between the scheduling order and the court's calendar. (ECF 349.) The court granted defendants' ex parte application, allowing the parties to file their dispositive motions no later than January 13, 2012, as the court's next civil law and motion calendar is February 10, 2012. (ECF 350.) At no time did SPI or Howell seek the court's leave to file additional motions or briefing and the court did not grant such leave.

1 limits after meeting and conferring with opposing counsel; such requests must be supported by
2 good cause and be made prior to the filing of any motion(s) that exceed those limits.
3         IT IS SO ORDERED.
4 DATED: January 19, 2012.

_____
UNITED STATES DISTRICT JUDGE

4