DOWNEY BRAND LLP
WILLIAM R. WARNE (Bar No. 141280)
MICHAEL J. THOMAS (Bar No. 172326)
ANNIE S. AMARAL (Bar No. 238189)
621 Capitol Mall, 18th Floor
Sacramento, CA  95814-4731
Telephone: (916) 444-1000
Facsimile: (916) 444-2100
bwarne@downeybrand.com
mthomas@downeybrand.com
aamaral@downeybrand.com

Attorneys for Defendant/Cross-Defendant
SIERRA PACIFIC INDUSTRIES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>      v.<br><br>SIERRA PACIFIC INDUSTRIES, et al.,<br><br>           Defendant.<br><br>AND ALL RELATED CROSS-ACTIONS. | Case No.  2:09-CV-02445-KJM-EFB<br><br>**SIERRA PACIFIC INDUSTRIES AND EUNICE HOWELL'S JOINT NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>Judge:       Hon. Kimberly J. Mueller<br>Courtroom: 3<br>Date:        March 28, 2012<br>Time:       1:30 p.m.<br><br>Trial Date:   July 2, 2012 |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on March 28, 2012, at 1:30 p.m., or as soon thereafter as this Court may order, in Courtroom 3, 15th floor of the United States District Court, Eastern District of California, located at 501 I Street, Sacramento, California 95814, before the Honorable Kimberly J. Mueller, United States District Judge, defendants Sierra Pacific Industries and Eunice Howell, individually and d/b/a Howell's Forest Harvesting (collectively, "Defendants"), will, and

///

1216233.4                                        1

1  hereby do, move for summary judgment and, in the alternative, for summary adjudication,
2  pursuant to Federal Rule of Civil Procedure 56 and Local Rule 260.

3    This motion is brought on the grounds that there is no genuine issue of material fact and
4  Defendants are entitled to judgment as a matter of law regarding each of plaintiff's claims, and
5  that, even if Defendants were not entitled to complete summary judgment, there is no genuine
6  issue of material fact and Defendants are entitled to summary adjudication regarding various
7  issues in the case. Specifically, Defendants are entitled to summary judgment because:

8    (A) Plaintiff's claim for negligence per se fails because the uncontroverted evidence
9  shows that the activities Howell was engaged in when it allegedly ignited the Moonlight Fire do
10 not fall within the parameters of 14 Cal. Code Regs. section 938.8; because the uncontroverted
11 evidence shows that even if section 938.8 applies to Howell's activities, Defendants more than
12 complied with any fire-watch requirement the regulation imposed; because Howell's handwritten
13 Fire Protection Plan does not constitute a "statute, ordinance, or regulation of a public entity"
14 upon which negligence per se may be premised under California law; because even if Howell's
15 Fire Plan were a regulation, it would be unconstitutionally vague; and because to the extent
16 Howell's Fire Plan can be understood at all, Howell complied with it;

17   (B) Plaintiff has abandoned its claim for negligent hiring, and its claim for negligent
18 supervision fails because under the uncontroverted evidence Sierra Pacific had no duty to
19 supervise Howell, an independent contractor; because Sierra Pacific did not assume a duty to
20 supervise Howell, despite the lack of any legal duty to do so; and because the uncontroverted
21 evidence demonstrates that even if Sierra Pacific failed to adequately discharge a duty to
22 supervise, such breach had no causal connection to any harm to plaintiff;

23   (C) Plaintiff's claim for common law negligence fails because admissible expert
24 testimony regarding standard of care and breach is required to establish the professional
25 negligence of a licensed timber operator, and all of plaintiff's putative expert testimony on these
26 topics is inadmissible under Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell*
27 *Dow Pharmaceuticals*, 509 U.S. 579 (1993); and because, even if the Court accepts Plaintiff's
28 unreliable experts to opine on the standard of care, their opinions do not amount to more than a

DOWNEY BRAND LLP

scintilla of evidence;

(D)     Plaintiff cannot establish prima facie negligence under California Public Resources Code section 4435 because, even assuming that statute has any application in this case, the government's negligence claim is premised not on allegedly negligent ignition of a fire but on allegedly negligent failure to detect and suppress the fire once started.  Under these circumstances, Public Resources Code section 4435 either does not apply at all or any prima facie negligence is conclusively rebutted;

(E)     Plaintiff cannot establish a violation of law within the meaning of 36 C.F.R. section 261.5(c) because the uncontroverted facts establish that the fire started at least one and a half miles from the nearest federally owned land and the version of section 261.5(c) in effect at the time of the Moonlight Fire applied only to activity conducted on federally owned land.[1]

If the Court rules in Defendants' favor on each of the foregoing issues, Defendants will be entitled to summary judgment.  Even if the Court does not grant summary judgment, Defendants request summary adjudication of each of the foregoing issues.  In addition, if the Court does not grant summary judgment, Defendants move for summary adjudication of the following issues:

(F)     Plaintiff may not rely on the doctrine of res ipsa loquitur because, in a complex fire case such as this, California law requires a plaintiff to establish origin and cause through expert testimony.  The uncontroverted evidence demonstrates that all of the putative expert testimony Plaintiff has adduced on the issues of origin and cause point to a single origin and a single cause.  Accordingly, if plaintiff is to have any chance of prevailing, it must establish the single origin and single cause its putatively expert testimony purports to support.  Defendants also are entitled to summary adjudication regarding the inapplicability of the doctrine of res ipsa loquitur because, as a matter of law, Defendants have adduced sufficient evidence to rebut any res ipsa loquitur presumption;

(G)     As a matter of law, even were Plaintiff to prevail on liability, it would not be entitled to double its alleged damages because California Civil Code section 3346 does not apply

---

[1] To the extent the Court may construe this issue as presenting a motion for judgment on the pleadings rather than a motion for summary adjudication, Defendants hereby move for judgment on the pleadings.

1216233.4                              3

DOWNEY BRAND LLP

to damages caused by fire.  Alternatively, and assuming arguendo that Civil Code Section 3346 applies to damages caused by fire (which it does not), at the most the United States may double its timber damages claim, but not its damages claims for fire suppression costs, reforestation, BAER costs, environmental/ecological damages, and interest thereon.

This motion is based on this Notice of Motion and Motion, Memorandum of Points and Authorities, Separate Statement of Undisputed Facts, Declarations of William R. Warne, Eunice Howell, and Edward Murphy, and all exhibits thereto, Request for Judicial Notice, Proposed Order, all other documents in the record in this case, and any matter that may be presented to the Court at the time of hearing.

DATED:  February 29, 2012              DOWNEY BRAND LLP

By:      */s/ William R. Warne*
         WILLIAM R. WARNE
         Attorneys for Defendant/Cross-Defendant
         SIERRA PACIFIC INDUSTRIES

DATED:  February 29, 2012              RUSHFORD & BONOTTO, LLP

By:  */s/ Phillip Bonotto (as authorized on 2/29/2012)*
     PHILLIP BONOTTO
     Attorneys for Defendants/Cross-Defendants
     EUNICE HOWELL, INDIVIDUALLY and d/b/a
     HOWELL'S FOREST HARVESTING

1216233.4

4

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT/ADJUDICATION