Law Offices of
**MATHENY SEARS LINKERT & JAIME, LLP**
RICHARD S. LINKERT, ESQ. (SBN 88756)
KATHERINE E. UNDERWOOD, ESQ. (SBN 249308)
3638 American River Drive
Sacramento, CA  95864
Telephone:	(916) 978-3434
Facsimile:	(916) 978-3430

Attorneys for Defendants and Crossclaimants, ANN MCKEEVER HATCH, AS TRUSTEE OF THE HATCH 1987 REVOCABLE TRUST; et al.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>SIERRA PACIFIC INDUSTRIES, et al.,<br><br>    Defendants.<br>_____<br>ANN MCKEEVER HATCH, AS TRUSTEE OF THE HATCH 1987 REVOCABLE TRUST, et al.,<br><br>    Crossclaimants,<br><br>v.<br><br>EUNICE E. HOWELL, INDIVIDUALLY AND DOING BUSINESS AS HOWELL'S FOREST HARVESTING COMPANY,<br><br>    Crossdefendants. | Case No.  2:09-CV-02445-KJM-EFB<br><br>**STIPULATION FOR BIFURCATION OF INDEMNITY AND ORDER** |

Pursuant to Local Rule 281(b)(18) and Rule 42(b) of the Federal Rules of Civil Procedure, Landowner Defendants and Eunice Howell, individually and d.b.a. Howell's Forest Harvesting Company ("Howell's"), by and through their undersigned counsel, hereby submit the following

1

*Stipulation for Bifurcation of Indemnity and Order*

Stipulation and Proposed Order (1) bifurcating the Landowner Defendants' crossclaims for Total and Partial Equitable Indemnity and Contribution, Negligence, Implied Contractual Indemnity, and Declaratory Relief against Howell's (collectively, the "Indemnity Claims") from Plaintiff United States of America's ("United States") underlying claims of common law and statutory negligence against all defendants (the "Plaintiff's Claims"); and (2) deferring pretrial briefing of issues relating to the Indemnity Claims until trial of the Plaintiff's claims concludes in the above captioned Moonlight Fire Case.

## RECITALS

1. On or about August 31, 2009, the United States commenced the Moonlight Fire Case by filing a Complaint alleging that Beaty, Landowner Defendants, and Sierra Pacific, together with Eunice Howell, individually and doing business as Howell's Forest Harvesting Company (collectively "Defendants") are jointly and severally liable for damages resulting from the Moonlight Fire, which ignited on September 3, 2007, in Plumas County. Defendants answered the United States' Complaint and denied liability, and also asserted affirmative defenses.

2. On or about January 15, 2010, Landowner Defendants filed their Indemnity Claims alleging that Howell's must defend and indemnify Landowner Defendants for, *inter alia*, any judgment entered against Defendants with respect to the Plaintiff's Claims. On or about February 4, 2010, Howell's answered Landowner Defendants' crossclaims and denied liability, and also asserted affirmative defenses.

3. On February 13, 2012, Judge Mueller ordered the parties to the Moonlight Fire Case to file a joint pretrial statement by May 24, 2012. Local Rule 281(b)(18) requires the parties to determine whether separate trials of any issues in the case is feasible and advisable.

4. Bifurcation promotes efficiency and fairness, and could significantly reduce time-demands on the Court and the jury in the Moonlight Fire Case. Regardless of the outcome of the Plaintiff's Claims, that disposition will affect the claims at issue in the Indemnity Claims. At that point, either the United States will not have prevailed and the Indemnity Claims may not need to be pursued, thereby rendering further proceedings unnecessary, or the United States will have

prevailed and a finding will be entered regarding how the Moonlight Fire was caused, which will enable Landowner Defendants and Howell's to determine whether the Indemnity Claims can be settled or resolved pursuant to a stipulated resolution or, alternatively, whether an indemnity trial will be necessary.

5. In addition, Landowner Defendants and Howell's further agree that bifurcating the trial of the claims will also avoid prejudice that would be caused to Defendants during trial of the Plaintiff's Claims by forcing Defendants to discuss insurance issues in front of the jury while it is considering liability for the Moonlight Fire, in violation of Rule 411 of the Federal Rules of Evidence. This is because insurance issues are linked with the indemnity provision in the TSA, and the Federal Rules of Evidence Advisory Committee Notes explain that this information is prejudicial insofar as it "would induce juries to decide cases on improper grounds." Fed. R. Evid. 411 Advisory Committee's Notes 1972. In comparison, bifurcating the claims would permit the jury in the Moonlight Fire Case to evaluate liability issues regarding the Plaintiff's Claims without regard to the indemnity issues and insurance issues related to the Indemnity Claims. Bifurcation would also avoid further prejudice that Defendants may suffer by being forced to use time in an already complex case on indemnity issues that may never need to be litigated following resolution of the Plaintiff's Claims in the Moonlight Fire Case.

6. For the foregoing reasons, Landowner Defendants and Howell's agree that pursuant to Local Rule 281(b)(18), bifurcating and trying separately the Indemnity Claims from the Plaintiff's Claims in the Moonlight Fire Case will be both feasible and advisable, and pursuant to FRCP 42(b), will be more convenient, expeditious, and economical for the parties and the Court, and will avoid prejudice for Defendants.

7. If the Indemnity Claims are bifurcated, Landowner Defendants and Howell's further agree to postpone pretrial briefing of the indemnity issues until it is determined whether a trial on those claims will be necessary. Doing so is more efficient and expeditious for the parties and the Court because these issues may never need to be briefed if trial of the Indemnity Claims becomes unnecessary.

///

Pursuant to the foregoing recitals, the parties hereby agree and stipulate to the following:

**STIPULATION**

Based on the foregoing recitals, the parties hereby STIPULATE that:

1. Indemnity will be bifurcated and tried, if necessary, after the liability and/or damages phase(s) of the Moonlight Fire Case has/have been completed;

2. Landowner Defendants and Howell's retain their rights to a trial by jury of the Indemnity Claims, if a trial is necessary;

3. The issues pertaining to the Indemnity Claims that would otherwise need to be included in the joint pretrial statement that is due to be filed in the Moonlight Fire Case on May 24, 2012, need not be briefed at this time, and Landowner Defendants and Howell's agree to defer this briefing until after trial of the Plaintiff's claims concludes and it is determined whether trial of the Indemnity Claims will be required, or until such time as the Court directs. Defendants will work cooperatively together and with the Court to set a date for filing a joint pretrial statement that includes issues pertinent to the Indemnity Claims.

IT IS SO STIPULATED.

Dated: May 15, 2012    MATHENY, SEARS, LINKERT & JAIME LLP

By: */s/ Richard Linkert*
RICHARD S. LINKERT
Attorneys for Defendants/Crossclaimants,
W.M. BEATY & ASSOCIATES, INC. AND
LANDOWNER DEFENDANTS.

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME, LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

| | |
|---|---|
| Dated: May 15, 2012 | RUSHFORD & BONOTTO, LLP |
| | |
| | By: /s/ *Phillip R. Bonotto* |
| | PHILLIP R. BONOTTO |
| | Attorneys for |
| | Defendants and Crossdefendants, |
| | EUNICE HOWELL dba HOWELL'S |
| | FOREST HARVESTING |
| | |
| Dated: May 15, 2012 | KEKER & VAN NEST LLP |
| | |
| | By: /s/ *Steven P. Ragland* |
| | STEVEN P. RAGLAND |
| | Attorneys for LANDOWNER |
| | DEFENDANTS |

5

*Stipulation for Bifurcation of Indemnity and Order*

## ORDER

This matter came before the Court on the parties' Stipulation to bifurcate trial of Landowner Defendants' Indemnity Claims from trial of the Plaintiff's Claims in the Moonlight Fire Case, as those terms are defined in the parties' Stipulation. For the reasons stated in the Stipulation and good cause having been shown, the Court ADOPTS the Stipulation and GRANTS the relief requested as follows:

4. Indemnity will be bifurcated and tried, if necessary, after the liability and/or damages phase(s) of the Moonlight Fire Case has/have been completed;

5. Landowner Defendants and Howell's all retain their rights to a trial by jury of the Indemnity Claims, if a trial is necessary;

6. The issues pertaining to the Indemnity Claims that would otherwise need to be included in the joint pretrial statement that is due to be filed in the Moonlight Fire Case on May 31, 2012, need not be briefed at this time; briefing of these issues shall be deferred until after trial of the Plaintiff's Claims concludes and it is determined whether trial of the Indemnity Claims will be required, or until such time as the Court directs. If the resolution of the Plaintiff's Claims in the Moonlight Fire Case does not obviate the need to try the Indemnity Claims, or Landowner Defendants and Howell's are not otherwise able to resolve the Indemnity Claims informally, they shall work cooperatively together and with the Court to set a date for filing a joint pretrial statement that includes issues pertinent to the Indemnity Claims.

**IT IS SO ORDERED.**

DATED: May 22, 2012.

_____
UNITED STATES DISTRICT JUDGE