1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,

11            Plaintiff,                              NO. CIV S-09-2445 KJM-EFB

12        v.

13   SIERRA PACIFIC INDUSTRIES; et al.,              <u>ORDER</u>

14            Defendants.

15   _____/

16            This matter comes before the court on defendant W.M. Beaty and Associates'

17   ("Beaty") motion for partial summary judgment.  (ECF 380.)  It is decided without hearing.  For

18   the following reasons, Beaty's motion is denied as moot as to plaintiff's negligent hiring claim

19   and denied as to capping property damage at the pre-fire fair market value.

20   I.   <u>FACTS[1] AND PROCEDURAL HISTORY</u>

21            The Moonlight Fire ignited on September 3, 2007.  (Beaty's Reply to Plaintiff's

22   Response to Beaty's Statement of Undisputed Facts ¶ 5, ECF 413-1 (hereinafter "ECF 413-1-

23   A").)  It burned 46,000 acres of land in the Lassen and Plumas National Forests.  (Beaty's

24   /////

25   _____

26        [1] All facts are undisputed unless otherwise noted.  The court's practice is to only address
     objections to that evidence it has considered.

Response to Plaintiff's Statement of Undisputed Facts ¶ 2, ECF 413-1 (hereinafter "ECF 413-1-B").)

Plaintiff filed its original complaint on August 31, 2009. (ECF 1.) On May 26, 2010, plaintiff filed the operative second amended complaint against defendants Sierra Pacific Industries ("SPI"); Beaty; Eunice E. Howell individually and doing business as Howell's Forest Harvesting Company (together, "Howell"); and a set of defendants identified here as the "landowner defendants."[2] (ECF 53 ¶¶ 5-8.) The second amended complaint alleges seven (7) causes of action: 1) negligence against all defendants; 2) liability under the Fire Liability Law, California Health & Safety Code §§ 13007-13009.1 and Civil Code §§ 3287 & 3288 against all defendants; 3) negligence and negligence per se under 14 Cal. Code Regs. § 938.8 and the Fire Protection Plan against all defendants; 4) trespass by fire against all defendants; 5) negligent supervision against SPI, Beaty, landowners, and Eunice Howell; 6) negligent hiring against SPI, Beaty, and landowners; and 7) interest and penalties against all defendants. (*Id.*) Plaintiff claims approximately $662,480,066 in damages, consisting of the following: $22,535,051 for fire suppression costs; $50,984,757 for lost timber value; $68,261,085 for reforestation costs; $1,525,093 for burned area emergency rehabilitation; $1,000,000 for environmental and

/////

---

[2] The landowner defendants include: Anne McKeever Hatch, individually and as trustee of the Hatch 1987 Revocable Trust, Richard L. Greene, individually and as trustee of the Hatch Irrevocable Trust, Brooks Walker, Jr., individually and as trustee of the Brooks Walker, Jr. Revocable Trust and the Della Walker Van Loben Sels Trust for the Issue of Brooks Walker, Jr., Brooks Walker III, individually and as trustee of the Clayton Brooks Danielsen Trust, the Myles Walker Danielsen Trust, the Margaret Charlotte Burlock Trust, and the Benjamin Walker Burlock Trust, Leslie Walker, individually and as trustee of the Brooks Thomas Walker Trust, the Susie Kate Walker Trust, and the Della Grace Walker Trust, Wellington Smith Henderson, Jr., individually and as trustee of the Henderson Revocable Trust, Elena D. Henderson, Mark W. Henderson, individually and as trustee of the Mark W. Henderson Revocable Trust, John C. Walker, individually and as trustee of the Della Walker Van Loben Sels Trust for the Issue of John C. Walker, James A. Henderson, Charles C. Henderson, individually and as trustee of the Charles C. and Kirsten Henderson Revocable Trust, Joan H. Henderson, Jennifer Walker, individually and as trustee of the Emma Walker Silverman Trust and the Max Walker Silverman Trust, Kirby Walker, Lindsey Walker (a.k.a. Lindsey Walker-Silverman), individually and as trustee of the Reilly Hudson Keenan Trust and the Madison Flanders Keenan Trust.

1  ecological damages; $77,663,271/$87,934,047 in interest; and $331,240,033 in double damages.

2  (ECF 413-1-A ¶ 11.)

3          Beaty and the landowner defendants filed their answers to the second amended

4  complaint on June 10, 2010 (ECF 54 & 55 respectively); Howell and SPI filed their answers to

5  the second amended complaint on June 15, 2010 (ECF 56 & 57 respectively).

6          Beaty filed the present motion for partial summary judgment on plaintiff's

7  negligent hiring claim and to cap property damage on January 27, 2012.  (ECF 380.)  SPI and

8  Howell joined in Beaty's motion to cap property damage on January 27, 2012.  (ECF 386.)

9  Plaintiff filed its opposition on February 10, 2012.  (ECF 405.)[3]  Beaty filed its reply on

10 February 17, 2012.  (ECF 413.)

11 II.  ANALYSIS

12      A.      Standard

13          A court will grant summary judgment "if . . . there is no genuine dispute as to any

14 material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).

15 The "threshold inquiry" is whether "there are any genuine factual issues that properly can be

16 resolved only by a finder of fact because they may reasonably be resolved in favor of either

17 party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).[4]

18          The moving party bears the initial burden of showing the district court "that there

19 is an absence of evidence to support the nonmoving party's case."  *Celotex Corp. v. Catrett*, 477

20 U.S. 317, 325 (1986).  The burden then shifts to the nonmoving party, which "must establish that

21 there is a genuine issue of material fact . . . ."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

22

23          [3] Plaintiff filed an opposition, amended opposition, and second amended opposition on
February 10, 2012.  (ECF 400, 402 and 405.)  The court considers only the second amended
24 opposition.  (ECF 405.)

25          [4] Rule 56 was amended, effective December 1, 2010.  However,  it is appropriate to rely
on cases decided before the amendment took effect, as "[t]he standard for granting summary
26 judgment remains unchanged."  FED. R. CIV. P. 56, Notes of Advisory Comm. on 2010
amendments.

1   475 U.S. 574, 585 (1986).  In carrying their burdens, both parties must "[cite] to particular parts

2   of materials in the record [or show] that the materials cited do not establish the absence or

3   presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to

4   support that fact."  FED. R. CIV. P. 56(c)(1); *see also Matsushita*, 475 U.S. at 586 ("[the

5   nonmoving party] must do more than simply show that there is some metaphysical doubt as to

6   the material facts").  Moreover, "the requirement is that there be no *genuine* issue of *material*

7   fact . . . . Only disputes over facts that might affect the outcome of the suit under the governing

8   law will properly preclude the entry of summary judgment."  *Anderson*, 477 U.S. at 247-48.

9           In deciding a motion for summary judgment, the court draws all inferences and

10  views all evidence in the light most favorable to the nonmoving party.  *Matsushita*, 475 U.S. at

11  587-88; *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008).  "Where the record taken as a

12  whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine

13  issue for trial.'"  *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Arizona v. Cities Serv.*

14  *Co.*, 391 U.S. 253, 289 (1968)).

15          B.      Application

16                  1.      Negligent Hiring

17          Plaintiff has abandoned its negligent hiring claim against Beaty.  (*See* Pl.'s Opp'n

18  at 1:21-24, ECF 400; Pl.'s Response to Beaty's Statement of Material Facts at 2, ECF 400-1.)

19  Accordingly, Beaty's motion for partial summary judgment as to plaintiff's negligent hiring

20  claim is denied as moot.  Because the motion is not directed to any negligent retention claim, the

21  court does not reach any such claim here.

22                  2.      Property Damage Calculation

23          Beaty contends plaintiff's claim for property damages should be capped at the

24  pre-fire fair market value of the property.  (Mot. at 8; Reply at 2.)  Specifically, Beaty contends

25  that the Moonlight Fire burned "typical timberland" and the assessment of damages should be

26  consistent with this fact.  (Mot. at 9.)  It states that common law tort principles require that the

4

total property damage not exceed the pre-injury fair market value.  (*Id.* at 10.)  It further

maintains that the concepts of "full compensation" and "any and all damages" "work hand-in-

hand with the basic principle of not awarding more than what a Plaintiff possessed before an

injury."  (Reply at 3.)  Plaintiff contends it should be compensated for all damages suffered

without regard to market value.  (Opp'n at 6.)

California law applies to plaintiff's claims for damages.  *United States v. Union

Pacific R.R. Co.*, 565 F. Supp. 2d 1136, 1142 (E.D. Cal. 2008) (citing *United States v.

California*, 655 F.2d 914, 917-20 (9th Cir. 1980)).  California Health and Safety Code § 13007

provides: "Any person who personally or through another willfully, negligently, or in violation

of law, sets fire to, allows fire to be set to, or allows a fire kindled or attended by him to escape

to, the property of another, whether privately or publicly owned, is liable to the owner of such

property for any damages to the property caused by the fire."  The measure of damages "is the

amount which will compensate for all the detriment proximately caused thereby, whether it

could have been anticipated or not."  Cal. Civ. Code § 3333.

"For tortious injury to real property, the general rule is that the plaintiff may

recover the lesser of (1) the diminution in the property's fair market value, as measured

immediately before and immediately after the damage; or (2) the cost to repair the damage and

restore the property to its pretrespass condition, plus the value of any lost use. The practical

effect of this rule is to limit damages to property to the fair market value of the property prior to

the damage." *Kelly v. CB&I Constructors, Inc.*, 179 Cal. App. 4th 442, 450 (2009).  However,

"[t]here is no fixed, inflexible rule for determining the measure of damages for injury to, or

destruction of, property . . . ." *Heninger v. Dunn*, 101 Cal. App. 3d 858, 862 (1980) (internal

quotation omitted); *see also Santa Barbara Pistachio Ranch v. Chowchilla Water Dist.*, 88 Cal.

App. 4th 439, 446-47 (2001) ("The measure [of damages] that most appropriately compensates

the injured party for the loss sustained should be adopted.").  "[I]f a plaintiff has a personal

reason to restore the property to its former condition, he or she may recover the restoration costs

5

1   even if such costs exceed the diminution in value." *Kelly*, 179 Cal. App. 4th at 450-51 (also

2   holding that restoration costs must still be reasonable, as determined by the trier of fact); *see also*

3   *Orndorff v. Christiana Cmty. Builders*, 217 Cal. App. 3d 683, 688 (1990). Moreover, damages

4   may be "measured by the value of the trees on the premises in their growing state" and "costs of

5   replacing the trees or restoring the property to its condition prior to the injury." *Santa Barbara*

6   *Pistachio Ranch*, 88 Cal. App. 4th at 447.

7            The theory used to measure damages must "fit the particular circumstances of a

8   case." *Id*. at 447; *see also Givens v. Markall*, 51 Cal. App. 2d 374, 379 (1942) ("There is no

9   fixed rule with respect to the measure of damages for the wrongful injury or destruction of

10  property. Each case must be determined on its particular facts."). "[T]his court must consider, as

11  many courts have, the unique character of the land at issue." *Union Pacific*, 565 F. Supp. 2d at

12  1143. Beaty does not dispute that the burned land included spotted owl Protected Activity

13  Centers, large and mature trees, Northern goshawk Protected Activity Centers, and American

14  marten habitat. (*See, e.g.*, ECF 413-1-B ¶¶ 14-23.) Moreover, Beaty does not dispute the fact

15  that the burned lands had been held and preserved for public benefit, "open space, habitat,

16  animal species, recreation, and use and enjoyment by future generations." (*Id.* ¶ 30.) In addition

17  to timber value, plaintiff seeks compensation for "the loss of pre-merchantable trees,

18  reforestation costs, [and] interim environmental or ecological degradation during the century

19  required for a forest to return to its pre-fire state." (Opp'n at 17.) Whether or not a national

20  timberland market exists within which National Forest land is sold is irrelevant to the fact that

21  "the primary object of an award of damages in a civil action, and the fundamental principle on

22  which it is based, are just compensation or indemnity for the loss or injury sustained by the

23  complainant, and no more." *Mozzetti v. City of Brisbane*, 67 Cal. App. 3d 565, 576 (1977)

24  (emphasis omitted). Given that "[t]here are many separate, identifiable categories of damages

25  potentially awardable to fully compensate plaintiff for its injuries," *Union Pacific*, 565 F. Supp.

26  2d at 1145, whether or not capping damages at the market value of the land, assuming such a

1   value can be determined, would compensate plaintiff for all the detriment proximately caused by

2   the Moonlight Fire is a question of fact for the jury.

3          Beaty contends that whatever methodology is used, it "does not affect the

4   overarching rule that Plaintiff may not recover more than the pre-injury Fair Market Value."

5   (Mot. at 13.)  Beaty states that allowing damages that exceed the pre-fire fair market value

6   "would unjustly place Plaintiff in a better position than had the fire never occurred."  (*Id.* at 15.)

7   However, Beaty does not provide convincing support for these assertions.  The facts of this case

8   suggest that a "reasonable" award of damages, which complies with both California Civil Code

9   §§ 3359 and 3333, could very well exceed the pre-fire fair market value if one can be

10  determined.  While the court recognizes that damages are generally calculated with reference to

11  the property's fair market value, *see Kelly*, 179 Cal. App. 4th at 450, this "market value" gauge

12  is merely one way to ensure that the damages will fully and reasonably compensate an injured

13  party as required by California statutes; it does not follow that such a calculation is a blanket

14  requirement in determining every award of damages.  *See Safeco Ins. Co. v. J & D Painting*, 17

15  Cal. App. 4th 1199, 1202 (1993) (finding that the general rule allowing recovery of either the

16  cost of repair or diminution in value is a way to ensure the injured party is not placed in a better

17  position than he would have been if the wrong had not been done and that "[a]llowing both

18  measures of recovery would generally violate this principle"); *see also Union Pacific*, 565 F.

19  Supp. 2d at 1143-45 (discussing applicable California and Ninth Circuit cases where courts did

20  not consider the fair market value of damages for fire injuries to forest lands); *Feather River*

21  *Lumber Co. v. United States*, 30 F.2d 642, 644 (9th Cir. 1929) ("[W]hile the measure of damages

22  in such a case is ordinarily the difference in the value of the land before and after the fire, here,

23  there being no law to authorize the sale of the lands injured by the fire, the trial court admitted

24  such evidence as was available to show the damage actually sustained, that is to say, what was

25  required to make the government whole . . . .").  As previously stated, whether or not damages in

26  /////

7

1    the amount of the pre-fire fair market value of the land in question, if one can be determined,

2    will serve to fully compensate plaintiff is a disputed question of fact to be decided by the jury.

3    III.   BEATY'S OBJECTION TO PLAINTIFF'S PROPOSED ORDER

4             On March 1, 2012, Beaty filed an objection to plaintiff's proposed order (ECF

5    416).  (ECF 421.)  Beaty asks the court to strike plaintiff's proposed order because "it contains

6    new and additional, substantive and lengthy arguments that should have been included, if at all,

7    in plaintiff's memorandum of points and authorities in opposition to the motion for partial

8    summary judgment" and "effectively allows plaintiff to exceed the page limit for opposition

9    memoranda."  (*See generally id*.)

10             The court has not consulted plaintiff's proposed order.  Beaty's request is denied

11   as moot.

12   IV.   CONCLUSION

13             For the foregoing reasons, Beaty's motion for partial summary judgment is denied

14   as moot as to plaintiff's negligent hiring claim and denied as to capping property damage at the

15   pre-fire fair market value.

16             IT IS SO ORDERED.

17   DATED:  May 22, 2012.

18

19   _____
            UNITED STATES DISTRICT JUDGE
20

21

22

23

24

25

26