IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,                                   No. CIV S-09-2445 KJM-EFB

    vs.

SIERRA PACIFIC INDUSTRIES, et al.,      <u>ORDER</u>

    Defendants.

_____/

        This matter comes before the court on defendants' June 18, 2012 request for partial reconsideration of the court's June 4, 2012 order granting in part plaintiff's motion for partial summary judgment (ECF 522). (ECF 549).

I.  <u>PARTIES' ARGUMENTS</u>

        Defendants contend plaintiff did not move for summary judgment on defendants' affirmative defense of failure to mitigate insofar as plaintiff's failure to mitigate involved salvage logging. (ECF 549 at 2.) Defendants contend they accordingly did not present more evidence regarding salvage because they never had the burden of producing evidence. (*Id*.) Defendants contend the court committed clear error in finding defendants failed to carry a burden that never shifted to them. (Reply, ECF 558 at 4.) Plaintiff contends it moved for summary judgment on defendants' entire mitigation defense. (Opp'n, ECF 556 at 2.) Plaintiff contends defendants had

1

the burden of establishing a genuine issue of material fact and failed to do so.  (*Id.* at 4.)  Moreover, defendants themselves introduced salvage as a mitigation issue in their opposition to the motion for partial summary judgment.  (*Id.* at 5.)  For the reasons set forth below, the court grants reconsideration and affirms its prior conclusion.

II.  MOTION FOR PARTIAL SUMMARY JUDGMENT AND ORDER

Plaintiff's argument on summary judgment was that defendants' mitigation defense failed because it was based on pre-injury conduct.  (ECF 351-1 at 12-13.)  Defendants contended in their opposition that plaintiff was incorrect in contending that all the conduct at issue occurred prior to the injury.  (ECF 384 at 19-20.)  Rather, the United States Forest Service failed to mitigate by failing to promptly salvage timber after the fire.  (*Id.* at 20.)  In its reply, plaintiff contended defendants failed to meet their burden with regard to salvage and that its decisions regarding salvage were part of its discretionary functions and could not be challenged.  (ECF 392 at 10.)  The court found defendants failed to raise a triable issue of fact based on the expert declaration they attached to their opposition.  (ECF 522 at 11-12.)

III.  ANALYSIS

A.  Standard

Federal Rule of Civil Procedure 60(b) provides: "On motion and just terms, the court may relieve a party . . . from a final judgment . . . for . . . (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justified relief."  "The major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quotation marks and citation omitted).

B.  Request for Reconsideration

Courts generally will not consider new facts or legal arguments raised for the first time in a reply brief unless they are "limited to matters raised in the opposition papers."  *Lerma*

*v. Arends*, No. 1:11-cv-00533-LJO-MJS, 2011 U.S. Dist. LEXIS 66379, at *15 (E.D. Cal. Jun. 22, 2011). On summary judgment, the moving party bears the initial burden of showing the district court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party, which "must establish that there is a genuine issue of material fact . . . ." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986). In carrying their burdens, both parties must "[cite] to particular parts of materials in the record [or show] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support that fact." FED. R. CIV. P. 56(c)(1); *see also Matsushita*, 475 U.S. at 586 ("[the nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts").

Here, plaintiff did not argue in its moving papers that there was no genuine issue of material fact; rather, plaintiff argued that defendants' mitigation defense failed as a matter of law. Defendants raised salvage as a basis for their defense to show that it did not fail as a matter of law. Therefore, the burden of presenting sufficient evidence never transferred to defendants and it was error for the court to have granted summary judgment on the basis of failure to produce evidence. Accordingly, defendants' request for reconsideration is granted.

C. Motion for Partial Summary Judgment Partially Reconsidered

Upon reconsideration, the court does not disturb its grant of summary judgment on defendants' failure to mitigate affirmative defense.

Defendants raised salvage as an issue in their opposition, which plaintiff responded to in its reply by contending its decisions regarding salvage were part of its discretionary functions and therefore may not be challenged. (ECF 392 at 10.) *See Lerma*, 2011 U.S. Dist. LEXIS 66379, at *15.

As stated in the court's order at issue, the Federal Tort Claims Act (FTCA) provides: "The United States shall be liable, respecting the provisions of this title relating to tort

claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C. § 2674.  The FTCA waives the government's sovereign immunity for tort claims arising out of negligent conduct of government employees acting within the scope of their employment. "The government can be sued 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Terbush v. United States*, 516 F.3d 1125, 1128-29 (9th Cir. 2008) (quoting 28 U.S.C. § 1346(b)(1)).

The discretionary function exception to the FTCA "is a qualification on the federal government's general waiver of sovereign immunity for tort claims," *Sutton v. Earles*, 26 F.3d 903, 907 (9th Cir. 1994), and "provides immunity from suit for '[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.'" *Terbush*, 516 F.3d at 1129 (quoting 28 U.S.C. § 2680(a)) (internal alterations in original).  The Supreme Court has set out a two-step analysis to determine the applicability of the discretionary function exception: first, a court asks whether the challenged actions involve an element of judgment or choice; second, a court asks whether the judgments involve governmental actions or considerations of public policy.  *Id.* (citing *Berkovitz v. United States*, 486 U.S. 531, 536-37 (1988) and *United States v. Gaubert*, 499 U.S. 315, 322 (1991)); *see also FSLIC v. Huang*, No. CV 85-8305-LTL(Gx), 1986 U.S. Dist. LEXIS 19284, at *5 (C.D. Cal. Oct. 9, 1986) (discretionary function exception does not apply where the counterclaim "does not threaten or hamper the efficiency of government operations or the exercise of regulatory discretion").  "The discretionary function exception will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." *Sutton*, 26 F.3d at 907.  Moreover, "[t]o be shielded the judgment must be grounded in social, economic, and political policy." *Id.*  Salvage decisions clearly involve an element of judgment

involving governmental action and considerations of public policy.  As plaintiff states, "[t]he Forest Service's post-fire salvage was the product of a two-year NEPA analysis that was dominated by discretionary decisions implicating considerations of public policy." (ECF 556 at 6 n.3.)  *See Blue Mts. Biodiversity Project v. Blackwood*, 161 F.3d 1208, 1211-16 (9th Cir. 1998).

Defendants contend "their failure-to-mitigate affirmative defense would be permissible under the recoupment doctrine even if it were based on discretionary conduct" and request the opportunity to brief this matter.  (ECF 558 at 5 n.2.)  The court has already found that defendants' recoupment defense fails as a matter of law; although not discussing salvage specifically, the court found: "None of the bases defendants assert for their affirmative defense of recoupment [is] logically connected to the origin of the Moonlight Fire, nor have defendants explained how the facts underlying their defenses 'substantially overlap' with the facts surrounding the origins of the Moonlight Fire.  As it is undisputed that the fire began on private land [citation], defendants' claims arising from plaintiff's acts or omissions after the fire began or years before it ignited are not compulsory counter-claims.  As they are not compulsory counter-claims, there has been no waiver of sovereign immunity." (ECF 522 at 5.)  The same reasoning applies to defendants' claims based on salvage.

IV.  CONCLUSION

For the foregoing reasons, defendants' request for reconsideration is granted.  Upon reconsideration, and for the reasons set forth above, the court affirms the grant of plaintiff's motion for partial summary judgment.

IT IS SO ORDERED.

DATED:  July 2, 2012.

_____
UNITED STATES DISTRICT JUDGE