BENJAMIN B. WAGNER
United States Attorney
KELLI L. TAYLOR
RICHARD ELIAS
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:09-cv-2445 KJM EFB |
| Plaintiff, | SETTLEMENT AGREEMENT AND STIPULATION; MUTUAL RELEASES; DISMISSAL; AND ORDER |
| vs. | |
| SIERRA PACIFIC INDUSTRIES, INC., *et al.,* | |
| Defendants. | |
| AND RELATED CROSS-ACTIONS. | |
| SIERRA PACIFIC INDUSTRIES, *et al.,* | No. 2:11-cv-1250 KJM EFB |
| Plaintiffs, | SETTLEMENT AGREEMENT AND STIPULATION |
| vs. | |
| UNITED STATES DEPARTMENT OF AGRICULTURE, | |
| Defendant. | |

/ / /

/ / /

This Settlement Agreement is entered into by and between the United States; Sierra Pacific Industries ("Sierra Pacific"); Eunice Howell, individually and dba Howell's Forest Harvesting Company ("Howell's"); W.M. Beaty & Associates, Inc. ("Beaty") and the following parties (hereinafter collectively "the Landowners"):  Ann McKeever Hatch, as Trustee of the Hatch 1987 Revocable Trust; Richard L. Greene, as Trustee of the Hatch Irrevocable Trust; Brooks Walker, Jr., as Trustee of the Brooks Walker, Jr. Revocable Trust, and the Della Walker Van Loben Sels Trust for the Issue of Brooks Walker, Jr.; Brooks Walker, III, Individually and as Trustee of the Clayton Brooks Danielsen Trust, the Myles Walker Danielsen Trust, the Margaret Charlotte Burlock Trust, and the Benjamin Walker Burlock Trust; Leslie Walker, Individually, and as Trustee of the Brooks Thomas Walker Trust, the Susie Kate Walker Trust, and the Della Grace Walker Trust; Wellington Smith Henderson, Jr., as Trustee of the Henderson Revocable Trust; Elena D. Henderson, Individually; Mark W. Henderson, as Trustee of the Mark W. Henderson Revocable Trust; John C. Walker, Individually, and as Trustee of the Della Walker Van Loben Sels Trust for the Issue of John C. Walker; James A. Henderson, Individually; Charles C. Henderson, as Trustee of the Charles C. and Kirsten Henderson Revocable Trust; Joan H. Henderson, Individually; Jennifer Walker, Individually, and as Trustee of the Emma Walker Silverman Trust, and the Max Walker Silverman Trust; Kirby Walker, Individually; and Lindsey Walker, a.k.a. Lindsey Walker-Silverman, Individually, and as Trustee of the Reilly Hudson Keenan Trust, and the Madison Flanders Keenan Trust.  Beaty, Sierra Pacific, Howell's and the Landowners are herein collectively referred to as "Defendants" and, together with the United States, are collectively "the Parties."  In consideration of the mutual promises, covenants, conditions, terms, and obligations set forth in this Agreement, and except as set forth herein, the Parties hereby agree to settle and compromise each and every claim of any kind, known or unknown, arising directly or indirectly from the acts and omissions that gave rise to the above-captioned actions, under the terms and conditions set forth below.

    1.    Defendants agree to pay their allocated portion of the collective sum of $55 million (the "Settlement Amount") to the United States as follows:

    a.    Sierra Pacific shall pay or cause to be paid $17 million within sixty days from the date of filing of this Settlement Agreement.  Sierra Pacific shall pay or cause to be paid an additional $30

million of the Settlement Amount in twice-yearly payments of $3 million each, on January 1 and July 1 every year starting January 1, 2013, until full payment is received.

     b.     Howell's shall pay or cause to be paid $1 million within sixty days from the date of filing of this Settlement Agreement.

     c.     Beaty and the Landowners shall collectively pay or cause to be paid $7 million within sixty days from the date of this Settlement Agreement.

Upon payment of Beaty, Landowners and Howell's share of the Settlement Amount, Beaty, Landowners and Howell's will have satisfied all of their obligations under this Settlement Agreement and shall have no further obligation to provide additional consideration of any kind to satisfy the conditions herein.  Upon payment of Sierra Pacific's share of the settlement amount, and the conveyance of fee simple title to 22,500 acres of Sierra Pacific land as more specifically set forth below, and dismissal of Case No. 2:11-cv-1250, Sierra Pacific will have satisfied all of its obligations under this Settlement Agreement and shall have no further obligation to provide additional consideration of any kind to satisfy the conditions herein.

All payments will be made by electronic funds transfer pursuant to written instructions provided by the United States Attorney's Office for the Eastern District of California.  If Sierra Pacific makes timely payments as set out in Paragraph 1(a) above, no interest shall accrue on amounts owed or to be paid under this Settlement Agreement.

    2.     In addition to its payment obligation in Paragraph 1, Sierra Pacific agrees to convey fee simple title to 22,500 acres of land (the "Settlement Land") to the United States, free and clear of all liens and encumbrances except those acceptable to the United States under the Attorney General's title standards, to be selected by the Regional Forester in the manner set forth in Paragraphs 3-7 below.  Sierra Pacific will transfer only existing legal parcels.

    3.     Within ten days of the filing of this Agreement, Sierra Pacific will identify 200,000 acres of undeveloped wildland owned by Sierra Pacific in California, from which the Regional Forester may select any part or parts as potential Settlement Land.  If the Regional Forester, in his sole discretion, does not select 22,500 acres of potential Settlement Land from the initial 200,000 acres offered, within ten days of notice of that fact, Sierra Pacific will identify another 100,000 acres

of undeveloped wildland for his consideration. This process of identifying additional 100,000 acre blocks will continue until 22,500 acres of potential Settlement Land has been identified.

4.     Sierra Pacific will provide any information or reports to the Regional Forester within 30 days of request for that information. Upon completion of whatever inquiry he considers appropriate, the Regional Forester will give written notice of acceptance or rejection of potential Settlement Land. The Regional Forester, in his sole discretion, may accept or reject all or any part of any potential Settlement Land. Once a parcel is rejected by the Forest Service, it is rejected for all time, unless Sierra Pacific at its own discretion renews the offer.

5.     Within one hundred twenty days after receipt of written notice of acceptance of any Settlement Land, Sierra Pacific will convey fee simple title to that land to the United States, free and clear of all liens and encumbrances except those acceptable to the United States under the Attorney General's title standards. Any costs required to obtain and convey clear title to such properties, including but not limited to closing costs, will be borne by Sierra Pacific. The Administrator of General Services, or his designee, shall have charge of the accepted property on behalf of the United States, and shall then assign custody and accountability of the property to the U.S. Department of Agriculture to be administered as part of the National Forest System.

6.     In the event that the Regional Forester deems any potential Settlement Land unacceptable for conveyance to the United States, he will give written notice of rejection to Sierra Pacific, and may designate any combination of acres of undeveloped wildland owned by Sierra Pacific, equal in number, for conveyance to the United States under the same terms and conditions set forth in Paragraph 3 above. This selection process shall continue in the same manner until the Regional Forester has accepted, and Sierra Pacific has conveyed, all 22,500 acres of land pursuant to this Agreement.

7.     Notwithstanding any contrary provision set forth above, the Regional Forester may, in his sole discretion, accept land subject to mineral rights of third parties in partial or full satisfaction of Sierra Pacific's obligations under this Agreement. Sierra Pacific shall disclose the existence of such rights in any property when offering potential Settlement Land for the Regional Forester's consideration.

8. Within five days of filing of this Agreement, the Forest Service, U.S. Department of Agriculture will withdraw its prior *Touhy* decisions concerning Diane Welton and Karen Juska, and will issue new decisions stating that these two witnesses will be made available to testify in one trial of Defendants' choosing in the state court litigation arising from the Moonlight Fire, but not allowing any further depositions of these witnesses. Defendants agree not to challenge these new *Touhy* decisions. Defendants further agree that within ten days after receiving the new *Touhy* decisions for Welton and Juska, they will prepare and file a stipulation to dismiss Case No. 2:11-cv-1250 with prejudice. The terms of the stipulation shall be as follows and nothing more: "The parties hereby agree to dismiss this action in its entirety with prejudice, all parties to bear their own costs and fees."

9. Subject to the exceptions in Paragraph 10 below, and conditioned upon complete satisfaction of a Defendant's settlement obligation(s), including full payment of that Defendant's portion of the Settlement Amount and in the case of Sierra Pacific, conveyance of the Settlement Land, the United States (on behalf of itself and the Forest Service) releases that Defendant and their current and former owners, directors, officers, agents (including but not limited to attorneys), shareholders, employees, and insurers from all liability for any claims, demands, obligations, actions, causes of action, damages, costs, losses, attorney's fees and expenses, including any claims for compensatory or punitive damages, arising out of or related to the Moonlight Fire or the allegations in the above-captioned actions.

10. Notwithstanding any term of this Agreement, the United States reserves and excludes from the scope and terms of this Agreement, as to any entity or person (including Defendants), the following claims:

   a. Any civil, criminal, or administrative liability arising under Title 26, U.S. Code (Internal revenue Code);

   b. Any criminal liability; and

   c. Any liability to the United States (or its agencies) for any claims not arising out of or related to the Moonlight Fire or the allegations in the above-captioned actions.

11. In consideration of the obligations of the United States set forth in this agreement, and conditioned upon complete satisfaction of its settlement obligations, Defendants hereby release the

United States and its employees, agents, agencies, and departments from all liability for any claims, demands, obligations, actions, causes of action, damages, costs, losses, attorneys' fees and expenses, including, any claims for compensatory or punitive damages, arising out of or relating to the Moonlight Fire or the allegations in the above-captioned actions.

12. This Agreement is not an admission of any wrongful conduct or liability by the Defendants, or a concession by the United States that its claims and allegations are not well-founded. Each Defendant explicitly denies its liability for the Moonlight Fire. This settlement is entered into to compromise disputed claims and avoid the delay, uncertainty, inconvenience, and expense of further litigation.

13. The Parties shall bear their own costs, attorneys' fees and expenses incurred in connection with the investigation, litigation, and resolution of the above-captioned actions.

14. This Agreement is intended to be for the sole benefit of the Parties and those released herein. The Parties do not release any claims against any other person or entity not expressly released by this Agreement.

15. Each person signing this Agreement on behalf of Defendants warrants and represents that he or she possesses full authority to bind the party or parties on whose behalf he or she is signing to the terms of the Agreement. The undersigned Assistant U.S. Attorney represents that she is signing this Agreement in her official capacity and that she is authorized to do so.

16. Each Party represents and warrants that it has not transferred anything being released under this Agreement, and is not aware of any such transfer, and that the Party is not aware of any prohibition of any type that prevents the Party from performing the terms of this Settlement Agreement.

17. Nothing in this Agreement constitutes an agreement by the United States concerning characterization of any part of the Agreement for purposes of Title 26, United States Code (Internal Revenue Code).

18. This Settlement Agreement and the terms of the settlement are not confidential. The Parties consent to the public disclosure of this Settlement Agreement, and of information about this case and this Settlement Agreement.

19. This Agreement is binding on Defendants' successors in interest, transferees, and assigns, including any entity that acquires an ownership interest in Defendants through merger or liquidation.

20. Each Party represents and warrants that it has been represented by, and has sought and obtained the advice of, independent legal counsel with regard to the nature, purpose, and effect of this Settlement Agreement. The Parties hereby declare that the terms of this Settlement Agreement have been completely read, fully understood, and voluntarily accepted following opportunity for review by legal counsel of their choice.

21. Each Party warrants and represents that it freely and voluntarily enters into this Settlement Agreement without any duress or compulsion whatsoever; that no other Party or its representative has made any promise, representation or warranty, express or implied, except as expressly set forth in this Settlement Agreement; and that no Party has relied on any inducements, promises, or representations made by any Party to this Settlement Agreement, or its representatives, or any other person, except as expressly set forth herein.

22. For purposes of construction, this Settlement Agreement shall be deemed to have been drafted by all Parties to this Settlement Agreement. The words of this Settlement Agreement shall not, therefore, be construed against any Party for that reason in any subsequent dispute, but shall be construed so as to effect their fair meaning, the Parties having waived the benefit of California Civil Code § 1654 and similar laws.

23. This Agreement constitutes the complete agreement between the Parties, and supersedes and replaces all prior negotiations and agreements, whether written or oral, regarding the resolution of the Parties' claims with respect to the above-captioned actions.

24. Beaty and the Landowners hereby dismiss their cross claims against Sierra Pacific Industries and Howell's in the above-captioned actions. Such dismissal, as well as the dismissal of the above captioned actions, shall have no preclusive, res judicata, collateral estoppel, or other effect on Beaty's and/or the Landowners' cross claims in cases in state court arising from the Moonlight Fire, and shall have no preclusive, res judicata, collateral estoppel, or other effect on Sierra Pacific and Howell's claims available in cases in state court arising from the Moonlight Fire.

Neither Beaty nor Landowners, nor their insurers, will seek any indemnity, contribution or subrogation of any kind against Sierra Pacific, Howell's or their insurers arising from the defense or settlement of the above-captioned actions. Neither Sierra Pacific nor Howell's, nor their insurers, will seek any indemnity, contribution or subrogation of any kind against Beaty, the Landowners or their insurers arising from the defense or settlement of the above-captioned actions.

Beaty and the Landowners hereby release and discharge Sierra Pacific and Howell's and their current and former owners, directors, officers, agents (including but not limited to attorneys), shareholders, employees, and insurers from all liability for any claims, demands, obligations, actions, causes of action, damages, costs, losses, indemnity rights, contribution rights, subrogation rights, attorney's fees and expenses, compensatory damages, or punitive damages, arising from the defense or settlement of the above-captioned actions. Sierra Pacific and Howell's hereby release and discharge Beaty and the Landowners and their current and former owners, directors, officers, agents (including but not limited to attorneys), shareholders, employees, and insurers from all liability for any claims, demands, obligations, actions, causes of action, damages, costs, losses, indemnity rights, contribution rights, subrogation rights, attorney's fees and expenses, compensatory damages, or punitive damages, arising from the defense or settlement of the above-captioned actions. Nothing herein releases the Landowners, Beaty, Sierra Pacific, or Howell's contractual and/or equitable indemnity rights, or such other rights as they may have, in relation to any litigation related to the Moonlight Fire other than the above-captioned federal court actions.

25. The Parties understand and acknowledge that the facts and/or potential claims with respect to liability or damages regarding the above-captioned actions may be different from facts now believed to be true or claims now believed to be available ("Unknown Claims"). Each Party accepts and assumes the risks of such possible differences in facts and potential claims and agrees that this Settlement Agreement shall remain effective notwithstanding any such differences. Subject to the exceptions in Paragraph 10 and 24 concerning excluded claims, and subject to complete satisfaction of all settlement obligations set forth herein, Defendants intend to release fully, finally and forever all Unknown Claims that arise out of or relate to the Moonlight Fire or the allegations in the above-captioned actions as to the United States, and the United States intends to release fully, finally and

forever all Unknown Claims that arise out of or relate to the Moonlight Fire or the allegations in the above-captioned actions as to the Defendants. Accordingly, this Settlement Agreement, and the releases contained herein, shall remain in full force as a complete release of Unknown Claims notwithstanding the discovery or existence of additional or different claims or facts before or after the date of this Settlement Agreement. Except as otherwise stated in Paragraph 24, each Party hereby waives any and all rights or benefits that any of them may have under Section 1542 of the Civil Code of the State of California, or any comparable provision under the law of any state, territory or country. Section 1542 of the California Civil Code provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

26. This Settlement Agreement may be executed in counterparts, each of which constitutes an original and all of which taken together shall constitute one valid and binding Settlement Agreement between the Parties.

27. The Agreement may not be altered, amended, or modified, except by a writing duly executed by authorized representatives of all Parties.

28. Electronic signatures, faxed signatures, or other electronic copies of signatures shall constitute acceptable, binding signatures for purposes of this Settlement Agreement.

29. All Parties agree to cooperate fully and to execute any and all supplementary documents and to take all additional actions that may be necessary or appropriate to give full force and effect to the terms and intent of this Settlement Agreement.

30. With the sole exception of Landowners' and Beaty's cross-claims, upon approval by the Court as provided below, Case No. 2:09-cv-2445 is hereby DISMISSED IN ITS ENTIRETY WITH PREJUDICE, and the Clerk of the Court is requested to enter this dismissal and release in the official docket. Upon approval by the Court as provided below, all of Landowners and Beaty's cross-claims in Case No. 2:09-cv-2445 are hereby DISMISSED IN THEIR ENTIRETY, and the Clerk of the Court is requested to enter this dismissal and release in the official docket.

/ / /

31.     Notwithstanding the entry of a dismissal herein, the United States District Court (Kimberly J. Mueller, District Judge) shall retain jurisdiction to enforce the terms of this compromise settlement and the parties agree that this court shall be the sole venue for any dispute arising hereunder.

THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK

| | | |
|---|---|---|
| 1 | Dated: July __, 2012 | BENJAMIN B. WAGNER |
| 2 | | United States Attorney |

By: _____[1]
KELLI L. TAYLOR
Assistant United States Attorney
Attorneys for the United States

Dated: July 13, 2012					Dun & Martinek, LLP

By: _____
DAVID H. DUN
Attorneys for Sierra Pacific Industries

Dated: July 13, 2012					RUSHFORD & BONOTTO

By: _____
PHILLIP BONOTTO
Attorneys for Eunice Howell, Individually and
dba Howell's Forest Harvesting Company

Dated: July 13, 2012					MATHENY, SEARS, LINKERT & JAIME LLP

By: _____
RICHARD S. LINKERT
Attorneys for the Landowners and
W.M. Beaty & Associates, Inc.

Dated: July 13, 2012					KEKER & VAN NEST LLP

By: _____
STEVEN P. RAGLAND
Attorneys for the Landowners

---

[1] The court acknowledges receipt of a copy of the agreement signed by all parties.

**ORDER**

With the sole exception of Landowners' and Beaty's cross-claims, Case No. 2:09-cv-2445 is hereby DISMISSED IN ITS ENTIRETY WITH PREJUDICE.

All of Landowners' and Beaty's cross-claims in Case No. 2:09-cv-2445 are hereby DISMISSED IN THEIR ENTIRETY.

The Clerk of the Court is directed to enter this Order in the official docket.

Notwithstanding the entry of a dismissal herein, this Court (Kimberly J. Mueller, District Judge) shall retain jurisdiction to enforce the terms of this compromise settlement.

IT IS SO ORDERED.

Date:  July 18, 2012.

_____
UNITED STATES DISTRICT JUDGE