DOWNEY BRAND LLP
WILLIAM R. WARNE (SBN 141280)
MICHAEL J. THOMAS (SBN 172326)
ANNIE S. AMARAL (SBN 238189)
MEGHAN M. BAKER (SBN 243765)
621 Capitol Mall, 18th Floor
Sacramento, CA 95814-4731
Telephone: (916) 444-1000
Facsimile: (916) 444-2100
bwarne@downeybrand.com
mthomas@downeybrand.com
aamaral@downeybrand.com
mbaker@downeybrand.com

BRACEWELL & GIULIANI LLP
RICHARD W. BECKLER
D.C. Bar No. 262246
(*Pro Hac Vice Application Pending*)
JENNIFER T. LIAS
Virginia Bar No. 85608
(*Pro Hac Vice Application Pending*)
2000 K Street NW, Suite 500
Washington, DC 20006-1809
Telephone: (202) 828-5874
Facsimile: (800) 404-3970
richard.beckler@bgllp.com
jennifer.lias@bgllp.com

Attorneys for Defendant/Cross-Defendant
SIERRA PACIFIC INDUSTRIES

MATHENY SEARS LINKERT & JAIME, LLP
RICHARD S. LINKERT (SBN 88756)
JULIA M. REEVES (SBN 241198)
3638 American River Drive
Sacramento, CA 95864
Telephone: (916) 978-3434
Facsimile: (916) 978-3430

Attorneys For Defendants W.M. BEATY &
ASSOCIATES, INC. AND ANN MCKEEVER
HATCH, as Trustee of the Hatch 1987 Revocable
Trust, et al.

RUSHFORD & BONOTTO, LLP
PHILLIP R. BONOTTO (SBN 109257)
DEREK VANDEVIVER (SBN 227902)
1010 Hurley Way, Suite 410
Sacramento, CA 95825
Telephone: (916) 565-0590

Attorneys for Defendant, EUNICE E. HOWELL,
INDIVIDUALLY and d/b/a HOWELL'S FOREST
HARVESTING

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SIERRA PACIFIC INDUSTRIES, et al.,<br><br>Defendant.<br><br>AND ALL RELATED CROSS-ACTIONS. | Case No. 2:09-CV-02445-KJM-EFB<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION UNDER RULE 60(d)(3) TO SET ASIDE A JUDGMENT FOR FRAUD ON THE COURT**<br><br>Date:  November 21, 2014<br>Time:  10:00 a.m.<br>Dept:  Courtroom 3, 15th floor<br>Judge: Hon. Kimberly J. Mueller |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on November 21, 2014, at 10:00 a.m., or as soon thereafter as this Court may order, in Courtroom 3, 15th floor of the United States District Court, Eastern District of California, located at 501 I Street, Sacramento, California 95814, before the Honorable Kimberly J. Mueller, United States District Judge, Defendants Sierra Pacific Industries ("Sierra Pacific"), W.M. Beaty & Associates, Inc.; Ann McKeever Hatch, as Trustee of the Hatch 1987 Revocable Trust; Leslie Walker, individually and as Trustee of the Brooks Thomas Walker Trust, the Susie Kate Walker Trust, and the Della Grace Walker Trusts; Brooks Walker, III, individually and as Trustee of the Clayton Brooks Danielson, the Myles Walker Danielson, and the Benjamin Walker Burlock Trust, and the Margaret Charlotte Burlock Trust; Wellington Smith Henderson, Jr., as Trustee of the Henderson Revocable Trust; John C. Walker, individually and as Trustee of the Della Walker Van Loben Sels Trust for the issue of John Walker; Jennifer Walker, individually and as Trustee of the Emma Walker Silverman Trust and the Max Walker Silverman Trust; Lindsey Walker, individually and as Trustee of the Reilly Hudson Keenan and Madison Flanders Keenan Trust, aka Lindsey Walker-Silverman; Eunice E. Howell, individually and doing business as Howell's Forest Harvesting Company; Charles C. Henderson, as Trustee of the Charles C. and Kristen Henderson Revocable Trust; James A. Henderson; Joan H. Henderson; Kirby Walker; Brooks Walker, Jr., as Trustee of the Brooks Walker, Jr. Revocable Trust and the Della Walker Van Loben Sels Trust for the Issue of Brooks Walker, Jr.; Richard L. Greene, as Trustee of the Hatch Irrevocable Trust; Mark W. Henderson, as Trustee of the Mark W. Henderson Revocable Trust; and Elena D. Henderson (collectively, "Defendants") will, and hereby do, move for relief from judgment under FRCP Rule 60(d)(3) and under the Court's inherent power for fraud upon the Court.

This motion is brought on the grounds that the United States' prosecution of this action constituted a fraud upon the Court, as the United States attorneys and the Moonlight Fire investigators and their counterparts in co-pending state actions, operating under a joint prosecution agreement with the United States, advanced a corrupt and tainted prosecution, violated Defendants' due process rights, and engaged in investigatory and prosecutorial

1383781.2

1

misconduct outlined more fully in the accompanying Memorandum of Points and Authorities and supporting declarations, but which included among other things: presenting false evidence to the Defendants and the Court and/or concealing material evidence from the Defendants and the Court, advancing arguments to the Court premised on that false evidence, or for which material evidence had been withheld, and obtaining Court rulings based thereon; preparing key Moonlight Fire investigators for depositions, and allowing them to repeatedly give false testimony about the most important aspects of their investigation; and by failing to disclose the facts and circumstances associated with the Moonlight Fire lead investigator's direct financial interest in the outcome of the investigation arising from an illegal bank account that has since been exposed and terminated.  This misconduct was perpetrated by officers of the court and ultimately tampered with the administration of justice, in a manner that wronged not only Defendants, but this Court and the public.  The government's misconduct compromised the judicial process and amounts to an unconscionable scheme designed to improperly influence the Court's decisions in this case.

Defendants, therefore, request that if the Court finds that a fraud has been perpetrated upon this Court, that: the Court set aside the judgment in this case, entered on July 18, 2012; enter a terminating sanction dismissing the action; set aside the Settlement Agreement entered between the parties; and award any other relief that the Court deems just and proper.

Although Defendants' counsel is aware of the requirement that they "engage in a pre-filing meet and confer to discuss thoroughly the substance of the contemplated motion and any potential resolution," Defendants did not meet and confer with the United States regarding the filing of this motion.  Defendants' reasons for this are threefold.  First, given the substance of the instant motion, Defendants believe that any effort to meet and confer would be futile, not only because the motion outlines facts showing that the very attorneys with whom Defendants would theoretically meet and confer perpetrated a fraud upon the Court, but also because Plaintiffs do not have the ability or authority to offer the relief that Defendants seek through this motion.  That is, only this Court, to the extent a fraud was perpetrated upon it, and not the government, has the power to set aside the judgment, set aside the Settlement Agreement, and dismiss the action in its entirety.

Second, Defendants believe that it would not be appropriate to meet and confer with lead prosecutor AUSA Kelli Taylor and others in the United States Attorneys' Office during the potential pendency of any investigation that the Department of Justice's Office of Professional Responsibility ("OPR") may choose to conduct regarding Plaintiffs in this case and the related state action.

Third, and finally, Defendants do not believe that it would be appropriate to meet and confer with the federal prosecutors on this motion because of the nature of the arguments contained herein, including conclusions reached in former AUSA Robert Wright's Declaration, which outlines potential criminal liability arising from the conduct of certain investigators and prosecutors. Defendants believe that they are arguably legally prohibited from suggesting to the federal prosecutors that there is any relief the federal prosecutors could offer, or that there are any circumstances under which Defendants would not file the motion. Furthermore, Defendants believe it would be improper to place the prosecutors in what could be the untenable position of negotiating from the standpoint of their own personal and professional interests rather than in the interests of the United States.

While Defendants have appropriately styled this request as a "motion" for relief under Rule 60(d)(3) in view of the Court's retained jurisdiction over this action, the form in which the instant request for relief is made (whether it be a motion or an independent action) is of little import. Because a court's power to set aside a judgment for fraud on the court arises from the long-recognized "historic power [in] equity to set aside fraudulently begotten judgments," the substance of a party's filing related to fraud on the court controls over its form. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 245 (1944); *U.S. v. Estate of Stonehill*, 660 F.3d 415, 443 (9th Cir. 2011) ("Courts have inherent equity power to vacate judgments obtained by fraud.") (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)); *U.S. v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002) ( "no purpose would be served by denying…relief on the ground that the motion misstyled the plea for relief…[t]he substance of the plea should control, not the label"); Wright & Miller, 11 Fed. Prac. & Proc. § 2868 (3d ed.) ("A party is not bound by the label used in the party's papers. A motion may be treated as an independent action or vice versa as is

appropriate.")

Defendants understand that any careful assessment of the material presented with this motion will require significant focused attention, and may warrant the presentation of further testimony or evidence. Defendants wish to make known to the Court that they, in concept, believe that the circumstances of this motion may warrant, in the Court's sound discretion, the appointment of special master under the Court's inherent power and/or under FRCP Rule 53.

Defendants' motion is based on this notice of motion and motion; memorandum of points and authorities; declarations of William R. Warne, Robert Wright, Eugene Chittock, Richard Linkert, Daniel Kim, and Katherine Underwood, and all exhibits thereto; a request for judicial notice, a request for leave to exceed page limits, a request for leave to file certain materials under seal, and all previous filings and records in this action or matters of which the Court may take judicial notice and on such other matters as may be presented to the Court at the time of hearing pursuant to this Court's discretion. This motion might also be supported by Defendants' extensive filing with OPR ("OPR Brief"), which Defendants can provide to the Court should the Court request it. However, given the highly sensitive nature of the OPR Brief, and the possibility that an OPR investigation may be ongoing, Defendants have not included that brief with this Motion. Defendants will do so as directed by this Court.

DATED: October 9, 2014                     DOWNEY BRAND LLP


By:      /s/ William R. Warne
         WILLIAM R. WARNE
         Attorneys for Defendant/Cross-Defendant
         SIERRA PACIFIC INDUSTRIES

| | | |
|---|---|---|
| 1 | DATED: October 9, 2014 | MATHENY SEARS LINKERT & JAIME |
| 2 | | |
| 3 | | By: /s/ Richard Linkert (as auth'd on 10/8/14) |
| 4 | | RICHARD LINKERT<br>Attorneys For Defendants W.M. BEATY & ASSOCIATES, INC. AND ANN MCKEEVER |
| 5 | | HATCH, as Trustee of the Hatch 1987 Revocable Trust, et al. |
| 6 | | |
| 7 | DATED: October 9, 2014 | RUSHFORD & BONOTTO, LLP |
| 8 | | |
| 9 | | By: /s/ Phillip Bonotto (as auth'd on 10/8/14)<br>PHILLIP BONOTTO |
| 10 | | Attorneys for Defendant, EUNICE E. HOWELL, INDIVIDUALLY and d/b/a HOWELL'S |
| 11 | | FOREST HARVESTING |