# EXHIBIT 5

# EXHIBIT 5

## TO DECLARATION OF WILLIAM WARNE IN SUPPORT OF RULE 60(d) MOTION FOR FRAUD UPON THE COURT

1  BENJAMIN B. WAGNER
   United States Attorney
2  KELLI L. TAYLOR
   Assistant U.S. Attorney
3  RICHARD M. ELIAS
   Assistant U.S. Attorney
4  501 I Street, Suite 10-100
   Sacramento, California 95814
5  Telephone: (916) 554-2700

6  Attorneys for the United States of America

7

8               IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,         ) No. 2:09-cv-02445-KJM-EFB
12 |        Plaintiff,                 ) DECLARATION OF RICHARD M.
   |                                   ) ELIAS IN SUPPORT OF PLAINTIFF'S
13 | v.                                ) OPPOSITION TO DEFENDANTS'
   |                                   ) MOTION TO COMPEL PRODUCTION
14 | SIERRA PACIFIC INDUSTRIES, et al. ) OF DOCUMENTS AND ANSWERS TO
   |                                   ) DEPOSITION QUESTIONS
15 |                                   )
16 |        Defendants.                )

17      I, Richard M. Elias, declare as follows:

18      1.      I am an Assistant United States Attorney for the Eastern District of California and
19 am an attorney of record in this lawsuit. The statements in this Declaration are true from my
20 personal knowledge, except as to those matters that are stated on information and belief, and, as to
21 those matters, I believe them to be true. If called upon to do so, I can testify to the following facts.
22      2.      The Moonlight Fire was investigated primarily by three individuals: (1) Deputy
23 Chief Josh White–employed by the California Department of Forestry and Fire Protection ("Cal
24 Fire"), (2) Dave Reynolds–former employee of the United States Forest Service ("Forest Service"),
25 and (3) Diane Welton–a current Forest Service employee.
26      3.      These employee investigators are trained fire investigators whose employment duties
27 included investigating the origin and cause of wildland fires. These employees investigated the
28

1

DECLARATION OF RICHARD M. ELIAS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO DEPOSITION QUESTIONS

1  Moonlight Fire scene as part of the normal course of their employment during the time period of
2  September 3-8, 2007. As a result of that investigation, these employees jointly developed an origin
3  and cause report ("Report of Investigation"). These employees completed their investigation
4  sometime in late September or October 2007.

5      5. On August 30, 2010, well prior to the expert disclosure deadline in this case, the
6  United States disclosed White and Reynolds as witnesses who may offer expert testimony at trial.
7  A true and accurate copy of that disclosure is attached as **Exhibit A**. In that disclosure, the United
8  States erroneously stated that Reynolds was being paid $150 per hour for his testimony, and on
9  September 14, 2011, issued an amended disclosure showing that Reynolds was not being paid as a
10 retained expert. A true and accurate copy of that amended disclosure is attached hereto as **Exhibit
11 B**. The amended disclosure clarifies that neither White nor Reynolds have been retained to provide
12 expert testimony in this case.

13     6. Because they are not retained, White and Reynolds have not prepared an expert
14 report for this litigation. While their opinions are contained in the Report of Investigation (which
15 was attached to the expert disclosures), these experts did not produce a separate report under Rule
16 26(a)(2)(B).

17     7. The United States disclosed White and Reynolds well prior to the expert disclosure
18 deadline for the sake of efficiency. Because these witnesses are percipient witnesses whose expert
19 opinions are based on that percipient knowledge, the United States wanted to avoid the need of
20 taking multiple depositions. Therefore, the United States disclosed these witnesses as testifying
21 experts prior to their scheduled depositions to streamline the discovery process.

22     8. Well after Reynolds completed his investigation in 2007, the United States
23 Attorneys' Office ("USAO") communicated with Reynolds about that investigation. While the
24 United States will not reveal the substance of these communications, they related directly to his
25 investigation and include attorney-client privileged communications and core attorney work
26 product.

27     9. The USAO has also had several conversations with White, all of which occurred in
28 the presence of counsel for Cal Fire. Because of the joint nature of the investigation, and the

2

DECLARATION OF RICHARD M. ELIAS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO DEPOSITION QUESTIONS

2

common interest that the Forest Service and Cal Fire have in prosecuting their respective cases against Defendants, the USAO and California Attorney General's Office ("Cal AGO") entered into a Joint Prosecution Agreement. Pursuant to this agreement, the USAO–in the presence of the Cal AGO– has had certain communications with White in preparation for litigation. These communications related directly to White's investigation, and constituted attorney-client communications and core attorney work product, as extended by the common interest doctrine.

10. While many of these communications with the USAO were oral, some are embodied in documents. With respect to Reynolds, documented communications between the USAO and Reynolds created prior to litigation are listed in the United States' privilege log. Per the parties' agreement, documents created after litigation commenced are not listed on the parties' privilege log, as those documents are assumed to be privileged. Without disclosing the substance of the communications, the United States represents that the USAO has had some written post-litigation communications with Reynolds, and that most, if not all, of these are logistical in nature.

11. With respect to White, former Assistant United States Attorney Robert Wright may have had some written communications with White, but these are again believed to be logistical in nature. The USAO is currently searching its records to determine if any additional communications between Wright and White exist. The United States is not aware of any other written communications between the USAO and White.

12. Defendants also seek discovery of certain documents listed on Cal Fire's privilege log in the state litigation. The United States has reviewed the information on the privilege log, and states that the United States is not in possession of the majority of these documents. Indeed, the United States would have no reason to have many of them, as they include communications exclusively between White and Cal Fire attorneys or employees. With respect to the communications between White and Welton, the United States represents that it has thoroughly searched Welton's files, but has been unable to locate any such documents. With respect to communications between former AUSA Wright and White, as noted, the USAO is currently searching its records to see if any such documents exist.

13. The related lawsuit between Cal Fire and Defendants is currently pending in the

3

DECLARATION OF RICHARD M. ELIAS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO DEPOSITION QUESTIONS

Plumas County Superior Court, case styled *California Department of Forestry and Fire Protection v. Eunice E. Howell (Howells), et al.*, Case No. CV-09-00205. In that case, Defendants recently moved to compel production of the very documents on the Cal Fire privilege log, arguing that such communications were waived. On March 28, 2011, the state court denied Defendants' motion to compel, holding that the challenged documents where protected by the attorney-client and/or work product privileges. A true and accurate copy of the court's ruling is attached hereto as **Exhibit C.**

14. Attached as **Exhibit D** is a true and accurate copy of the Minutes of the Civil Rules Advisory Committee (February 2-3, 2009). Attached as **Exhibit E** is a true and accurate copy of the Minutes of the Civil Rules Advisory Committee (April 20-21, 2009).

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 31st day of March, 2001, in Fresno, California.

                     */s/ Richard M. Elias*
                     Richard M. Elias

4

DECLARATION OF RICHARD M. ELIAS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO DEPOSITION QUESTIONS

4