**EXHIBIT 179**

**EXHIBIT 179**

**TO DECLARATION OF WILLIAM WARNE IN SUPPORT OF RULE 60(d) MOTION FOR FRAUD UPON THE COURT**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | NO. CIV S-09-2445 KJM-EFB |
| v. | |
| SIERRA PACIFIC INDUSTRIES; et al., | ORDER |
| Defendants. | |

This matter comes before the court on plaintiff's motion for partial summary judgment on affirmative defenses. (ECF 351.) This matter was heard on February 10, 2012; Kelli Taylor appeared for plaintiff and William Warne appeared for defendants. For the following reasons, plaintiff's motion is hereby granted in part and denied in part.

I. PROCEDURAL HISTORY

Plaintiff filed the original complaint in this case on August 31, 2009. (ECF 1.) On May 26, 2010, plaintiff filed the operative second amended complaint against defendants Sierra Pacific Industries ("SPI"); W.M. Beaty and Associates, Inc. ("Beaty"); Eunice E. Howell individually and doing business as Howell's Forest Harvesting Company (together, "Howell");

1

1  and Landowners.[1] (ECF 53 ¶¶ 5-8.) The second amended complaint alleges seven (7) causes of

2  action: 1) negligence against all defendants; 2) liability under the Fire Liability Law, California

3  Health & Safety Code §§ 13007-13009.1 & Civil Code §§ 3287 & 3288 against all defendants;

4  3) negligence and negligence per se under 14 Cal. Code Regs. § 938.8 & the Fire Protection Plan

5  against all defendants; 4) trespass by fire against all defendants; 5) negligent supervision against

6  SPI, Beaty, landowners, and Eunice Howell; 6) negligent hiring against SPI, Beaty, and

7  landowners; and 7) interest and penalties against all defendants. (*Id.*)

8        Beaty and Landowners filed their answers to the second amended complaint on

9  June 10, 2010 (ECF 54 & 55 respectively); Howell and SPI filed their answers to the second

10 amended complaint on June 15, 2010 (ECF 56 & 57 respectively).

11       Plaintiff filed the present motion for partial summary judgment on January 12,

12 2012. (ECF 351.) Defendants filed their joint opposition on January 27, 2012. (ECF 384.)[2]

13 Plaintiff filed its reply on February 3, 2012. (ECF 392.)

14 /////

15 /////

---

[1] Landowners refers to the following defendants: Anne McKeever Hatch, individually and as trustee of the Hatch 1987 Revocable Trust, Richard L. Greene, individually and as trustee of the Hatch Irrevocable Trust, Brooks Walker, Jr., individually and as trustee of the Brooks Walker, Jr. Revocable Trust and the Della Walker Van Loben Sels Trust for the Issue of Brooks Walker, Jr., Brooks Walker III, individually and as trustee of the Clayton Brooks Danielsen Trust, the Myles Walker Danielsen Trust, the Margaret Charlotte Burlock Trust, and the Benjamin Walker Burlock Trust, Leslie Walker, individually and as trustee of the Brooks Thomas Walker Trust, the Susie Kate Walker Trust, and the Della Grace Walker Trust, Wellington Smith Henderson, Jr., individually and as trustee of the Henderson Revocable Trust, Elena D. Henderson, Mark W. Henderson, individually and as trustee of the Mark W. Henderson Revocable Trust, John C. Walker, individually and as trustee of the Della Walker Van Loben Sels Trust for the Issue of John C. Walker, James A. Henderson, Charles C. Henderson, individually and as trustee of the Charles C. and Kirsten Henderson Revocable Trust, Joan H. Henderson, Jennifer Walker, individually and as trustee of the Emma Walker Silverman Trust and the Max Walker Silverman Trust, Kirby Walker, Lindsey Walker (a.k.a. Lindsey Walker-Silverman), individually and as trustee of the Reilly Hudson Keenan Trust and the Madison Flanders Keenan Trust.

[2] The court addressed and denied defendants' request to strike and plaintiff's request the court summarily adjudicate its facts at the motion hearing. *See* Transcript 52:16-20.

## II. ANALYSIS

### A. Standard

A court will grant summary judgment "if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The "threshold inquiry" is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).[3]

The moving party bears the initial burden of showing the district court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party, which "must establish that there is a genuine issue of material fact . . . ." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986). In carrying their burdens, both parties must "[cite] to particular parts of materials in the record [or show] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support that fact." FED. R. CIV. P. 56(c)(1); *see also Matsushita*, 475 U.S. at 586 ("[the nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts"). Moreover, "the requirement is that there be no *genuine* issue of *material* fact . . . . Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 247-48.

In deciding a motion for summary judgment, the court draws all inferences and views all evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587-88; *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine

---

[3] Rule 56 was amended, effective December 1, 2010. However, it is appropriate to rely on cases decided before the amendment took effect, as "[t]he standard for granting summary judgment remains unchanged." FED. R. CIV. P. 56, Notes of Advisory Comm. on 2010 amendments.

issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968)).

B.  Application

Plaintiff seeks summary judgment on the affirmative defenses of recoupment, contributory negligence, and failure to mitigate pleaded in the second amended answers by defendants SPI (ECF 57 at 16 (failure to mitigate, comparative fault, and recoupment)), Beaty (ECF 54 at 12 (contributory negligence) & 14 (failure to mitigate)), and Howell (ECF 56 at 10 (comparative negligence) & 11 (failure to mitigate)). Plaintiff assumes for purposes of this motion that the facts alleged by defendants in pleading their affirmative defenses are true: specifically that the Forest Service's policy of suppressing fires led to an accumulation of fuels and the Forest Service did not take reasonable steps to reduce excessive fuel loads, and that the lookout at the Red Rock Lookout tower was distracted and did not spot and report the fire when it became visible. (Mot. at 3-4.)

1.  Recoupment

Plaintiff argues that sovereign immunity protects it from defendants' affirmative defense of recoupment flowing from the United States Forest Service's forest mismanagement. (Mot. at 15-17.) It concedes that the Federal Tort Claims Act ("FTCA") operates as a waiver of sovereign immunity for counter-claims, but argues the discretionary function exception shields it from liability. (*Id.* at 15-16). Defendants counter that the affirmative defense of recoupment is authorized under a waiver of sovereign immunity completely independent of the FTCA. (Opp'n at 5.) Defendants recognize that recoupment must arise from the same transaction or occurrence as implicated by plaintiff's suit, among other things. (*Id.*) In reply, plaintiff argues that neither forest mismanagement nor the failure of the Red Rock Lookout to spot the fire arise out of the same transaction or occurrence as the genesis of the Moonlight Fire. Reply at 2-3. The court approves this observation; this finding resolves the question without a resort to the doctrine of sovereign immunity.

"In modern practice, the recoupment has been replaced by the compulsory counterclaim." BLACK'S LAW DICTIONARY (9th ed. 2009); *see also F.D.I.C. v. F.S.S.S.*, 829 F.Supp. 317, 320 (D. Alaska 1993) ("claims for recoupment are compulsory counterclaims under FED. R. CIV. P. 13(a)"). Under Federal Rule of Civil Procedure 13(a)(1)(A), a compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . ." The Ninth Circuit has adopted a "flexible approach" to evaluating whether the claims arise out of the same transaction or occurrence, which calls on the court "'to analyze whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" *Pochiro v. Prudential Ins. Co. of America*, 827 F.2d 1246, 1249 (9th Cir. 1987) (quoting *Harris v. Steinem*, 571 F.2d 112, 123 (2d Cir. 1978)); *see Hunt v. Bankers Trust Co.*, 689 F.Supp. 666, 672 (N.D. Tex. 1987) ("recoupment is a demand arising out of the same transaction as the plaintiff's claim"). One consideration is whether "'the facts necessary to prove the two claims substantially overlap . . . .'" *Competitive Techs. v. Fujitsu Ltd.*, 286 F. Supp. 2d 1118, 1135 (N.D. Cal. 2003) (quoting *Pochiro*, 827 F.2d at 1251). If the counterclaim "arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims," it is a compulsory counterclaim. *In re Pegasus Gold Corp.*, 394 F.3d. 1189, 1196 (9th Cir. 2005).

None of the bases defendants assert for their affirmative defense of recoupment are logically connected to the origin of the Moonlight Fire, nor have defendants explained how the facts underlying their defenses "substantially overlap" with the facts surrounding the origins of the Moonlight Fire. As it is undisputed that the fire began on private land (Statement of Undisputed Facts ¶ 15, ECF 392-1), defendants' claims arising from plaintiff's acts or omissions after the fire began or years before it ignited are not compulsory counter-claims. As they are not compulsory counter-claims, there has been no waiver of sovereign immunity.

2.   Comparative Negligence[4]

"'Contributory negligence is the conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection, and is a legally contributing cause co-operating with the negligence of the defendant in bringing about the plaintiff's harm.'" *Gyerman v. U.S. Lines Co.*, 7 Cal. 3d 488, 500 (1972) (quoting RESTATEMENT (SECOND) OF TORTS § 463). "A plaintiff is required to exercise only that amount of care which would be exercised by a person of ordinary prudence in the same circumstances." *Id.* at 500-01 (citation omitted).

Plaintiff contends defendants' affirmative defense of comparative negligence fails because the Forest Service had no duty to act in anticipation of defendants' negligent invasion onto government property. (Mot. at 5-12.) Defendants counter that "comparative negligence . . . [is] not premised on a plaintiff's tort duty to a defendant but on the plaintiff's failure to take proper care for the protection of his own interests." (Opp'n at 18 (internal quotation marks omitted).)

"[P]laintiffs were under no duty to anticipate defendants' negligent invasion of their land . . . ." *Kleinclaus v. Marin Realty Co.*, 94 Cal. App. 2d 733, 736 (1949); *Atlas Assurance Co. v. State*, 102 Cal. App. 2d 789, 799 (1951); *see also County of Humboldt v. Shelly*, 220 Cal. App. 2d 194, 201 (1963).[5] "[A] landowner may make any lawful use of his land

---

[4] Plaintiff uses the term "contributory negligence." The use of contributory negligence to describe comparative negligence "is innocuous. *Li v. Yellow Cab Co.* (1975) 13 Cal.3d 804 . . . abolished the legal doctrine, but not the phrase or the concept of 'contributory negligence.' A claimant's negligence contributing causally to his own injury may be considered now not as a bar to his recovery, but merely as a factor to be considered in measuring the amount thereof." *Bradfield v. Trans World Airlines, Inc.*, 88 Cal. App. 3d 681, 686 (1979) (emphasis omitted).

[5] Defendants argue that all cases regarding contributory negligence decided prior to the 1975 case *Li v. Yellow Cab Co.* no longer reflect California law, so the cases cited in the above analysis are irrelevant. (Opp'n at 13.) In *Li v. Yellow Cab Co.*, the California Supreme Court adopted a comparative negligence rule, supplanting the common law contributory negligence rule. 13 Cal. 3d 804 (1975). In doing so, the *Li* court found that the old rule of contributory negligence did two things: it defined conduct that "render[ed] [a plaintiff] subject to the doctrine of contributory negligence," and it defined the result of such conduct. *Id.* at 809, 810. The year

and [] it is not contributory negligence to neglect to take precautions to avoid future injury which can only occur as the result of another's negligence." *Kleinclaus*, 94 Cal. App. 2d at 738. Accordingly, plaintiff's motion for partial summary judgment is granted insofar as defendants' comparative negligence affirmative defense relates to the Forest Service's suppression of forest fires and related allowance of fuel accumulation. However, these cases are inapposite in relation to defendants' claims regarding the Red Rock Lookout.

Plaintiff maintains it had "no duty to detect a fire on private land that Defendants negligently ignited" or to respond to the fire once ignited. (Mot. at 10.) Plaintiff relies in part on *Grijalva v. Superior Court*, which held "'[i]n the absence of duty, there can be no tort liability, and no fault can be allocated to a party that is not a tortfeasor.'" *Grijalva v. Superior Court*, 159 Cal. App. 4th 1072, 1078 (2008) (quoting *Munoz v. City of Union City*, 148 Cal. App. 4th 173, 182 (2007)). Defendants contend *Grijalva* was wrongly decided. (Opp'n at 15.) Defendants rely primarily on Prosser on Torts:

> 'It is perhaps unfortunate that contributory negligence is called negligence at all. 'Contributory fault' would be a more descriptive terms. Negligence as it is commonly understood is conduct which creates an undue risk of harm to others. Contributory negligence is conduct that involves an undue risk of harm to the actor himself. Negligence requires a duty, an obligation of conduct to another person. Contributory negligence involves no duty, unless we are to be so ingenious as to say that the plaintiff is under an obligation to protect the defendant against liability for the consequences of plaintiff's own negligence.'

(Opp'n at 15 (quoting PROSSER AND KEETON, TORTS 453 (5th ed. 1984).) However, Prosser does not preclude the requirement that plaintiff owe a duty in order for comparative negligence

---

after *Li* was decided, the court of appeal held that "*Li* abolished the doctrine of contributory negligence only as to its result. It did not abolish the term 'contributory negligence,' nor did it abolish the concept of contributory negligence, meaning negligence on the part of the plaintiff contributing causally to plaintiff's injury." *Wittenbach v. Ryan*, 63 Cal. App. 3d 712, 718 (1976). *Li* merely changed the result a court must reach if it found conduct constituting comparative negligence; it did not alter the determination of what conduct could constitute such negligence. *See id.* at 718.

7

to stand. Rather, plaintiff's duty is to conform its conduct to the standard a reasonable person under like circumstances would exercise for his or her own protection. *See* RESTATEMENT (SECOND) OF TORTS § 463 & cmt. b; RESTATEMENT (SECOND) OF TORTS § 464. Regardless of whether or not plaintiff owed a duty to defendants to respond to the Moonlight Fire, the relevant question is whether plaintiff's conduct comported with the requisite standard of care.

Defendants contend the Red Rock Lookout's delay in spotting and reporting the fire allowed the fire to spread to National Forest lands. (*See* ECF 57 ¶¶ 70-75.) Plaintiff provides evidence it maintained a lookout, the Red Rock Lookout spotted and reported the Moonlight Fire at approximately 2:24 p.m.,[6] and the Moonlight Fire started on private land and burned on private land for several hours before coming into contact with the National Forest lands.[7] (Statement of Undisputed Facts ¶¶ 16, 15, ECF 392-1.) The question remains, however, whether plaintiff's conduct met the standard of reasonableness. There is a triable question of fact whether comparative negligence is applicable to plaintiff's conduct as it regards the Red Rock Lookout. *See Lang v. Barry*, 71 Cal. App. 2d 121, 125 (1945).

*Grijalva* is not instructive with respect to plaintiff's property damage; it considered only the costs and manner of fighting a fire rather than damages for injuries the fire

/////
/////
/////
/////
/////
/////
/////

---

[6] Defendants do not dispute the fire was spotted at approximately 2:24 p.m. Defendants' objections to this evidence are overruled.

[7] Defendants' objections are overruled.

1 | caused to plaintiff's physical property. *Id.* at 1075. The reasoning in *Grijalva* is likewise
2 | inapposite:

3 | [a]pplication of [comparative negligence] would reduce petitioner's recovery based on a judge or jury's finding that
4 | petitioner used unreasonable or inefficient methods to fight the fire. This is precisely the line of argument foreclosed by the
5 | Government Code. The immunity statutes protect . . . fire fighting entities from incurring a financial penalty based on the 'fire
6 | protection service' . . . they provide[ ] or do not provide. . . . The affirmative defense[] of comparative fault . . . therefore cannot be
7 | available in an action to recover fire fighting costs . . . .

8 | *Id.* (citing CAL. GOV'T CODE §§ 850, 850.2, 850.4). Rather, the relevant inquiry is whether
9 | plaintiff exercised the care a reasonable person would exercise in the same circumstances for his
10 | or her own safety. *Gyerman*, 7 Cal. 3d at 500-01 (quotation omitted).

11 |    3.  Failure to Mitigate Damages

12 |    Plaintiff contends defendants' affirmative defense of failure to mitigate damages
13 | fails because it is based on plaintiff's alleged pre-injury conduct. (Mot. at 12-14.) Defendants
14 | concede the "forest mismanagement at issue occurred before the Moonlight Fire"; accordingly,
15 | plaintiff's motion for partial summary judgment is granted as to defendants' failure to mitigate
16 | affirmative defense insofar as it relies on the Forest Service's suppression of forest fires and
17 | related allowance of fuel accumulation.

18 |    Defendants maintain that their failure to mitigate defense is proper insofar as it
19 | relates to the alleged Red Rock Lookout misconduct. (Opp'n at 19.) Defendants also contend
20 | plaintiff failed to mitigate damages by not reasonably salvaging dead timber after the fire had
21 | been extinguished and by conducting fire-suppression in an unreasonable manner. (Opp'n at
22 | 20.)

23 |    "The rule of [mitigation of damages] comes into play after a legal wrong has
24 | occurred, but while some damages may still be averted." *Pool v. City of Oakland*, 42 Cal.3d
25 | 1051, 1066 (1986) (citation omitted) (alteration in original). "A person injured by the wrongful
26 | act of another is bound . . . to exercise reasonable care and diligence to avoid loss or minimize

9

the resulting damages and cannot recover for losses which might have been prevented by reasonable efforts and expenditures on his part." *Valencia v. Shell Oil Co.*, 23 Cal. 2d 840, 844 (1944). "The duty to mitigate damages does not require an injured party to do what is unreasonable or impracticable." *Valle de Oro Bank v. Gamboa*, 26 Cal. App. 4th 1686, 1691 (1994).

The alleged Red Rock Lookout misconduct occurred before the legal wrong occurred; as relates to plaintiff, the legal wrong was the fire's spread to the National Forest lands, not the fire's ignition. (*See* Reply at 8.) Accordingly, this misconduct does not support defendants' failure to mitigate defense.

In contrast, the allegedly inadequate salvage of timber and unreasonable fire suppression occurred after the legal wrong. (Opp'n at 20.) However, plaintiff is immune from this claim insofar as it is based on fire suppression based on the FTCA. (Mot. at 17; Reply at 5.) The FTCA provides: "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C. § 2674.

> The FTCA waives the government's sovereign immunity for tort claims arising out of negligent conduct of government employees acting within the scope of their employment. The government can be sued 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Terbush v. United States*, 516 F.3d 1125, 1128-29 (9th Cir. 2008) (quoting 28 U.S.C. § 1346(b)(1)).

The discretionary function exception to the FTCA "is a qualification on the federal government's general waiver of sovereign immunity for tort claims," *Sutton v. Earles*, 26 F.3d 903, 907 (9th Cir. 1994), and "provides immunity from suit for '[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty

1  on the part of a federal agency or an employee of the Government, whether or not the discretion
2  involved be abused.'" *Terbush*, 516 F.3d at 1129 (quoting 28 U.S.C. § 2680(a)) (internal
3  alterations in original). The Supreme Court has set out a two-step analysis to determine the
4  applicability of the discretionary function exception: first, a court asks whether the challenged
5  actions involve an element of judgment or choice; second, a court asks whether the judgments
6  involve governmental actions or considerations of public policy. *Terbush*, 516 F.3d at 1129
7  (citing *Berkovitz v. United States*, 486 U.S. 531, 536-37 (1988) and *United States v. Gaubert*,
8  499 U.S. 315, 322 (1991)). "The discretionary function exception will not apply when a federal
9  statute, regulation, or policy specifically prescribes a course of action for an employee to
10 follow." *Sutton*, 26 F.3d at 907. Moreover, "[t]o be shielded the judgment must be grounded in
11 social, economic, and political policy." *Id.* Fire suppression clearly involves an element of
12 judgment involving governmental action and considerations of public policy; plaintiff was not
13 under any sort of obligation to suppress the fire, much less suppress the fire in a certain way.
14 *See City and County of San Francisco v. Superior Court*, 160 Cal. App. 3d 837, 842 (1984); *see
15 also Grijalva*, 159 Cal. App. 4th at 1078.
16          With regard to its allegedly inadequate salvage of timber, plaintiff contends
17 defendants have failed to establish a triable issue of fact. (Reply at 10.) Defendants cite to the
18 declaration of their purported expert, Mark Rasmussen, who states that "there were
19 approximately 453 million board feet of fire-killed timber with value that could have been
20 recovered through prompt salvage logging"; "delays in salvaging the fire-killed timber[] will
21 reduce the value recovered" and "increase reforestation costs"; and that "there were delays in
22 salvage logging caused by the United States Forest Service after the Moonlight Fire."
23 (Rasmussen Decl. ¶¶ 2-5, ECF 384-3.) "An affidavit or declaration used to . . . oppose a motion
24 must be made on personal knowledge, set out facts that would be admissible in evidence, and
25 show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P.
26 56(c)(4). The declaration on which defendants rely is conclusory and self-serving; moreover,

1 | Rasmussen does not provide any basis for his alleged personal knowledge. *See Rodriguez v. Airborne Express*, 265 F.3d 890, 902 (9th Cir. 2001) ("This circuit has held that self-serving affidavits are cognizable to establish a genuine issue of material fact so long as they state facts based on personal knowledge and are not too conclusory."). Plaintiff's motion is granted with respect to failure to mitigate damages.

III. CONCLUSION

For the foregoing reasons, plaintiff's motion for partial summary judgment is granted as to recoupment, comparative negligence based on alleged mismanagement of the National Forest lands, and failure to mitigate damages. Plaintiff's motion for partial summary judgment is denied as to comparative negligence based on the alleged conduct of the Red Rock Lookout.

IT IS SO ORDERED.

DATED: June 4, 2012.

_____
UNITED STATES DISTRICT JUDGE