BENJAMIN B. WAGNER
United States Attorney
DAVID T. SHELLEDY
KELLI L. TAYLOR
Assistant U.S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SIERRA PACIFIC INDUSTRIES, INC., *et al.*,<br><br>Defendants. | CASE NO. 2:09-CV-2445 KJM EFB<br><br>UNITED STATES' OPPOSITION TO MOTION TO EXCEED PAGE LIMIT<br><br>DATE: November 21, 2014<br>TIME: 10:00 a.m.<br>CTRM: 3, 15th Floor<br>JUDGE: Hon. Kimberly J. Mueller |
| AND ALL RELATED CROSS-ACTIONS. | |

All documents filed by defendants on October 9, 2014 (ECF # 593) should be stricken based on their violation of the Court's standing orders. Defendants' own filing shows they knew the Court ordered a limit of twenty pages for any dispositive motion. (ECF #593-1 at 2.) They also knew the Court expects strict compliance with the page limit, as it previously struck their over-length summary judgment motions *sua sponte* and required defendants to show cause why sanctions should not be issued. (ECF ##372, 373; *see also* Order of December 1, 2010, striking defendant's declaration and imposing sanctions, ECF #108 (Mendez, J.)). Yet, defendants filed a 100-page memorandum in this long-closed case without obtaining leave. Given this history, defendants' failure to seek advance approval is inexcusable.

Beginning with a "Background" section which itself runs on for twenty-four pages – four more than allowed for the entire filing – defendants' memorandum shows unmistakably that they made no

effort either to comply with the Court's orders or to avoid burdening the Court unnecessarily[1]. In all, eighty-five pages of defendants' now customary scandal mongering precede their "Legal Analysis," which then rehashes for a further fifteen pages a much smaller volume of unsupported allegations and innuendos. There is no argument in the memorandum -- nor could there be -- that pages of discussion devoted to a former Assistant U.S. Attorney's unauthorized disclosure of confidential communications and attorney thought process about *other, unrelated cases* (ECF #593-3 at 20-22) could provide any basis for the relief sought here. Those pages were included solely for the improper purpose of harassment, as defendants betrayed by providing a draft of their salacious filing to the *Sacramento Bee* two days before it was filed.[2] There also is no argument that the requested relief is in any way supported by pages devoted to vague statements by another Assistant U.S. Attorney (*id.* at 22-24) who is deceased and thus cannot defend himself against the implication that (if defendants are believed) he had an improper relationship with their attorneys. Putting their own self-serving statements in the mouth of the departed cannot possibly support defendants' motion. That is classic hearsay.

In sum, at least eighty pages of defendants' memorandum serve no proper purpose. In these circumstances, good cause to exceed the page limit cannot be shown.

Defendants cannot argue that they did not have time to seek leave for their over-length filing. More than two years have passed since this case settled and was dismissed with prejudice (ECF #592),

---

[1] In striking defendants' prior filings, the Court expressly stated: "As is well known, '[t]he court's caseload is substantial and judicial resources are limited;' the court should not be tasked with resolving a dispute 'in which [a party] intentionally and casually breaches court rules.'" (ECF # 372 at 2:13-15, *citing Whitsitt v. Vinotheque Wine Cellars*, 2007 U.S. Dist. LEXIS 59997, at *4 (E.D. Cal. Aug 7, 2007))." In striking defendants' filings, the Court also cited *In re McDonald*, 489 U.S. 180, 184 (1989), *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44-45 (1991), *Leong v. Potter*, 347 F.3d 1117, 1125 (9th Cir. 2003), *Lopez v. Potter*, 370 Fed. Appx. 840 (9th Cir. Mar. 11, 2010), and Eastern District of California Local Rule 110.

[2] The only alternative explanation for this course of events is that defendants believed a newspaper report was somehow necessary to secure a just (or unjust) ruling from this Court.

The filing constitutes a violation of professional responsibility not only because it was made for an improper purpose, but also because defendants' counsel intentionally invaded privilege and procured breaches of the duties of loyalty and confidentiality by former counsel for the United States. This Court previously found defendants' counsel violated the California Rules of Professional Conduct and Local Rule 180 when they engaged in improper *ex parte* contacts with employees of the United States. Order of January 11, 2011 (ECF #124 (Mendez, J.)). Because defendants have now committed repeat violations despite the Court's admonition, the United States may request appropriate remedies in due course.

| | |
|---|---|
| 1 | more than three years since the statements attributed to Eric Overby (ECF #596 at 7:7-13), more than a |
| 2 | year since dismissal of the state court action (ECF #593-3 at 18:20), more than eight months since |
| 3 | defendants began their improper communications with Robert Wright (ECF #593-4 at 14:19-25), and |
| 4 | more than three months since they wrote unauthorized disclosures of privileged material for Wright on |
| 5 | their own stationary (ECF #593-4).  If nothing else, defendants surely could have requested leave to |
| 6 | exceed the page limit when they gave their filing to a newspaper, days before filing it with the Court. |
| 7 | Defendants' filing should therefore be stricken. |

Respectfully submitted,

DATED:  October 14, 2014

BENJAMIN B. WAGNER
United States Attorney

By:     */s/ David T. Shelledy*
DAVID T. SHELLEDY
KELLI L. TAYLOR
Assistant United States Attorneys