UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:09-cv-02445-KJM-EFB |
| Plaintiff, | |
| v. | **ORDER** |
| SIERRA PACIFIC INDUSTRIES, et al., | |
| Defendants. | |

In July 2012, the parties to this action entered into a settlement agreement. See ECF Nos. 577-78, 592. Defendants agreed to pay $55 million to the United States over five years, and Sierra Pacific agreed to transfer 22,500 acres of land through ongoing negotiations. ECF No. 593-3. Thereafter, the Court closed the matter, but retained jurisdiction to enforce the terms of the compromise settlement. Order, ECF No. 592.

On October 9, 2014, Defendant Sierra Pacific Industries ("Sierra Pacific") together with the other named Defendants[1] moved to set aside the judgment in this case for fraud

---

[1] The other named-defendants include Eunice Howell, individually and dba Howell's Forest Harvesting Company ("Howell's"); W.M. Beaty &Associates, Ina (`Beaty") and the following parties (hereinafter collectively "the Landowners"): Ann McKeever Hatch, as Trustee of the Hatch 1987 Revocable Trust; Richard L. Greene, as Trustee of the Hatch Irrevocable Trust; Brooks Walker, Jr., as Trustee of the Brooks Walker, Jr. Revocable Trust, and the Della Walker Van Loben Sels Trust for the Issue of Brooks Walker, Jr.; Brooks Walker, III, Individually and as Trustee of the Clayton Brooks Danielsen Trust, the Myles Walker Danielsen Trust, the Margaret Charlotte Burlock Trust, and the Benjamin Walker Burlock Trust; Leslie Walker, Individually, and as Trustee of the Brooks Thomas Walker Trust, the Susie Kate Walker Trust, and the Della Grace Walker Trust; Wellington Smith Henderson, Jr., as Trustee of the

1

on the Court under Federal Rule of Civil Procedure 60(d)(3) (the "Motion"). Mot., ECF No. 593. Defendants base their Motion on the grounds that the United States' prosecution of this action constituted a fraud upon the Court when the United States attorneys and the Moonlight Fire investigators and their counterparts in co-pending state actions, operating under a joint prosecution agreement with the United States, advanced a corrupt and tainted prosecution, violated Defendants' due process rights, and engaged in investigatory and prosecutorial misconduct.[2] Id. Defendants allege that this misconduct was perpetrated by officers of the Court and ultimately tampered with the administration of justice, in a manner that wronged not only Defendants, but also the Court and the public. Id. According to Defendants, the government's misconduct compromised the judicial process and amounts to an unconscionable scheme designed to improperly influence the Court's decisions in this case.[3] Id. In fact, Defendants state that they perceive the Court itself as a victim "as it has neither had the chance to fully assess the trust it naturally placed in certain federal prosecutors nor the ability to do so in the context of all that was eventually discovered about the thoroughly corrupt and financially driven Moonlight Fire investigation." ECF No. 593-3. Defendants ask that the Court set aside the judgment and the Settlement Agreement and dismiss this action in

---

Henderson Revocable Trust; Elena D. Henderson, Individually; Mark W. Henderson, as Trustee of the Mark W. Henderson Revocable Trust; John C. Walker, Individually, and as Trustee of the Della Walker Van Loben Sels Trust for the Issue of John C. Walker; James A. Henderson, Individually; Charles C. Henderson, as Trustee of the Charles C. and Kirsten Henderson Revocable Trust; Joan H. Henderson, Individually; Jennifer Walker, Individually, and as Trustee of the Emma Walker Silverman Trust, and the Max Walker Silverman Trust; Kirby Walker, Individually; and Lindsey Walker, a.k.a. Lindsey Walker-Silverman, Individually, and as Trustee of the Reilly Hudson Keenan Trust, and the Madison Flanders Keenan Trust.

[2] Specifically, Defendants allege, among other things, that the United States presented false evidence to the Defendants and the Court and/or concealed material evidence from the Defendants and the Court; advanced arguments to the Court premised on that false evidence, or for which material evidence had been withheld, and obtaining Court rulings based thereon; prepared key Moonlight Fire investigators for depositions, and allowed them to repeatedly give false testimony about the most important aspects of their investigation; and failed to disclose the facts and circumstances associated with the Moonlight Fire lead investigator's direct financial interest in the outcome of the investigation arising from an illegal bank account that has since been exposed and terminated. ECF No. 593.

[3] Defendants believe that the circumstances may warrant the appointment of special master. ECF No. 593.

| | |
|---|---|
| 1 | its entirety. ECF No. 593. Defendant's Motion is currently set for hearing before Judge |
| 2 | Kimberly J. Mueller on November 21, 2014. |
| 3 | Based upon facts alleged in the Motion and accompanying Declarations and |
| 4 | Exhibits, the impartiality of the District and Magistrate Judges in the Eastern District |
| 5 | might reasonably be questioned. Therefore, on the Court's own motion and pursuant to |
| 6 | the *Code of Conduct for United States Judge*, Canons 2 and 3, in order to avoid the |
| 7 | appearance of impropriety, and because a judge has a duty to disqualify him or herself if |
| 8 | his or her impartiality could be reasonably questioned, whether or not such impartiality |
| 9 | actually exists, the Court recuses itself from the above-captioned case. See 28 U.S.C. § |
| 10 | 455(a). Accordingly, all District and Magistrate Judges in the Eastern District of |
| 11 | California are RECUSED from hearing case number 2:09-cv-02445 and all related |
| 12 | matters. This matter is REFERRED to Alex Kozinski, Chief Judge of the United States |
| 13 | Ninth Circuit Court of Appeals, for the assignment of a judge other than from the Eastern |
| 14 | District of California to sit by designation and hear case number 2:09-cv-02445 and all |
| 15 | related matters. |
| 16 | IT IS SO ORDERED. |
| 17 | Dated: October 14, 2014 |

[Signature]

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT