1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              No.  2:09-cv-02445-KJM-EFB

12              Plaintiff,

13        v.                                **ORDER**

14   SIERRA PACIFIC INDUSTRIES, et al.,

15              Defendants.

16

17        In July 2012, the parties to this action entered into a settlement agreement.  See

18   ECF Nos. 577-78, 592.  Defendants agreed to pay $55 million to the United States over

19   five years, and Sierra Pacific agreed to transfer 22,500 acres of land through ongoing

20   negotiations.  ECF No. 593-3.  Thereafter, the Court closed the matter, but retained

21   jurisdiction to enforce the terms of the compromise settlement.  Order, ECF No. 592.

22        On October 9, 2014, Defendant Sierra Pacific Industries ("Sierra Pacific") together

23   with the other named Defendants[1] moved to set aside the judgment in this case for fraud

24   _____

25        [1] The other named-defendants include Eunice Howell, individually and dba Howell's Forest
     Harvesting Company ("Howell's"); W.M. Beaty &Associates, Ina (`Beaty") and the following parties
26   (hereinafter collectively "the Landowners"): Ann McKeever Hatch, as Trustee of the Hatch 1987 Revocable
     Trust; Richard L. Greene, as Trustee of the Hatch Irrevocable Trust; Brooks Walker, Jr., as Trustee of the
     Brooks Walker, Jr. Revocable Trust, and the Della Walker Van Loben Sels Trust for the Issue of Brooks
27   Walker, Jr.; Brooks Walker, III, Individually and as Trustee of the Clayton Brooks Danielsen Trust, the
     Myles Walker Danielsen Trust, the Margaret Charlotte Burlock Trust, and the Benjamin Walker Burlock
     Trust; Leslie Walker, Individually, and as Trustee of the Brooks Thomas Walker Trust, the Susie Kate
28   Walker Trust, and the Della Grace Walker Trust; Wellington Smith Henderson, Jr., as Trustee of the

                                              1

on the Court under Federal Rule of Civil Procedure 60(d)(3) (the "Motion").  Mot., ECF
No. 593.  Defendants base their Motion on the grounds that the United States'
prosecution of this action constituted a fraud upon the Court when the United States
attorneys and the Moonlight Fire investigators and their counterparts in co-pending state
actions, operating under a joint prosecution agreement with the United States, advanced
a corrupt and tainted prosecution, violated Defendants' due process rights, and engaged
in investigatory and prosecutorial misconduct.[2]  Id.  Defendants allege that this
misconduct was perpetrated by officers of the Court and ultimately tampered with the
administration of justice, in a manner that wronged not only Defendants, but also the
Court and the public.  Id.  According to Defendants, the government's misconduct
compromised the judicial process and amounts to an unconscionable scheme designed
to improperly influence the Court's decisions in this case.[3]  Id.  In fact, Defendants state
that they perceive the Court itself as a victim "as it has neither had the chance to fully
assess the trust it naturally placed in certain federal prosecutors nor the ability to do so
in the context of all that was eventually discovered about the thoroughly corrupt and
financially driven Moonlight Fire investigation."  ECF No. 593-3.  Defendants ask that the
Court set aside the judgment and the Settlement Agreement and dismiss this action in

---

Henderson Revocable Trust; Elena D. Henderson, Individually; Mark W. Henderson, as Trustee of the
Mark W. Henderson Revocable Trust; John C. Walker, Individually, and as Trustee of the Della Walker
Van Loben Sels Trust for the Issue of John C. Walker; James A. Henderson, Individually; Charles C.
Henderson, as Trustee of the Charles C. and Kirsten Henderson Revocable Trust; Joan H. Henderson,
Individually; Jennifer Walker, Individually, and as Trustee of the Emma Walker Silverman Trust, and the
Max Walker Silverman Trust; Kirby Walker, Individually; and Lindsey Walker, a.k.a. Lindsey Walker-
Silverman, Individually, and as Trustee of the Reilly Hudson Keenan Trust, and the Madison Flanders
Keenan Trust.

[2] Specifically, Defendants allege, among other things, that the United States presented false
evidence to the Defendants and the Court and/or concealed material evidence from the Defendants and
the Court; advanced arguments to the Court premised on that false evidence, or for which material
evidence had been withheld, and obtaining Court rulings based thereon; prepared key Moonlight Fire
investigators for depositions, and allowed them to repeatedly give false testimony about the most
important aspects of their investigation; and failed to disclose the facts and circumstances associated with
the Moonlight Fire lead investigator's direct financial interest in the outcome of the investigation arising
from an illegal bank account that has since been exposed and terminated.  ECF No. 593.

[3] Defendants believe that the circumstances may warrant the appointment of special master.
ECF No. 593.

2

1  its entirety.  ECF No. 593.  Defendant's Motion is currently set for hearing before Judge

2  Kimberly J. Mueller on November 21, 2014.

3       Based upon facts alleged in the Motion and accompanying Declarations and

4  Exhibits, the impartiality of the District and Magistrate Judges in the Eastern District

5  might reasonably be questioned.  Therefore, on the Court's own motion and pursuant to

6  the *Code of Conduct for United States Judge*, Canons 2 and 3, in order to avoid the

7  appearance of impropriety, and because a judge has a duty to disqualify him or herself if

8  his or her impartiality could be reasonably questioned, whether or not such impartiality

9  actually exists, the Court recuses itself from the above-captioned case.  See 28 U.S.C. §

10  455(a).  Accordingly, all District and Magistrate Judges in the Eastern District of

11  California are RECUSED from hearing case number 2:09-cv-02445 and all related

12  matters.  This matter is REFERRED to Alex Kozinski, Chief Judge of the United States

13  Ninth Circuit Court of Appeals, for the assignment of a judge other than from the Eastern

14  District of California to sit by designation and hear case number 2:09-cv-02445 and all

15  related matters.

16       IT IS SO ORDERED.

17  Dated:  October 14, 2014

20  MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT