UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>SIERRA PACIFIC INDUSTRIES, et al.,<br><br>        Defendants, | CIV. NO. 2:09-02445 WBS AC<br><br>ORDER |
|---|---|
| AND ALL RELATED CROSS-ACTIONS. | |

----oo0oo----

On November 24, 2014, the court held a status conference to address defendant Sierra Pacific Industries' ("Sierra Pacific") motion to set aside the July 2012 settlement of this matter pursuant to Federal Rule of Civil Procedure 60(d)(3). The parties were represented by counsel at the conference.

Rule 60(d)(3) provides that a court may "set aside a

1

judgment for fraud on the court" at any time.  Fed. R. Civ. P. 60(d)(3).  The parties agree that, unless Sierra Pacific can show fraud on the court under Rule 60(d)(3), its motion is untimely.  See id. R. 60(b), (c)(1), (d)(3).

As agreed at the conference, before evaluating the merits of Sierra Pacific's accusations, the court will resolve the threshold issue of whether the alleged conduct giving rise to Sierra Pacific's Rule 60(d)(3) motion constitutes "fraud on the court."  The court will therefore require the parties to submit briefs and hear oral argument limited to this threshold issue.

Focused briefing shall be submitted limited to: (1) identifying the test for "fraud on the court" under Rule 60(d)(3) and what Sierra Pacific must prove to seek relief under that subsection; (2) addressing whether, assuming the truth of Sierra Pacific's allegations, each alleged act of misconduct separately or collectively constitutes "fraud on the court" within the meaning of Rule 60(d)(3); and (3) explaining how and when Sierra Pacific discovered the alleged misconduct, specifically identifying whether Sierra Pacific learned of each alleged act before or after the settlement and dismissal of the case.

Sierra Pacific shall file its brief limited to the aforementioned issues no later than January 15, 2015.  The government shall file an opposition limited to these issues no later than February 17, 2015.  Sierra Pacific shall then file a reply similarly limited to the identified issues no later than March 9, 2015.  Oral argument limited to that threshold issue will be heard at 2:00 p.m. on April 6, 2015.  Sierra Pacific's request to reopen discovery is denied without prejudice.

1             The December 15, 2014 hearing on the government's
2  motion to disqualify counsel for defendants is vacated.  For that
3  motion and Sierra Pacific's motion to temporarily stay its
4  obligations under the settlement agreement, the court will not
5  set hearing dates or require briefing until after it resolves the
6  threshold issue of whether Sierra Pacific can seek relief under
7  Rule 60(d)(3).
8             IT IS SO ORDERED.
9  Dated:  November 24, 2014

                                     _____
                                     WILLIAM B. SHUBB
                                     UNITED STATES DISTRICT JUDGE